**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

IBT EMPLOYER GROUP WELFARE FUND, )
LOCAL 295, Individually and on Behalf of All )
Others Similarly Situated, )
                                   )
              Plaintiff, )
                                   )
       vs. )         Case No. 22-cv-2432-EFM-ADM
                                   )
COMPASS MINERALS INTERNATIONAL, )
INC., et al., )
                                   )
             Defendants. )
                                   )

## MEMORANDUM AND ORDER

Plaintiff IBT Employer Group Welfare Fund Local 295 ("Local 295") brought this putative class action under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), alleging violations of the Securities Exchange Act of 1934, 15 U.S.C. §§78j(b) and 78t(a) ("Exchange Act"), and rules promulgated thereunder.   This matter is now before the court on Retail Wholesale Department Store Union Local 338 Retirement Fund's ("Local 338") Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel.   (ECF 5.)   For the reasons discussed below, the motion is granted.

## I.      BACKGROUND

Local 295 filed this action on October 21, 2022, individually and on behalf of all others similarly situated, alleging that defendants Compass Minerals International, Inc. ("Compass Minerals"); its former Chief Executive Officer, Francis J. Malecha; its former Chief Financial Officer, James D. Standen; and its former Senior Vice President, Anthony J. Sepich (collectively, "defendants") defrauded investors who purchased Compass Minerals common stock between

October 31, 2017, and November 18, 2018 ("the class period").   (ECF 1.)   Compass Minerals is a publicly traded company that mines and produces minerals, including salt for deicing roadways. The complaint alleges that Compass Minerals operates the largest underground rock salt mine in the world in Goderich, Onterio, Canada.   (*Id.* ¶ 3.)   Before the start of the class period, Compass Minerals announced it was investing in upgrades to the Goderich mine, which it forecasted would save the company approximately $30 million annually beginning in 2018.   (*Id.*)

Beginning in October 2017 and continuing throughout the class period, defendants repeatedly assured investors that the mine upgrades were on track to materially reduce costs and boost Compass Minerals' operating results starting in 2018.   (*Id.* ¶ 4.)   But, Local 295 alleges, defendants failed to tell investors that costs at the Goderich mine were actually increasing, not decreasing, and defendants over-represented the mine's salt-production amounts.   (*Id.*)   In defendants' statements discussing Compass Minerals' disappointing financial results (*i.e.*, for the fourth quarter of fiscal 2017 and the first three quarters of fiscal 2018), defendants blamed the results on a one-time ceiling collapse, various cost overruns, and lower production rates.   Local 295 alleges that these statements were false and misleading, and that the true causes of Compass Minerals' lower-than-expected earnings statements were "defendants' concealment of and misrepresentations concerning the true costs associated with the . . . upgrade, the [mine's] ability to produce salt targets, and the Company's annual salt production capacity."   (*Id.* ¶ 31.)   Local 295 claims that defendants' conduct and false and misleading statements artificially inflated the price of Compass Minerals stock and operated as a fraud on class-period purchasers who were injured when the value of the stock "fell precipitously."   (*Id.* ¶ 32.)

The same day that Local 295 filed the complaint, its counsel caused a notice to be published in *Business Wire*, a national business-oriented wire service, titled "CMP INVESTOR ALERT:

2

Robbins Geller Rudman & Dowd LLP Files Class Action Lawsuit Against Compass Minerals International, Inc. and Announces Opportunity for Investors with Substantial Losses to Lead Case." (ECF 6-2, at 2.) The notice informed investors of the lawsuit and class allegations therein, explained the PSLRA's process for appointment of lead plaintiff, and advised that "**Lead plaintiff motions for the *Compass Minerals* class action lawsuit must be filed with the court no later than December 20, 2022.**" (*Id.* (emphasis in original).)

On December 20, 2022, Local 338 filed the current Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel (ECF 5), along with its memorandum and exhibits in support (ECF 6). Neither defendants nor any potential class member has filed a response to the motion, and no other potential class member has filed a motion for appointment as lead plaintiff.

## II.    DISCUSSION

The PSLRA "mandates a number of steps be taken by the court and counsel in the early stages" of proceedings brought under the Exchange Act. *In re Sprint Corp. Sec. Litig.*, 164 F. Supp. 2d 1240, 1243 (D. Kan. 2001). First, it requires the plaintiff to "cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class" of the action and the opportunity to move the court to serve as lead plaintiff of the purported class. 15 U.S.C. § 78u-4(a)(3)(A)(i). Next, it directs the court to "consider any motion made by a purported class member in response to the notice, including any motion by a class member who is not individually named as a plaintiff in the complaint or complaints," and to appoint a lead plaintiff within 90 days of the notice. *Id.* § 78u-4(a)(3)(B)(i). Finally, the appointed lead plaintiff must "select and retain counsel to represent the class," and seek court approval of selected counsel. *Id.* § 78u-4(a)(3)(B)(v).

As noted above, Local 295 timely published notice of this action in *Business Wire*, thereby satisfying the PSLRA notice requirement. *See In re Sprint Corp. Sec. Litig.*, 164 F. Supp. 2d at 1242 (finding notice published in *Business Wire* sufficient under the PSLRA). The court now considers Local 338's motion for appointment as lead plaintiff and for approval of its selected counsel.

### A.   Appointment of Lead Plaintiff

The PSLRA instructs the court to appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). It creates a rebuttable presumption that the "most adequate plaintiff" is the person or group that: "(aa) has either filed the complaint or made a motion in response to a notice . . . (bb) has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). *See also In re Bard Assocs., Inc.*, No. 09-6243, 2009 WL 4350780, at *2 (10th Cir. Dec. 2, 2009) ("The 'most capable' plaintiff— and hence the lead plaintiff—is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23."). This presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that renders such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).

Local 338 has satisfied the first element of the presumption by filing the motion for appointment as lead plaintiff.

As to the second element, Local 338 asserts it has the largest financial interest in the case's outcome because it purchased the greatest number of Compass Minerals common stock shares during the class period.   It certifies, via its Chairman's declaration, that it purchased 6,725 shares at artificially inflated prices and, as a result of defendants' misconduct, has lost $127,918.   (ECF 6-3, 6-4.)   Local 338 further submits that, to its counsel's knowledge, this loss represents the largest financial relief sought by any member of the purported class.   (ECF 6, at 5.)   "With no showing to the contrary on record, [Local 338's] showing is sufficient for satisfaction of the financial interest element."   *In re Sprint Corp. Sec. Litig.*, 164 F. Supp. 2d at 1243; *see also Saee v. Enservco Corp.*, No. 22-1267-DDD-STV, 2022 WL 3681988, at *3 (D. Colo. Aug. 25, 2022) ("Having no opposition to this assertion, nor argument that another individual has the largest financial interest, the Court finds that Mr. Lambert has satisfied the largest financial interest requirement.").

Finally, considering Rule 23, "only two of the four requirements of Rule 23(a)—typicality and adequacy—impact the analysis of the Lead Plaintiff issue."   *Saee,* 2022 WL 3681988, at *2; *see also In re Sprint Corp. Sec. Litig.*, 164 F. Supp. 2d at 1243 n.5 (noting that only "Rule 23's factors of typicality and adequacy are relevant when considering the personal characteristics of a particular representative plaintiff"); *In re Molson Coors Brewing Co. Sec. Litig.*,   Nos. 19-cv-00455-DME-MEH & 19-cv-00514-DME-MEH, 2019 WL 103016391, at *2 (D. Colo. Oct. 3, 2019) ("In deciding a motion to appoint lead plaintiff, courts generally limit their inquiry under Rule 23 to the typicality and adequacy prongs.").   Thus, to sue as a class representative, Local 338 must demonstrate that "the claims or defenses of the representative party are typical of the claims or defenses of the class" and that "the representative party will fairly and adequately protect

the interests of the class."[1]  Fed. R. Civ. P. 23(a).  "A prima facie showing that the movant satisfies these requirements is sufficient to determine a Lead Plaintiff."  *Saee,* 2022 WL 3681988, at *3.

Local 338 asserts that its claims are typical of those of the class.  "Typicality exists where the injury and the conduct are sufficiently similar."  *In re Sprint Corp. Sec. Litig.*, 164 F. Supp. 2d at 1243 (quoting *In re Ribozyme Pharm., Inc. Sec. Litig.,* 192 F.R.D. 656, 658 (D. Colo. 2000)). "[D]iffering fact situations of class members do not defeat typicality under Rule 23(a)(3) so long as the claims of the class representative and class members are based on the same legal or remedial theory."  *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir.1988) (citing *Milonas v. Williams*, 691 F.2d 931, 938 (10th Cir. 1982)).   The claims of Local 338 are typical of the class because, like all members of the proposed class, Local 338: (1) purchased Compass Minerals common stock during the class period, (2) at allegedly artificially inflated prices caused by defendants' alleged conduct and misrepresentations; and (3) allegedly suffered harm.  Local 338 seeks the same relief and advances the same legal theories as the other class members.  Local 338's claims are therefore typical of the claims of the class because they are based on the same legal theories and arise from the same events as the claims of other class members.

Likewise, the court has no difficulty in finding that Local 338 will "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  This factor is satisfied where (1) class members do not have interests that are antagonistic to one another, and (2) the proposed lead

---

[1]  Before the court may certify a class, Rule 23(a) also requires a showing that "the class is so numerous that joinder of all members is impracticable" and that "there are questions of law or fact common to the class."   But these two remaining factors are "reserved for consideration when the court addresses the issue of class certification." *In re Sprint Corp. Sec. Litig.*, 164 F. Supp. 2d at 1243 n.5.

plaintiff and its counsel will vigorously prosecute the action on behalf of the class. *See In re Sprint Corp. Sec. Litig.,* 164 F. Supp. 2d at 1244.   The court is unaware of any possible conflict with members of the class that would impede Local 338's representation.   Local 338 is an institutional investor that provides benefits to more than 18,000 retirees in a variety of industries (*see* ECF 6, at 7), and as such is likely to represent the interests of all absent class members.   *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.,* 551 U.S. 308, 320–21, (2007) (noting that the PSLRA's lead-plaintiff provision is "aimed to increase the likelihood that institutional investors—parties more likely to balance the interests of the class with the long-term interests of the company— would serve as lead plaintiffs"); *In re Cendant Corp. Litig.,* 264 F.3d 201, 273 (3d Cir. 2001) ("Both the Conference Committee Report and the Senate Report [of the PSLRA] state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members.").   Moreover, the court does not question the qualification, experience, or ability of its selected counsel to vigorously and competently advance this complex litigation.   Therefore, the court finds that Local 338 satisfies the dictates of Rule 23 for appointment purposes.

Having met all three elements of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), Local 338 is entitled to the presumption of "most adequate plaintiff" under the PSLRA.   With no evidence before the court that rebuts the presumption, the court is persuaded that Local 338 is the most adequate plaintiff.   *See Saee,* 2022 WL 3681988, at *3 (appointing lead plaintiff where no party attempted to rebut the presumption under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)); *In re Sprint Corp. Sec. Litig.,* 164 F. Supp. 2d at 1244 (same).   Local 338's motion to appoint it lead plaintiff is granted.

B.    **Approval of Lead Counsel**

As set forth above, the lead plaintiff selects counsel to represent the class.  15 U.S.C. § 78u-4(a)(3)(B)(v).  "[T]he court should generally employ a deferential standard in reviewing the lead plaintiff's choices."  *In re Cendant Corp. Litig.*, 264 F.3d at 274.  "The Court will only disturb the lead plaintiff's choice of counsel when necessary to fairly and adequately protect the interests of the class.'"  *In re Molson*,  2019  WL  103016391,  at  *2  (quoting  U.S.C. § 78u 4(a)(3)(B)(iii)(II)).

The court has determined that Local 338 is the most adequate plaintiff under the PSLRA, and Local 338 has selected the firms of Kirby McInerney LLP ("Kirby McInerney") and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") to represent the class (presumably with law firm Stueve Siegel Hanson LLP, which filed the briefs, serving as local counsel).   Neither Local 295 nor any other putative class member has made any argument that Local 338's chosen counsel is not sufficiently experienced or proficient, or otherwise suggested that Local 338 should not have its counsel approved if appointed lead plaintiff.   The court has reviewed the firms' respective resumes.  (ECF 6-5, 6-6.)   The court finds these firms have substantial experience litigating complex securities class actions, including in the Tenth Circuit and the District of Kansas, and are well qualified to serve as co-lead counsel.  *See, e.g., Yellowdog Partners, LP v. CURO Grp. Holdings Corp.*, No. 18-2662-JWL, 2019 WL 1171695, at *6 (D. Kan. Mar. 13, 2019) (approving appointment of Robbins Geller as lead counsel in PSLRA action); *Anderson v. Spirit Aerosystems Holdings, Inc.*, No. 13-2261-EFM, ECF 41 (D. Kan. filed Feb. 5, 2014) (appointing Robbins Geller as co-lead counsel); *Bennett v. Sprint Nextel Corp.,* No. 09-2122-EFM, 2011 WL 43087, at *1 (D. Kan. Jan. 6, 2011) (noting Robbins Geller as co-lead counsel in securities class action); *Dronsejko v. Thornton*, 632 F.3d 658, 661 (10th Cir. 2011) (noting Kirby McInerny as lead class counsel in

8

securities action).   The court therefore approves Local 338's selection of co-lead counsel and grants its motion in this regard.

      **IT IS THEREFORE ORDERED** that Local 338's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel (ECF 5) is granted.

      **IT IS FURTHER ORDERED** that Local 338 is **APPOINTED** as lead plaintiff.

      **IT IS FURTHER ORDERED** that the firms of Kirby McInerney and Robbins Geller are **APPROVED** as co-lead counsel.

      Dated January 11, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge