UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

LOCAL 295 IBT EMPLOYER GROUP
WELFARE FUND, Individually and on
Behalf of All Others Similarly Situated,

          Plaintiff,

        v.

COMPASS MINERALS
INTERNATIONAL, INC., FRANCIS J.
MALECHA, JAMES D.  STANDEN, and
ANTHONY J. SEPICH,

          Defendants.

Case No. 2:22-cv-02432-EFM-ADM

CLASS ACTION

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO STRIKE AND MOTION TO DISMISS THE AMENDED COMPLAINT**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........................................................................................... ii

I.    The Amended Complaint's Exclusive Reliance
      On The SEC Order Is Improper Even Under
      The Authorities Cited In The Opposition ................................................................ 1

II.   The Opposition's Scienter Arguments
      Must Be Rejected .................................................................................................... 5

III.  The Opposition Confirms That Plaintiffs
      Have Not Sufficiently Pled Falsity ....................................................................... 11

IV.   The Opposition Concedes That The Amended
      Complaint's Allegations Must Be Considered
      Separately For Each Individual Defendant ........................................................... 18

V.    Plaintiffs' Arguments Fail To Rescue Their
      Time-Barred Claims .............................................................................................. 19

CONCLUSION ............................................................................................................. 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abadilla v. Percigen, Inc.*,
2022 WL 1750033 (N.D. Cal. May 31, 2022) .................................................................... 2

*Abady v. Lipocine Inc.*,
2023 WL 2938210 (D. Utah Apr. 13, 2023) ...................................................................... 14

*Adams v. Kinder-Morgan, Inc.*,
340 F.3d 1083 (10th Cir. 2003) ........................................................................................ 12

*Amorosa v. Gen. Elec. Co.*,
2022 WL 3577838 (S.D.N.Y. Aug. 19, 2022) ................................................................. 3-5

*Anderson v. Spirit AeroSystems Holdings, Inc.*,
827 F.3d 1229 (10th Cir. 2016) ...................................................................................... 9, 11

*Ass'n of N.J. Chiropractors v. Data iSight, Inc.*,
2022 WL 4483596 (D.N.J. Sept. 27, 2022) ....................................................................... 4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......................................................................................................... 19

*Boykin v. K12, Inc.*,
54 F.4th 175 (4th Cir. 2022) ............................................................................................. 15

*Burton v. Jordan Sch. Dist.*,
2017 WL 4022414 (D. Utah Sept. 12, 2017) .................................................................... 19

*Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp.*,
394 F.3d 126 (3d Cir. 2004) ............................................................................................... 7

*Citizens for Const. Integrity v. United States*,
57 F.4th 750 (10th Cir. 2023) ............................................................................................. 4

*City of N. Mia. Beach Police Officers' & Firefighters'*
*Ret. Plan v. Nat'l Gen. Holdings Corp.*,
2021 WL 212337 (S.D.N.Y. Jan. 21, 2021) .................................................................... 2-3

*City of Phila. v. Fleming Cos., Inc.*,
264 F.3d 1245 (10th Cir. 2001) ...................................................................... 6, 8

*City of Taylor Police & Fire Ret. Sys. v. Zebra Techs. Corp.*,
8 F.4th 592 (7th Cir. 2021) ............................................................................. 11

*Constr. Laborers Pension Tr. for S. Cal. v. CBS Corp.*,
433 F. Supp. 3d 515 (S.D.N.Y. 2020)............................................................. 18

*Dau v. Cephalon Inc.*,
2000 WL 1469308 (E.D. Pa. Sept. 25, 2000) ................................................ 2

*Dorfman v. Griffin*,
2021 WL 1209734 (D. Kan. Mar. 31, 2021) .................................................. 9

*Elec. Workers Pension Fund, Loc. 103, I.B.E.W. v. HP Inc.*,
2021 WL 4199273 (N.D. Cal. Sept. 15, 2021) ............................................... 6

*Elliot v. China Green Agric., Inc.*,
2012 WL 5398863 (D. Nev. Nov. 2, 2012) .................................................... 4

*Fraker v. Bayer Corp.*,
2009 WL 5865687 (E.D. Cal. Oct. 6, 2009) ................................................... 4

*Franchi v. SmileDirectClub, Inc.*,
633 F. Supp. 3d 1046 (M.D. Tenn. 2022)........................................................ 17

*Francois v. Victory Auto Grp. LLC*,
2023 WL 373250 (S.D.N.Y. Jan. 24, 2023) ................................................... 2

*Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt. LLC*,
376 F. Supp. 2d 385 (S.D.N.Y. 2005)............................................................. 2

*Fries v. N. Oil & Gas, Inc.*,
285 F. Supp. 3d 706 (S.D.N.Y. 2018).............................................................. 5

*Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.*,
63 F.4th 747 (9th Cir. 2023) ........................................................................... 12

*Glazer Capital Mgmt., LP v. Magistri*,
549 F.3d 736 (9th Cir. 2008) .......................................................................... 9

*Graves v. Downey Sav. & Loan Ass'n*,
2009 WL 3335335 (N.D. Cal. Oct. 14, 2009).................................................. 19

*Gray v. Wesco Aircraft Holdings, Inc.*,
454 F. Supp. 3d 366 (S.D.N.Y. 2020), *aff'd*, 847 F. App'x 35 (2d Cir. 2021)................... 13

*Hampton v. root9B Techs., Inc.*,
897 F.3d 1291 (10th Cir. 2018) ........................................................................ 15

*Heiner v. Watford*,
2022 WL 18777077 (D. Colo. Nov. 21, 2022) ................................................... 20

*Hull v. Glob. Digit. Sols., Inc.*,
2017 WL 6493148 (D.N.J. Dec. 19, 2017)......................................................... 1-2

*In re Bear Stearns Mortg. Pass-Through Certificates Litig.*,
851 F. Supp. 2d 746 (S.D.N.Y. 2012)................................................................ 2-3

*In re Ceridian Corp. Sec. Litig.*,
542 F.3d 240 (8th Cir. 2008) ........................................................................... 5

*In re Connetics Corp. Sec. Litig.*,
542 F. Supp. 2d 996 (N.D. Cal. 2008) ............................................................. 4

*In re Fannie Mae 2008 Sec. Litig.*,
891 F. Supp. 2d 458 (S.D.N.Y. 2012)................................................................ 3

*In re Gold Res. Corp. Sec. Litig.*,
776 F.3d 1103 (10th Cir. 2015) ....................................................................... 20

*In re Karagianis*,
2009 WL 4738188 (Bankr. D.N.H. Dec. 4, 2009)............................................... 4

*In re MGP Ingredients, Inc. Sec. Litig.*,
2021 WL 3885655 (D. Kan. Aug. 31, 2021) ...................................................... 11

*In re Mylan N.V. Sec. Litig.*,
2023 WL 3539371 (W.D. Pa. May 18, 2023)...................................................... 3

*In re Mylan N.V. Sec. Litig.*,
379 F. Supp. 3d 198 (S.D.N.Y. 2019)............................................................... 3

*In re Overstock Sec. Litig.*,
2021 WL 4267920 (D. Utah Sept. 20, 2021)...................................................... 18

*In re Silicon Graphics Inc. Sec. Litig.*,
183 F.3d 970 (9th Cir. 1999) ........................................................................... 7

*In re Target Corp. Sec. Litig.*,
275 F. Supp. 3d 1063 (D. Minn. 2017) ................................................................. 17

*In re Teva Secs. Litig.*,
2023 WL 3186407 (D. Conn. May 1, 2023) ........................................................... 3

*In re Under Armour Sec. Litig.*,
540 F. Supp. 3d 513 (D. Md. 2021) .................................................................... 1, 5

*In re VeriFone Holdings, Inc. Sec. Litig.*,
704 F.3d 694 (9th Cir. 2012) ................................................................................. 5

*In re Williams Sec. Litig.*,
339 F. Supp. 2d 1206 (N.D. Okla. 2003) ............................................................. 13

*In re Zagg, Inc. Sec. Litig.*,
797 F.3d 1194 (10th Cir. 2015) .......................................................................... 6-7

*Ind. Pub. Ret. Sys. v. Pluralsight, Inc.*,
45 F.4th 1236 (10th Cir. 2022) ........................................................... 9, 14-15, 17

*Kleinman v. Elan Corp., plc*,
 706 F.3d 145 (2d Cir. 2013) ............................................................................... 15

*Krstevski v. Welsh*,
2016 WL 4532095 (D. Utah Aug. 29, 2016) ....................................................... 12

*Lamartina v. VMware, Inc.*,
2023 WL 2763541 (N.D. Cal. Mar. 31, 2023)....................................................... 5

*LL Funds LLC v. Wells Fargo Bank, N.A.*,
133 F. Supp. 3d 1203 (D.S.D. 2015) .................................................................... 2

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
797 F.3d 160 (2d Cir. 2015)................................................................................... 4

*Luczak v. Nat'l Beverage Corp.*,
400 F. Supp. 3d 1318 (S.D. Fla. 2019), *rev'd in part on other grounds*,
812 F. App'x 915 (11th Cir. 2020) ........................................................................ 4

*Meitav Dash Provident Funds & Pension Ltd. v. Spirit AeroSystems
Holdings, Inc.*,
__ F.4th __, 2023 WL 5347887 (10th Cir. Aug. 21, 2023) ............................. 8-10

*Menora Mivtachim Ins. Ltd. v. Int'l Flavors & Fragrances Inc.*,
2021 WL 1199035 (S.D.N.Y. Mar. 30, 2021), *aff'd sub nom.*
*Menora Mivtachim Ins. Ltd. v. Frutarom Indus. Ltd.*, 54 F.4th 82 (2d Cir. 2022)............. 2

*MHC Mut. Conversion Fund, L.P. v. Sandler O'Neill & Partners, L.P.*,
761 F.3d 1109 (10th Cir. 2014) ........................................................................................ 14

*Misner v. Potter*,
2008 WL 410128 (D. Utah Feb. 12, 2008) ........................................................................ 10, 17

*N. Collier Fire Control & Rescue Dist. Firefighter Pension Plan*
 *& Plymouth Cnty. Ret. Ass'n v. MDC Partners, Inc.*,
2016 WL 5794774 (S.D.N.Y. Sept. 30, 2016) ................................................................... 2

*Nakkhumpun v. Taylor*,
782 F.3d 1142 (10th Cir. 2015) ........................................................................................ 16

*Nardy v. Chipotle Mex. Grill, Inc.*,
2019 WL 3297467 (D. Colo. Mar. 29, 2019) .................................................................... 17

*Nguyen v. Endologix, Inc.*,
962 F.3d 405 (9th Cir. 2020) ............................................................................................ 10-11

*Okla. Firefighters Pension & Ret. Sys. v. Six Flags Ent. Corp.*,
58 F.4th 195 (5th Cir 2023) .............................................................................................. 7-8

*Okla. Law Enforcement Ret. Sys. v. Papa John's Int'l, Inc.*,
444 F. Supp. 3d 550 (S.D.N.Y. 2020) ............................................................................... 18

*Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*,
575 U.S. 175 (2015) .......................................................................................................... 15

*Padilla v. Winger*,
2012 WL 1379228 (D. Utah Apr. 20, 2012) ..................................................................... 20

*Rains v. Zale Corp.*,
2011 WL 3331213 (N.D. Tex. Aug. 1, 2011) .................................................................... 5

*Roaring Fork Cap. SBIC, L.P. v. ATC Healthcare, Inc.*,
2011 WL 1258504 (D. Colo. Mar. 29, 2011) ................................................................... 20

*Sanfo v. Avondale Care Grp., LLC*,
2022 WL 3448100 (S.D.N.Y. Aug. 17, 2022) ................................................................... 2

*Saraf v. Ebix, Inc.*,
2023 WL 4561655 (S.D.N.Y. July 17, 2023) ........................................................................ 5

*Se. Pa. Transp. Auth. v. Orrstown Fin. Servs., Inc.*,
2016 WL 7117455 (M.D. Pa. Dec. 7, 2016) ......................................................................... 2

*Sjunde AP-Fonden v. Gen. Elec. Co.*,
2021 WL 311003 (S.D.N.Y. Jan. 29, 2021) ......................................................................... 6

*Slater v. A.G. Edwards & Sons, Inc.*,
719 F.3d 1190 (10th Cir. 2013) ......................................................................... 15

*Strougo v. Barclays PLC*,
105 F. Supp. 3d 330 (S.D.N.Y. 2015) ......................................................................... 3

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007) ......................................................................... 10

*Thant v. Karyopharm Therapeutics Inc.*,
43 F.4th 214 (1st Cir. 2022) ......................................................................... 15

*Union Cent. Life Ins. Co. v. Credit Suisse Sec. (USA), LLC*,
2013 WL 1342529 (S.D.N.Y. Mar. 29, 2013) ......................................................................... 2

*Utesch v. Lannett Co., Inc.*,
385 F. Supp. 3d 408 (E.D. Pa. 2019) ......................................................................... 3

*Vanleeuween v. Kenyuan Petrochemicals, Inc.*,
2014 WL 3891351 (S.D.N.Y. Aug. 8, 2014) ......................................................................... 3

*Wood v. Milyard*,
721 F.3d 1190 (10th Cir. 2013) ......................................................................... 2

*York Cnty. on Behalf of Cnty. of York Ret. Fund v. HP, Inc.*,
65 F.4th 459 (9th Cir. 2023) ......................................................................... 20

*Zhou v. NextCure, Inc.*,
2023 WL 4493541 (S.D.N.Y. July 12, 2023) ......................................................................... 2

## Statute

15 U.S.C. § 78u-5(c)(1)(A)(i) ......................................................................... 13

**Other Authority**

17 C.F.R. § 229.303(a)(3)(ii) ............................................................................................    17-18

The Opposition does not deny that all of the substantive factual allegations in the Amended Complaint are copied wholesale from the SEC Order, or that sustaining Plaintiffs' fraud claims would require the Court to accept that the SEC Order's high-level summary of its non-fraud theory sets forth particularized facts raising a strong inference of scienter.[1]  Instead, the Opposition merely repeats those unproven allegations at an even higher level, Opp'n at 1-2, before repeating them again, *id.* at 3-10, while asserting that they "are properly drawn from" the SEC Order and "speak for themselves" in establishing that Defendants committed fraud.  *Id.* at 2. These arguments fail, as the very authorities cited in the Opposition hold that Plaintiffs cannot rely exclusively on the SEC Order as the sole factual basis for its claims, such unparticularized allegations do not satisfy the applicable heightened pleading standards, and any claim here is time-barred.  Accordingly, the Opposition confirms that the allegations copied from the SEC Order should be stricken and the Amended Complaint should be dismissed with prejudice.

## I. **The Amended Complaint's Exclusive Reliance On The SEC Order Is Improper Even Under The Authorities Cited In The Opposition**

Unable to dispute that the Amended Complaint's allegations of wrongdoing are copied nearly verbatim from the SEC Order, MTD Ex. A, the Opposition instead presents repetitive footnotes citing a self-referencing set of cases for the proposition that the "weight of authority" purportedly allows Plaintiffs to do so.  Opp'n at 12-16 & nn. 7-9, 11, 13.  But this argument fails, as Plaintiffs' exclusive reliance on the SEC Order is improper even under the cases they cite.

As an initial matter, in many of Plaintiffs' cases the defendants themselves relied on the regulatory order or did not challenge the plaintiff's reliance on it,[2] meaning they provide no

---

[1] Unless otherwise indicated, all capitalized terms are as defined in Defendants' memorandum in support of their motion to dismiss, ECF No. 27 (the "Motion to Dismiss" or "MTD").  The "Opposition" or "Opp'n" refers to Plaintiffs' memorandum in opposition to Defendants' Motion to Dismiss, ECF No. 35.

[2] *See In re Under Armour Sec. Litig.*, 540 F. Supp. 3d 513, 521-22 (D. Md. 2021) (no apparent opposition); *Hull v. Glob. Digit. Sols., Inc.*, 2017 WL 6493148, at *5 & n.13 (D.N.J. Dec. 19, 2017) (same, and defendants "admitted the

support for rejecting Defendants' arguments here.  *See Wood v. Milyard*, 721 F.3d 1190, 1194 (10th Cir. 2013) ("[Q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.").  In others, the courts considered the copied allegations only for limited purposes or permitted them because they were far more detailed than the conclusory ones here.[3]  The remainder reflect at most a split of authority on whether plaintiffs can rely *in part* on such materials to supplement their own allegations, with Plaintiffs ignoring the wealth of decisions holding that they cannot.  *See* MTD at 10-12.[4]

However, the Court need not pick a side among these conflicting authorities because none of the cases cited by Plaintiffs authorize their exclusive, wholesale reliance on the unproven allegations in the SEC Order.  Instead, those cases involved a limited number of allegations drawn from other sources, which provided further support for other independent allegations and

---

allegations were true"); *Se. Pa. Transp. Auth. v. Orrstown Fin. Servs., Inc.*, 2016 WL 7117455, at *3, *6 (M.D. Pa. Dec. 7, 2016) (defendants submitted SEC order and "do not challenge the propriety of the Court taking judicial notice of [it]"); *Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt. LLC*, 376 F. Supp. 2d 385, 395 (S.D.N.Y. 2005) (no apparent opposition); *Dau v. Cephalon Inc.*, 2000 WL 1469308, at *1 (E.D. Pa. Sept. 25, 2000) (same, and defendants argued case should be dismissed because of disgorgement from SEC action).

[3] *See Abadilla v. Percigen, Inc.*, 2022 WL 1750033, at *5 (N.D. Cal. May 31, 2022) (permitting citation to SEC order to plead falsity while distinguishing case preventing the citation of such orders to plead scienter); *City of N. Mia. Beach Police Officers' & Firefighters' Ret. Plan v. Nat'l Gen. Holdings Corp.*, 2021 WL 212337, at *5 & n.4 (S.D.N.Y. Jan. 21, 2021) (consent order concerned "a non-party" and therefore "evidentiary concerns . . . do not apply"); *GSAA Home Equity Tr. 2006-2 ex rel. LL Funds LLC v. Wells Fargo Bank, N.A.*, 133 F. Supp. 3d 1203, 1219 & n.3 (D.S.D. 2015) (permitting references where complaint "is not relying on the Consent Order to prove . . . that the facts alleged in the Consent Order did, in fact, occur," and "disregard[ing]" paragraph alleging regulator "found that [defendant] engaged in [] misconduct"); *Union Cent. Life Ins. Co. v. Credit Suisse Sec. (USA), LLC*, 2013 WL 1342529, at *5 n.8 (S.D.N.Y. Mar. 29, 2013) (allegations from other sources "must be allegations of fact"); *In re Bear Stearns Mortg. Pass-Through Certificates Litig.*, 851 F. Supp. 2d 746, 768 n.24 (S.D.N.Y. 2012) (permitting citation to "detailed study" in another complaint).

[4] *See also Zhou v. NextCure, Inc.*, 2023 WL 4493541, at *11 (S.D.N.Y. July 12, 2023) (case law is "clear" rejecting such allegations); *Francois v. Victory Auto Grp. LLC*, 2023 WL 373250, at *5 (S.D.N.Y. Jan. 24, 2023) (courts "routinely" strike allegations from other actions); *Sanfo v. Avondale Care Grp., LLC*, 2022 WL 3448100, at *6 (S.D.N.Y. Aug. 17, 2022) (it is "well settled" that such allegations should be stricken); *Menora Mivtachim Ins. Ltd. v. Int'l Flavors & Fragrances Inc.*, 2021 WL 1199035, at *12 (S.D.N.Y. Mar. 30, 2021), *aff'd sub nom. Menora Mivtachim Ins. Ltd. v. Frutarom Indus. Ltd.*, 54 F.4th 82 (2d Cir. 2022) (the "prevailing view" is to disregard copied allegations); *N. Collier Fire Control & Rescue Dist. Firefighter Pension Plan & Plymouth Cnty. Ret. Ass'n v. MDC Partners, Inc.*, 2016 WL 5794774, at *8 (S.D.N.Y. Sept. 30, 2016) (courts "generally" strike "parroted allegations").

2

were often verified by the plaintiffs.[5]  In fact, some of those cases explicitly denied motions to strike because the complaint would state a claim even without the copied allegations.[6]  The cited cases are therefore inapposite here, where Plaintiffs do not present a single allegation of wrongdoing independent of those copied from the SEC Order, or otherwise describe any attempt to verify the SEC's allegations.  *See* MTD at 10.  To the contrary, Plaintiffs' approach to exclusively relying on allegations made in the SEC Order is inappropriate even under the authorities cited by Plaintiffs.  *See In re Teva Secs. Litig.*, 2023 WL 3186407, at *26 (D. Conn. May 1, 2023) (accepting copied allegations confirmed by plaintiff, and distinguishing from case where plaintiff "verified none of what he copied, and raised barely any new factual allegations"); *Utesch v. Lannett Co., Inc.*, 385 F. Supp. 3d 408, 419 n.7 (E.D. Pa. 2019) (accepting borrowed allegations because "[t]he Complaint does not merely [] Xerox the State AG complaint").

Plaintiffs' other attempts to defend their exclusive reliance on the SEC Order likewise fail.  Plaintiffs' apparent contention that they conducted an adequate investigation by reviewing "Compass' SEC filings, press releases, analyst and media reports" in addition to the SEC Order, Opp'n at 15, is inadequate because none of those sources are actually cited as support for the substantive factual allegations of wrongdoing in the Amended Complaint.  *See Amorosa v. Gen. Elec. Co.*, 2022 WL 3577838, at *2 (S.D.N.Y. Aug. 19, 2022) (finding reliance on SEC order

---

[5] *See In re Mylan N.V. Sec. Litig.*, 2023 WL 3539371, at *8 n.3 (W.D. Pa. May 18, 2023) (copied allegations were supported by "voluminous allegations" that "reference witness interviews and specific documents"); *In re Teva Secs. Litig.*, 2023 WL 3186407, at *26 (D. Conn. May 1, 2023) (counsel "*did* investigate the complaints upon which they relied"); *In re Mylan N.V. Sec. Litig.*, 379 F. Supp. 3d 198, 215 (S.D.N.Y. 2019) (allegations "were verified by Plaintiffs' counsel in this case"); *Strougo v. Barclays PLC*, 105 F. Supp. 3d 330, 343 (S.D.N.Y. 2015) ("counsel for plaintiffs have indicated that they have reached out to attorneys at the NYAG to verify the allegations"); *Vanleeuween v. Kenyuan Petrochemicals, Inc.*, 2014 WL 3891351, at *2 (S.D.N.Y. Aug. 8, 2014) (plaintiff only "rel[ied], in part, on the SEC's allegations"); *In re Fannie Mae 2008 Sec. Litig.*, 891 F. Supp. 2d 458, 471-72 (S.D.N.Y. 2012) ("plaintiffs have documentary support for some of their allegations from [other sources]").

[6] *See City of N. Miami Beach*, 2021 WL 212337, at *6 ("nothing rides on how much weight the Court gives the sections of the complaint that rely on other parties' pleading" because the complaint would state a claim "[e]ven if the Court struck every such paragraph"); *In re Bear Stearns*, 851 F. Supp. 2d at 768 n.24 (same).

improper notwithstanding assertion plaintiff "did his own investigation and analysis" that led to inclusion of additional "quotations from public filings" and "quotations from market analysts"). Plaintiffs' further argument that the allegations in the SEC Order are entitled to a "presumption of regularity," Opp'n at 16, does not require a different result. The "presumption of regularity" is a rebuttable presumption that an agency action was a reasonable interpretation of its governing statute or promulgated regulations in the context of a challenge to that action. *See Citizens for Const. Integrity v. United States*, 57 F.4th 750, 768 (10th Cir. 2023) ("The presumption of regularity is an evidentiary hurdle for litigants seeking to challenge an agency's administration of legislative commands."). It is not a sweeping doctrine requiring a court to accept unproven factual allegations by an agency, and Plaintiffs cite no case applying the presumption to accept the wholesale copying of such allegations from a regulatory order.

The Opposition thus confirms that Plaintiffs' exclusive reliance on the SEC Order is improper, requiring the copied allegations to be stricken and the Amended Complaint to be dismissed. MTD at 12; *Amorosa*, 2022 WL 3577838, at *5 (dismissing case because "[plaintiff] does not cite, and the Court has not found, any case in which a court has allowed a securities fraud claim to proceed where, as here, every factual allegation was sourced secondhand").[7]

---

[7] *See also Ass'n of N.J. Chiropractors v. Data iSight, Inc.*, 2022 WL 4483596, at *3 (D.N.J. Sept. 27, 2022) ("courts strike allegations . . . when claims are entirely taken from another matter"); *Luczak v. Nat'l Beverage Corp.*, 400 F. Supp. 3d 1318, 1327 (S.D. Fla. 2019), *rev'd in part on other grounds*, 812 F. App'x 915 (11th Cir. 2020) ("Plaintiff cannot merely crib allegations from a complaint in another jurisdiction as the sole source of support for his claims here."); *Elliot v. China Green Agric., Inc.*, 2012 WL 5398863, at *3 (D. Nev. Nov. 2, 2012) ("When drafting a complaint, an attorney . . . may not rely entirely on other sources as the sole basis for the complaint's allegations."); *In re Karagianis*, 2009 WL 4738188, at *4 (Bankr. D.N.H. Dec. 4, 2009) ("no authority stands for the proposition that an attorney can rely entirely on another complaint as the sole basis for the allegations"); *Fraker v. Bayer Corp.*, 2009 WL 5865687, at *3 (E.D. Cal. Oct. 6, 2009) (allegations from another complaint "cannot stand in for the entire body of substantive allegations in the present action"); *In re Connetics Corp. Sec. Litig.*, 542 F. Supp. 2d 996, 1005 (N.D. Cal. 2008) ("plaintiffs cite no authority that stands for the proposition that an attorney may rely entirely on another complaint as the sole basis for his or her allegations"); *cf. Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 180 (2d Cir. 2015) (acknowledging that "a complaint that *merely* recites others' allegations may [] be insufficient," but finding that plaintiff there had alleged "non-conclusory facts" of its own "sufficient to render unproblematic any implied reliance on the SEC findings").

## II.   **The Opposition's Scienter Arguments Must Be Rejected**

Even if the Court declines to strike Plaintiffs' wholesale-copied allegations, the Opposition's attempts to depict the high-level description of a non-scienter theory in the SEC Order as setting forth particularized allegations raising a strong inference of scienter fails.

*First*, Plaintiffs' citation to a small number of cases for the proposition that the SEC Order can raise a strong inference of scienter "notwithstanding the SEC's strategic decision not to charge Compass with scienter-based violations," Opp'n at 29 & n.24, again at most raises a split of authority that is not relevant here.  As before, the Opposition fails to meaningfully address the cases that come out the other way on that issue by sensibly holding that a private plaintiff cannot plead scienter based on an SEC order that itself does not allege scienter.  *See* MTD at 14-15; *Amorosa*, 2022 WL 3577838, at *3 n.4 (securities complaint cannot plead scienter based on SEC order "concern[ing] non-scienter-based violations of the Exchange Act").[8] But the Court need not decide that issue because the cases Plaintiffs cite are inapposite, as they merely decline to hold that a private fraud claim is foreclosed by the SEC's decision to only assert non-fraud-based charges.[9]  Here, however, Plaintiffs' scienter theory is not just inconsistent with the "SEC's strategic decision not to charge Compass with scienter-based violations," Opp'n at 29, but also the SEC's affirmative findings that Defendants acted with a

---

[8]  *See also In re Ceridian Corp. Sec. Litig.*, 542 F.3d 240, 248-49 (8th Cir. 2008) (where SEC conducted an investigation but "no hearing or adverse findings ensued," the "opposing inference[]" that "the SEC investigation uncovered no evidence of fraud" is "more compelling" than inference of scienter); *Saraf v. Ebix, Inc.*, 2023 WL 4561655, at *7 (S.D.N.Y. July 17, 2023) ("it is well established that 'unproven allegations in another case provide no support for an inference of scienter'") (quoting *Lau v. Opera Ltd.*, 527 F. Supp. 3d 537, 558 (S.D.N.Y. 2021)); *Fries v. N. Oil & Gas, Inc.*, 285 F. Supp. 3d 706, 722 (S.D.N.Y. 2018) (declining to find scienter based on SEC settlement that "implicated [defendant] in negligent, not fraudulent, conduct"); *Rains v. Zale Corp.*, 2011 WL 3331213, at *5 (N.D. Tex. Aug. 1, 2011) ("The fact that the SEC chose to only charge [defendant] with violations of [non-fraud claims] instead of under Section 10 is consistent with [non-fraudulent] inference.").

[9] *See, e.g.*, *In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694, 707 n.5 (9th Cir. 2012) (rejecting argument "the SEC's decision not to plead scienter hurts plaintiffs' ability to plead a strong inference of scienter"); *Lamartina v. VMware, Inc.*, 2023 WL 2763541, at *14 n.6 (N.D. Cal. Mar. 31, 2023) (same, relying on *Verifone*); *In re Under Armour*, 540 F. Supp. 3d at 521-22 (same).

"focus [] on saying what they believed was justified and supported by their subordinates," that any alleged misstatements were "the consequence of a deficient disclosure process at the company" rather than an intent to deceive, and that "numerous executives . . . did not suggest any potential problems with making them."  MTD at 15-16.  Courts have not hesitated to reject attempts to plead fraud based on non-fraud SEC settlements containing such exculpatory statements.  *See Sjunde AP-Fonden v. Gen. Elec. Co.*, 2021 WL 311003, at *14 (S.D.N.Y. Jan. 29, 2021) (rejecting attempt to plead scienter by relying on a "non-scienter-based" SEC settlement where "in several respects, the Settlement actually *undermines* Plaintiffs' allegations of scienter" because it asserted "executives were not informed" of certain issues); *see also Elec. Workers Pension Fund, Loc. 103, I.B.E.W. v. HP Inc.*, 2021 WL 4199273, at *6 (N.D. Cal. Sept. 15, 2021) (SEC order with exculpatory statements did not raise inference of scienter).

Perhaps recognizing this, the Opposition contends that these statements are not actually exculpatory because the SEC also said "[t]he issues at Goderich *were well-understood*" by the Company.  Opp'n at 30.  But that argument misstates the scienter inquiry under controlling law. *See City of Phila. v. Fleming Cos., Inc.*, 264 F.3d 1245, 1264 (10th Cir. 2001) ("[T]he important issue in this case is not whether Defendants knew the underlying facts" about the alleged fraudulent business practices, "but whether Defendants knew that not disclosing the [issue] posed substantial likelihood of misleading a reasonable investor.").  Similarly, Plaintiffs' argument that it is "meaningless" that the SEC concluded that the alleged misstatements resulted from personnel not being "sufficiently knowledgeable about . . . disclosure obligations" because "the state of mind required is the intent to defraud investors, *not knowledge of the securities laws*," Opp'n at 30, is directly contrary to Tenth Circuit precedent.  *See In re Zagg, Inc. Sec. Litig.*, 797 F.3d 1194, 1207 (10th Cir. 2015) (finding no strong inference of scienter where

6

defendants "have put forward the plausible, nonculpable inference that [they] did not know Item

403(b)'s requirement and . . . believed [they] appropriately disclosed" the relevant issue).

*Second*, the Opposition does not dispute that Plaintiffs fail to allege that Defendants had

any cognizable motive to defraud investors, and that this "counts against scienter" and requires

"the strength of the circumstantial allegations [to] be correspondingly greater." MTD at 16-17.

*Third*, even if the allegations copied from the SEC Order could be considered, Plaintiffs'

attempt to defend those vague allegations as "sufficiently precise," Opp'n at 32, fails under

binding authority. As explained in the Motion to Dismiss, the Tenth Circuit has held that generic

references to "internal reports" do not raise "a cogent, compelling inference of scienter" because

"negative characterizations of reports relied on by insiders, without specific reference to the

contents of those reports, are insufficient to the meet the heightened pleading requirements."

MTD at 17 (quoting *Anderson v. Spirit AeroSystems Holdings, Inc.*, 827 F.3d 1229, 1240-41

(10th Cir. 2016)). Unable to distinguish that controlling authority, the Opposition ignores it and

asks the Court to follow an out-of-circuit case stating "reports need to be connected to

Defendants only in a persuasive way." Opp'n at 32 (quoting *Okla. Firefighters Pension & Ret.

Sys. v. Six Flags Ent. Corp.*, 58 F.4th 195, 216 n.18 (5th Cir 2023)). But, *Six Flags* held that for

such "reports [] to support an inference of scienter," a complaint must not only "connect[]" them

to "the executive in a persuasive way," but also provide "corroborating details regarding the

contents of allegedly contrary reports, their authors and recipients." 58 F.4th at 208.[10] The *Six

Flags* court found that standard satisfied based on allegations from a specific former employee

---

[10] Other circuits agree. *See In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 984 (9th Cir. 1999) (complaint was "not sufficiently specific to raise a strong inference" of scienter where it "fail[ed] to state facts relating to the internal reports, including their contents, who prepared them, which officers reviewed them and from whom [plaintiff] obtained the information"); *see also Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 147 (3d Cir. 2004) (citation to "internal memorandum" stating relevant "initiative had not worked" and specified goal "had not been achieved" was "plainly insufficient" because "Plaintiffs fail to identify who authored the alleged report, when it was authored, who reviewed the report, and what data its conclusions were based upon").

(who worked in a position "directly relevant to the events at issue") that he prepared "weekly presentations containing details" about the problems and gave those reports to specific named executives. *Id.* at 208, 216. No similar details are present here, where the Amended Complaint contains (at most) generic references to unspecified "internal reports" and "internal documents" without details about the content, sources, and recipients of that information. MTD at 17. Indeed, with respect to many of their theories, Plaintiffs do not cite any "internal" source at all and instead make entirely conclusory assertions contradicting Defendants' statements. *See, e.g.*, AC ¶¶ 72-74 (citing no source for all allegations about annual production capacity); 76-78 (same for all allegations about increased costs and production constraints); 84-87 (same for all allegations about salt production trends).[11] Such conclusory allegations plainly fail to plead scienter. *See Fleming*, 264 F.3d at 1255 (affirming district court decision holding "conclusory allegations of scienter are not sufficient under Rule 9(b), much less under the PSLRA").

Moreover, Plaintiffs rarely allege that any contrary information was actually shared with the Individual Defendants before they made the challenged statements, *see infra* at 18, and even when they do Plaintiffs' allegations are conclusory and devoid of any contention that those Defendants agreed with that information, as required to plead scienter against them and the Company. *See Meitav Dash Provident Funds & Pension Ltd. v. Spirit AeroSystems Holdings, Inc.*, __ F.4th __, 2023 WL 5347887, at *4, *20 n.6 (10th Cir. Aug. 21, 2023) (rejecting allegations "that [an individual defendant] saw the [contrary information]" and that "analyses were presented to [] executive leadership, including [the CEO]" as "conclusory"); *id.* at *10 (allegation former employee "discussed her concerns with" an individual defendant did not plead scienter because "the complaint doesn't suggest that [the defendant] had agreed with" her).

---

[11] *See also* AC ¶¶ 42-46, 52 (citing no source for certain allegations about expected cost savings); 67-70 (same for certain allegations about realized cost savings); 82 (same for certain allegations about salt production levels).

In short, the "heightened pleading standard[s]" here impose a "heavy burden" on Plaintiffs, MTD at 9-10 (quoting *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1108 (10th Cir. 2015)), that requires "particularized facts," MTD at 15 (quoting *Smallen v. W. Union Co.*, 950 F.3d 1297, 1309-10 (10th Cir. 2020)), rather than a mere "inference" about unparticularized facts, as Plaintiffs contend. Opp'n at 32. And this is true even though Plaintiffs' allegations are copied from the SEC Order. *See Glazer Capital Mgmt., LP v. Magistri*, 549 F.3d 736, 748 (9th Cir. 2008) (declining to find a strong inference of scienter based on allegations from settlements with SEC and DOJ because "the admissions in these settlement agreements were largely legal conclusions, rather than particularized facts giving rise to a strong inference of scienter").

*Fourth*, the Opposition's scattershot references to "additional factors" that purportedly "further strengthen the inference of scienter," Opp'n at 33, likewise fail:

- Core Operations. Plaintiffs' reliance on the "core operations" theory, Opp'n at 33-34, must be rejected as "Tenth Circuit precedent precludes plaintiff from relying on the core operations inference." *Dorfman v. Griffin*, 2021 WL 1209734, at *14 (D. Kan. Mar. 31, 2021) (disagreeing with district court case cited by Plaintiffs because it did not address Tenth Circuit's decision in *Anderson*); *see also* MTD at 19. Indeed, the Tenth Circuit recently stated that allegations concerning "core operations do little to create an inference of scienter," even for operations far larger than the one at issue here. *Meitav*, 2023 WL 5347887, at *8, *21 (operation at issue "accounted for almost 80% of [the company's] net revenue").[12] In any event, the Opposition concedes that "the core operations theory *by itself* is insufficient to plead scienter," Opp'n at 34 n.30, and, as discussed above, Plaintiffs present no particularized facts of scienter, and instead rely on vague assertions from the SEC Order, which are either improper or insufficient to plead scienter.

- Executive Positions and Frequency of Statements. The Opposition likewise concedes that "an executive's position" and "the frequency of their comments" are insufficient "standing alone" to plead scienter, and are only relevant when "accompanied by additional particularized facts." Opp'n at 34-35. The Tenth Circuit's recent decision

---

[12] The Tenth Circuit decision cited by Plaintiff, Opp'n at 33, did not hold otherwise. Instead, it accepted that a defendant's statement that the relevant issue was "at the core of [the company's] business model" could be relevant to scienter where (unlike here) the complaint also alleged particularized facts that the defendant "repeatedly admitted" he knew of the relevant issue, which was "a single objectively verifiable data point" that he "repeatedly represented he monitored," and the defendant "sold nearly 40% of his holdings" during the class period. *Ind. Pub. Ret. Sys. v. Pluralsight, Inc.*, 45 F.4th 1236, 1260-67 (10th Cir. 2022).

in *Meitav* confirms as much. *See* 2023 WL 5347887, at *6 ("[T]o show scienter, the plaintiffs can't rely solely on [an executive's] active involvement in a particular project even when the project involves [the company's] core operations."). Despite facing that undisputed hurdle, however, the Opposition fails to identify any such particularized facts and instead points to assertions that unspecified reports reflected that "the move to [CMCH] has not met expectations" or was "fall[ing] short of production expectations." Opp'n at 34 (citing AC ¶¶ 41, 45-46, 53). These vague allegations fail to plead scienter with particularity.

- Other "Improprieties." The Opposition's one-sentence defense of the Amended Complaint's reliance on a subsequent restatement, GAAP violations, and internal control weaknesses does not dispute that such allegations are "not independently sufficient to establish scienter," Opp'n at 35, and entirely ignores the arguments that: (1) these issues are irrelevant to scienter because they were unrelated to the subject of the alleged misstatements and (2) "may well favor Defendants by explaining why the accounting problem was missed, without implying anything about Defendants' scienter." MTD at 20-21. The Court should therefore treat these points as conceded. *See Misner v. Potter*, 2008 WL 410128, at *3 (D. Utah Feb. 12, 2008) ("Plaintiff concedes this point by his failure to address it in his opposition brief.").

*Finally*, the Opposition does not respond to Defendants' showing that any inference of scienter here is extraordinarily weak when viewed holistically, as it must be. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007) ("The inquiry . . . is whether all of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard."). This is so because Plaintiffs' scienter theory relies on the implausible assumptions that Defendants decided to mislead investors for a limited period of time—while warning investors of the precise risks with their complex technological upgrades that came to pass—without selling any stock to profit from that deception, and then gave up on that scheme and voluntarily announced they could not meet their previously announced goals. *See* MTD at 21. The Opposition ignores this illogical broader picture because it is fatal to Plaintiffs' ability to raise a strong inference of scienter. *See Nguyen v. Endologix, Inc.*, 962 F.3d 405, 415 (9th Cir. 2020) (rejecting scienter theory that defendants would mislead investors "for a time and then face the inevitable fallout once [the] problem was revealed" without "s[eeking] to profit from this scheme in the interim" because it "does not make

10

a whole lot of sense" and "does not resonate in common experience").[13]  Instead, the much more likely inference is that, despite some internal disagreement, Defendants remained "overly optimistic about [the Company's] ability to achieve the forecasted production schedules and cost reductions" from their complex technological upgrade, but ultimately failed to do so on the originally expected timeframe.  *Anderson*, 827 F.3d at 1246; *see also* MTD at 21-22.

### III.  <u>The Opposition Confirms That Plaintiffs Have Not Sufficiently Pled Falsity</u>

As demonstrated in the Motion to Dismiss, Plaintiffs' conclusory assertions do not adequately plead any actionable misstatement or omission because they ignore the context of the relevant statements; challenge non-actionable puffery, forward-looking statements, and opinions; do not establish a duty to disclose; and are not sufficiently particularized.  MTD at 23.  Unable to seriously dispute these points, the Opposition instead routinely mischaracterizes applicable law in an attempt to diminish the "heavy" pleading burden here, *id.* at 26, into one that presents no obstacle to even the most generic allegations.  These arguments must be rejected.

As an initial matter, the Opposition's overarching argument that "[t]he AC pleads Defendants' misstatements with the requisite particularity," Opp'n at 16, misstates controlling law.  While the Opposition correctly states that the Tenth Circuit has held "the particularity requirement" does not "establish[] a per se rule that a plaintiff's complaint must always identify the source . . . of the facts alleged," *id.* at 17 (quoting *Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1098 (10th Cir. 2003)), that tells only half of the story.  *Kinder-Morgan* also did not adopt

---

[13] *See also City of Taylor Police & Fire Ret. Sys. v. Zebra Techs. Corp.*, 8 F.4th 592, 595-96 (7th Cir. 2021) (rejecting theory that defendants "chose to hoodwink investors into thinking that integration was seamless," "[r]ather than disclosing difficulties or simply saying nothing," and stating "[w]hy they would opt for that strategy, when it would conceal the increased costs for only a few months, is a mystery"); *In re MGP Ingredients, Inc. Sec. Litig.*, 2021 WL 3885655, at *15-16 (D. Kan. Aug. 31, 2021) (rejecting inference of scienter as "mak[ing] very little sense" and stating "[w]hy would defendants promise something to the market when they supposedly knew all along that the plan would fall short?  And on top of that, why would defendants undertake this fraudulent scheme if they knew already that investors soon would uncover their deceit?").

a per se rule that a complaint never needs to identify those sources, and instead acknowledged that by "disclosing such sources plaintiffs can significantly strengthen" their pleadings because doing so can "distinguish[] whether a particular allegation is mere rumor and speculation or whether it is based on concrete information from relevant documents or people who were in a position to know the truth of the allegations." 340 F.3d at 1101. Indeed, *Kinder-Morgan* held that, "depending on the generality of the allegation, it may . . . be necessary to plead the source of the information"—particularly where (as here) a complaint alleges "facts that are difficult to verify, such as allegations of secret meetings . . . or alleged motivations"—and stated "where a plaintiff does not identify the sources of the facts stated in the complaint, the facts alleged . . . will usually have to be particularly detailed, numerous, plausible or objectively verifiable by the defendant before they will support a reasonable belief that the defendant's statements were false and misleading." *Id.* at 1102-03. The Amended Complaint falls far short under these standards, as it relies on less than a handful of conclusory assertions that unspecified internal reports contradicted Defendants' disclosures. *See* Opp'n at 28. These limited and vague allegations can hardly be classified as "particularly detailed" and "numerous," and therefore cannot excuse Plaintiffs from "identify[ing] the sources of the facts stated in the Complaint." *Kinder-Morgan*, 340 F.3d at 1103; *see also Krstevski v. Welsh*, 2016 WL 4532095, at *5-6 (D. Utah Aug. 29, 2016) (finding complaint insufficient under *Kinder-Morgan* where it did not "include dates, divulge sources, or state how [plaintiff] acquired [the cited] information").[14]

---

[14] Significantly, the allegations here are far less detailed than those in the cases cited by Plaintiffs. For example, the complaint in *Kinder-Morgan* contained a "significant" "level of detail," including allegations from the company's assistant treasurer about her analysis of the relevant issue and stating the named defendants "frequently complained" about the issue, the "terms" of specific contracts, and "statements by industry observers" that the project was "a perpetual money-loser." *Id.* at 1103-05; *see also Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.*, 63 F.4th 747, 769 (9th Cir. 2023) (citing statements from 20 former employees detailing the ways in which the company's situation differed from its public disclosures, including based on specific conversations with relevant executives).

Although this failure to plead falsity with particularity is sufficient to dismiss Plaintiffs' claims, each alleged category of misrepresentations also fails for additional reasons.

Expected Cost Savings.  The Opposition's other arguments about expected cost savings again misstate applicable law.  *First*, the Opposition's description of the PSLRA's safe harbor for forward-looking statements is incorrect.  Even assuming that Plaintiffs "have adequately alleged that the statements were made with 'actual knowledge' that they were false," Opp'n at 19—which they have not, *see supra* at 5-11—the challenged statements would still be protected because they were "accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statement."  15 U.S.C. § 78u-5(c)(1)(A)(i).  This clear statutory language does not require the cautionary language to "warn investors of exactly the risk that Plaintiffs claim was not disclosed," as Plaintiffs contend by referencing the separate common-law bespeaks caution doctrine, Opp'n at 19, but instead (as recognized in the very case cited in the Opposition) "need not mention the factor that ultimately belies the forward-looking statement."  *In re Williams Sec. Litig.*, 339 F. Supp. 2d 1206, 1220 (N.D. Okla. 2003).  Nor can Plaintiffs defeat the extensive cautionary language Defendants cite, MTD at 6-8, by asserting "Defendants had *already determined*" the cost savings "*could not* be realized," Opp'n at 19, as that inappropriately "conflates the [independent] actual knowledge and meaningful cautionary language prongs of the PSLRA."  *Gray v. Wesco Aircraft Holdings, Inc.*, 454 F. Supp. 3d 366, 394 (S.D.N.Y. 2020), *aff'd*, 847 F. App'x 35 (2d Cir. 2021); *see also Williams*, 339 F. Supp. 2d at 1220 ("application under the 'cautionary language' prong does not depend upon a defendant's state of mind").

*Second*, the Opposition fails to meaningfully address this Court's prior decision (as well as binding case law) rejecting substantially similar statements about complex projects being "on

13

track" as immaterial puffery.  *See* MTD at 24.  In fact, *Pluralsight*, on which Plaintiffs heavily rely, likewise dismissed as puffery identical statements that a company was "on pace" with its goals, rejecting the argument—similar to Plaintiffs' here, Opp'n at 20—that "[w]hether projects were 'on track' or 'on plan' was objectively verifiable."  45 F.4th at 1258 & n.10.

*Third*, the Opposition's contention that the challenged statements about expected cost savings "were not even framed as opinions," Opp'n at 20, ignores binding authority that "statements not preceded by the word 'opinion' can nevertheless represent opinions rather than facts" where (as here) they "necessarily implicated a heavy degree of judgment."  *MHC Mut. Conversion Fund, L.P. v. Sandler O'Neill & Partners, L.P.*, 761 F.3d 1109, 1120-21 (10th Cir. 2014).  Similarly, even assuming Plaintiffs adequately pled the existence of internal reports disagreeing with Defendants' disclosed opinions, Opp'n at 20—which they have not, *see supra* at 7-9—Plaintiffs ignore controlling authority that a statement of opinion is not false merely because "an issuer knows, but fails to disclose, some fact cutting the other way."  MTD at 26 (quoting *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 189-90 (2015)); *see also Abady v. Lipocine Inc.*, 2023 WL 2938210, at *22 (D. Utah Apr. 13, 2023) ("*Omnicare* does not impose a general duty on Defendants to express an opinion that they disagree with, or to disclose that others may disagree with their assessment.").

Realized Cost Savings.  As demonstrated in the Motion to Dismiss, Plaintiffs' allegations about realized cost savings misconstrue the disclosures made by Defendants, which did not purport to represent only the cost savings related to CMCH and instead identified savings for the "salt segment" or "salt business" as a whole, including based on "broad-based streamlining."  MTD at 27-28.  The Opposition's contentions in response—that "[t]hese arguments raise inappropriate factual disputes" and "the Court must credit" Plaintiffs' contrary "interpretation,"

14

Opp'n at 21-22—are incorrect.  Under controlling law, it is well settled that a court may consider the full text of the challenged disclosures at issue, and where "those documents conflict with allegations in the complaint, [] need not accept those allegations as true."  *Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190, 1196-99 (10th Cir. 2013) (holding "the allegations presented do not contradict [defendant's] statement" based on the "context" of the disclosures); *see also Hampton v. root9B Techs., Inc.*, 897 F.3d 1291, 1300-01 (10th Cir. 2018) (rejecting plaintiff's proposed reading of disclosure where the "language is more reasonably read" another way).[15]  Indeed, even the authority cited by Plaintiffs only requires a court to credit their interpretation if it is "plausible" and the challenged statements have "ambiguities."  Opp'n at 22 n.18; *see also Pluralsight*, 45 F.4th at 1250 (accepting as plausible plaintiffs' allegation that statement "we have about 250" sales representatives was false based on subsequent admission company only had "about 200" despite defendants' "hypothetical[]" argument both could be accurate if "the actual number" was "somewhere between 200 and 250").  But that is not the case here, where it would not be plausible to read statements explicitly concerning cost savings for the "salt segment" or "salt business" as a whole, including savings from "broad-based streamlining," as addressing only cost savings due to a particular CMCH project at one mine.

Annual Production Capacity.  Again, the Opposition's argument that the Court must credit Plaintiffs' "interpretation" that the statements concerning annual production capacity referred to "current and future production capacity" using CMCH, Opp'n at 23—even though the

---

[15] *Accord Omnicare*, 575 U.S. at 196 ("the analysis of whether [a statement] is misleading must address the statement's context," which "means the court must take account of whatever facts [the company] *did* provide [on the topic], as well as any other hedges, disclaimers, or qualifications it included"); *Boykin v. K12, Inc.*, 54 F.4th 175, 185 (4th Cir. 2022) (declining to adopt plaintiff's proposed reading of challenged disclosure because "[t]he falsity element of a Rule 10b-5 claim boils down to the reasonable investor's view of [the] statements, [] not any individual investor's reaction"); *Thant v. Karyopharm Therapeutics Inc.*, 43 F.4th 214, 223 (1st Cir. 2022) (concluding statement was not misleading because "no reasonable investor would interpret" it in the way proposed by plaintiff); *Kleinman v. Elan Corp., plc*, 706 F.3d 145, 153 (2d Cir. 2013) (rejecting plaintiff's proposed reading of disclosure because, "given the context of the statements, no reasonable investor could have understood" it that way).

statements explicitly stated that metric was "based on actual historical production rates" that did not use CMCH, MTD at 28-29—must be rejected, as Plaintiffs' proposed reading of the disclosure is not reasonable in light of its plain text.  Relatedly, Plaintiffs' footnote argument that a statement of opinion can be false where "the speaker knows [the opinion is] not supported by the grounds upon which the opinion is purportedly based," Opp'n at 23 n.19, is a non-sequitur, as Plaintiffs never allege that Defendants' disclosed opinions regarding production capacity were not supported by the referenced historical production rates.  *See* AC ¶¶ 9, 72-73, 116.

Reasons for Increased Costs and Production Constraints.  As before, the Opposition's arguments about the reasons for increased costs and production constraints misrepresent the challenged statements.  Contrary to Plaintiffs' assertion that these statements "only identified non-CMCH factors" and "fail[ed] to mention CMCH," Opp'n at 23-24, when viewed in context the challenged disclosures either did specifically disclose that the Company was "production constrained" at Goderich "due to . . . ramping up with the new continuous mining, continuous haulage system" or were only addressing non-CMCH factors, from which reasonable investors would not conclude that CMCH was not a separate factor.  MTD at 30.  Again, the Court is not required to credit Plaintiffs' unreasonable interpretation of these statements.[16]

Current Salt Production Levels.  Once again, the Opposition misreads the challenged disclosures about current salt production levels as reflecting "Goderich's production rate," Opp'n at 24-25, even though the Company routinely told investors that "[w]e don't disclose our

---

[16] The Opposition's reliance on *Nakkhumpun v. Taylor*, 782 F.3d 1142 (10th Cir. 2015), Opp'n at 24, is misplaced. There, the defendant told the public that an acquisition had fallen through because of financing problems, which can happen for "many reasons," whereas the would-be acquirer's CEO "unambiguous[ly]" explained that the *actual* reason was because the buyer thought the purchase price was too high. *Nakkhumpun*, 782 F.3d at 1148-49.  In other words, the plaintiff adequately alleged that the statement was intended to give the misleading impression that factors that actually had no impact were the cause of the issue.  Conversely, here Plaintiffs do not dispute that the disclosed factors actually contributed to increased costs and production constraints.

16

production levels" at specific mines.  MTD at 31.  Plaintiffs have therefore failed to establish that a reasonable investor could plausibly interpret the challenged statement in the way they propose.

Known Trends.  The Opposition's arguments under Item 303 also fail.  *First*, Plaintiffs do not engage with Defendants' arguments that alleged violations of Item 303 cannot give rise to Section 10(b) liability, MTD at 32, and instead only misleadingly claim in a footnote that "the Tenth Circuit recently declined to make such a finding in *Pluralsight*."  Opp'n at 25 n.21.  But *Pluralsight* did not reject that argument.  Rather, it only stated that it did "not reach th[at] open question[]" because "the district court did not pass on [it] and the parties give [it] very little attention in their appellate briefing."  45 F.4th at 1270.  Plaintiffs' failure to address the point can therefore be viewed as conceding the argument.  *See Misner*, 2008 WL 410128, at *3.

*Second*, the Opposition fails to establish that any trend related to salt production was "presently known to management," MTD at 32-33 (quoting *Slater*, 719 F.3d at 1197), for the same reasons it fails to establish scienter.  *See supra* at 5-11.[17]

*Third*, the Opposition cites no facts at all that the Company considered any trend about its salt production to be "reasonably likely to have material effects" on its financial condition, MTD at 32-33 (quoting *Slater*, 719 F.3d at 1197), and instead wrongly contends that Plaintiffs need not satisfy this requirement.  Opp'n at 26-27.  But rather than being a "made-up standard," Opp'n at 27 n.23, such allegations are required by the plain text of Item 303, which provided at the relevant time that companies needed to disclose trends "that the registrant reasonably expects

---

[17] Plaintiffs' claim that "Item 303 does not impose a heightened pleading standard for knowledge," Opp'n at 26-27, is wrong, as the only case cited in support involved non-fraud claims under Section 11, which are not subject to heightened pleading standards.  *See Franchi v. SmileDirectClub, Inc.*, 633 F. Supp. 3d 1046, 1065-66 (M.D. Tenn. 2022).  Courts regularly apply the PSLRA to Item 303 claims under Section 10(b).  *See Nardy v. Chipotle Mex. Grill, Inc.*, 2019 WL 3297467, at *16 (D. Colo. Mar. 29, 2019) (rejecting Item 303 claim "[b]ecause Plaintiffs have not alleged a strong inference of scienter" and "Item 303 . . . require[s] a plaintiff to allege that the registrant knew at the time of an offering that a risk or uncertainty existed"); *In re Target Corp. Sec. Litig.*, 275 F. Supp. 3d 1063, 1081 (D. Minn. 2017) (dismissing Item 303 claim that "fails to meet the PSLRA's pleading standards").

will have a material . . . impact." 17 C.F.R. § 229.303(a)(3)(ii) (effective Apr. 12, 2017 to Nov. 4, 2018). As such, courts have routinely required plaintiffs asserting an Item 303 claim to allege that defendants believed the relevant trend was reasonably likely to have a material impact. *See, e.g.*, *Constr. Laborers Pension Tr. for S. Cal. v. CBS Corp.*, 433 F. Supp. 3d 515, 542 (S.D.N.Y. 2020) (dismissing claim where "[t]here are no allegations, let alone particularized allegations, that this increase in risk amounted to anything close to a known reasonable likelihood of a material impact on financial performance"); *Okla. Law Enforcement Ret. Sys. v. Papa John's Int'l, Inc.*, 444 F. Supp. 3d 550, 564 (S.D.N.Y. 2020) (same). Plaintiffs have not done so here.

## IV. The Opposition Concedes That The Amended Complaint's Allegations Must Be Considered Separately For Each Individual Defendant

As set forth in the Motion to Dismiss, Plaintiffs must plead a strong inference of scienter with respect to each Individual Defendant, and can only hold each Individual Defendant liable for the statements made by that individual. *See* MTD at 34-35. The Opposition does not dispute either point. Instead, it concedes that Plaintiffs "are not seeking" to hold the Individual Defendants "liable for statements they did not make," and claims that "Plaintiffs have adequately pled scienter as to each Individual Defendant." Opp'n at 36 & n.33. However, the only scienter allegations identified in the Opposition for each Individual Defendant are the vague assertions that they "received" or (with respect to Sepich) purportedly "would have been one of the Compass executives who provided" unspecified internal reports, *id.*, which fail for the reasons discussed above. *See supra* at 7-9. Moreover, those limited allegations only appear to implicate the challenged statements about anticipated costs savings, and therefore fail to plead scienter with respect to any other topic. *See In re Overstock Sec. Litig.*, 2021 WL 4267920, at *12 (D. Utah Sept. 20, 2021) ("Scienter must be found as to each defendant and with respect to each of the alleged violations of the statute.").

18

## V.   **Plaintiffs' Arguments Fail To Rescue Their Time-Barred Claims**

The Opposition does not dispute that the Amended Complaint challenges statements made more than two years ago based on "corrective disclosures" that occurred more than two years ago, and attempts to plead scienter by citing allegations that were publicly available more than two years ago about the Individual Defendants' positions, the core-operations doctrine, and the frequency of the challenged statements.  *See* MTD at 36-38.  Thus, if the Court finds these allegations are sufficient to state a claim, that claim would be time-barred.  *Id.* at 38.

Plaintiffs' arguments in response fail.  *First*, the Opposition's contention that this action is timely because "[t]he AC alleges . . . that Plaintiffs' claims were not discovered until the issuance of the SEC Order," Opp'n at 37, is a mere legal conclusion that is not entitled to the presumption of truth on a motion to dismiss.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Graves v. Downey Sav. & Loan Ass'n*, 2009 WL 3335335, at \*3 (N.D. Cal. Oct. 14, 2009) (allegation that "the misrepresentations and allegations stated herein were all discovered within the past year" is "merely a conclusion and formulaic recitation of the legal standard").

*Second*, the Opposition's argument that the Supreme Court has "repudiat[ed] [] the inquiry notice standard," Opp'n at 39 n.37, is incorrect.  "While . . . the statute of limitations period does not begin upon inquiry notice, the *Merck* Court states that terms such as 'inquiry notice' . . . may be useful insofar as they identify a time when the facts would have prompted a reasonably diligent plaintiff to begin investigating."  *Burton v. Jordan Sch. Dist.*, 2017 WL 4022414, at \*4 (D. Utah Sept. 12, 2017).  Thus, the corrective disclosures alleged here should have led Plaintiffs to begin investigating more than two years before this action was filed, at which time they could have discovered many of their scienter allegations.  *See* MTD at 36-38.

*Finally*, the Ninth Circuit decision extensively relied upon by Plaintiffs, Opp'n at 37-39, recognized—in line with Defendants' arguments here, *see* MTD at 38-39—that additional

19

allegations revealed within two years of an action do not delay the statute of limitations where they are not "necessary to plead an adequate complaint." *York Cnty. on Behalf of Cnty. of York Ret. Fund v. HP, Inc.*, 65 F.4th 459, 466 (9th Cir. 2023). Accordingly, if the Court concludes that Plaintiffs' scienter allegations from more than two years before this action was filed are sufficient to state a claim, *York* confirms that Plaintiffs' claims are time-barred.[18]

## CONCLUSION

For the foregoing reasons, and those in the Motion to Dismiss, the allegations copied from the SEC Order should be stricken and the Amended Complaint should be dismissed in its entirety.[19] And because the Opposition only contains a passing request for leave to amend, without any explanation of that proposed amendment, Opp'n at 39 n.38, the Amended Complaint should be dismissed with prejudice. *See Gold Res. Corp.*, 776 F.3d at 1118-19 (holding district court had "discretion [to] dismiss[] [a] complaint with prejudice where plaintiff's memorandum contained only one sentence at the very end of his brief alternatively requesting leave to amend in the event the district court should decide to dismiss his complaint").

---

[18] *See also Heiner v. Watford*, 2022 WL 18777077, at *11-12 (D. Colo. Nov. 21, 2022) (dismissing claims as time-barred where "according to Plaintiffs' own allegations . . . a reasonable investor would have everything they needed to make the allegations that Plaintiffs make here" more than two years earlier and rejecting argument allegations from former employee were necessary to plead scienter ), *rep. and recommendation adopted*, 2023 WL 2824288 (D. Colo. Mar. 27, 2023); *Padilla v. Winger*, 2012 WL 1379228, at *4 (D. Utah Apr. 20, 2012) (rejecting argument limitations period did not begin to run until plaintiffs allegedly discovered the "full extent" of the fraud "when the SEC filed its lawsuit" against defendant because "Plaintiffs would have been aware of the[] allegations" they used to plead a claim earlier); *Roaring Fork Cap. SBIC, L.P. v. ATC Healthcare, Inc.*, 2011 WL 1258504, at *10 (D. Colo. Mar. 29, 2011) (dismissing claims as time-barred based on date company disclosed "accounting errors" where plaintiff "relies on the fact that [the] accounting errors were so obvious and patent that any reasonable person within [the company] would have been aware of them" because that fact was "extant" more than two years earlier).

[19] The Opposition does not dispute that the Amended Complaint's control-person claims under Section 20(a) must be dismissed if its underlying claims under Section 10(b) are dismissed. *See* Opp'n at 39. Because those underlying claims fail for the reasons set forth above, Plaintiffs' control-person claims must also be dismissed.

DATED:  August 24, 2023

HUSCH BLACKWELL LLP
SARA A. FEVURLY, KS #27537


*/s/ Sara A. Fevurly*
SARA A. FEVURLY
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone:  816/983-8000
Sara.Fevurly@huschblackwell.com

CATHERINE HANAWAY
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Telephone :  314/480-1500
Catherine.Hanaway@huschblackwell.com


CLEARY GOTTLIEB STEEN
& HAMILTON LLP
VICTOR L. HOU
JARED GERBER
One Liberty Plaza
New York, NY  10006
Telephone:  212/225-2000
vhou@cgsh.com
jgerber@cgsh.com

*Counsel for Defendants*

21

## CERTIFICATE OF SERVICE

Pursuant to D. Kans. Loc. R. 5.1(f), I hereby certify that on this 24th day of August 2023, a true and correct copy of the foregoing was served via the United States District Court's CM/ECF system on all parties or persons requiring notice, including upon attorneys for plaintiffs:

Norman Eli Siegel
STUEVE SIEGEL HANSON, LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
816-714-7100
siegel@stuevesiegel.com

Andrew M. McNeela
Ira M. Press
Thomas W. Elrod
KIRBY MCINERNEY LLP
250 Park Avenue, Suite 820
New York, NY 10177
212-371-6600
Fax: 212-751-2540
amcneela@kmllp.com
ipress@kmllp.com

Joseph J. Tull
Darryl J. Alvarado
ROBBINS GELLER RUDMAN
& DOWD, LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
619-231-1058
Fax: 619-231-7423
jtull@rgrdlaw.com
dalvarado@rgrdlaw.com

Erin W. Boardman
ROBBINS GELLER RUDMAN
& DOWD, LLP
58 S. Service Road, Suite 200
Melville, NY 11747
631-367-7100
Fax: 631-367-1173
eboardman@rdrdlaw.com

By:*/s/ Sara A. Fevurly*
Sara Fevurly KS #27537
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone:  816/983-8000
Sara.Fevurly@huschblackwell.com