UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| LOCAL 295 IBT EMPLOYER GROUP WELFARE FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>COMPASS MINERALS INTERNATIONAL, INC., FRANCIS J. MALECHA, JAMES D. STANDEN, and ANTHONY J. SEPICH,<br><br>Defendants. | Case No. 2:22-cv-02432-EFM-ADM<br><br>CLASS ACTION |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL
AND MOTION TO STAY PROCEEDINGS PENDING APPEAL**

**TABLE OF CONTENTS**

                                                                                              **Page**

TABLE OF AUTHORITIES ............................................................................................. ii

STATEMENT OF THE NATURE OF THE MATTER BEFORE THE COURT............. 1

BACKGROUND ............................................................................................................ 2

ARGUMENT ................................................................................................................. 3

I.      Interlocutory Appeal Is Warranted Because All Three § 1292(b)
        Factors Are Met ................................................................................................. 4

        A.      The Identified Issues Are Controlling Questions of Law ........................... 5

        B.      There Is Substantial Ground For Difference Of Opinion ........................... 6

        C.      Resolving The Relevant Issues Would Materially Advance
                The Ultimate Termination Of The Litigation ............................................. 11

II.     The Court Should Stay This Proceeding Pending Appeal ....................................... 12

CONCLUSION................................................................................................................ 13

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Amorosa v. Gen. Elec. Co.*,
2022 WL 3577838 (S.D.N.Y. Aug. 19, 2022) ...................................................... 8

*APCC Servs. Inc. v. Sprint Commc'ns Co., L.P.*,
297 F. Supp. 2d 90 (D.D.C. 2003) ...................................................................... 6

*Ass'n of N.J. Chiropractors, Inc. v. Data iSight, Inc.*,
2022 WL 4483596 (D.N.J. Sept. 27, 2022) .......................................................... 8

*Attia v. Google LLC*,
2018 WL 2971049 (N.D. Cal. June 13, 2018) ...................................................... 8

*Bartesch v. Cook*,
941 F. Supp. 2d 501 (D. Del. 2013) ..................................................................... 8

*Beltronics USA, Inc. v. Midwest Inventory Distrib. LLC*,
545 F. Supp. 2d 1188 (D. Kan. 2008) ............................................................... 12–13

*Brooks v. United Dev. Funding III, L.P.*,
2020 WL 6132230 (N.D. Tex. Apr. 15, 2020) ..................................................... 8

*Carpenters Health & Welfare Fund v. Coca-Cola Co.*,
2008 WL 9358563 (N.D. Ga. Apr. 23, 2008) ...................................................... 10

*Clugston v. Nationwide Mut. Ins. Co.*,
2006 WL 1290450 (M.D. Pa. May 10, 2006) ...................................................... 8

*Coca v. City of Dodge City*,
2023 WL 3948472 (D. Kan. June 12, 2023) ......................................................... 6

*Conde v. Sensa*,
259 F. Supp. 3d 1064 (S.D. Cal. 2017) ................................................................ 8

*Cornielsen v. Infinium Cap. Mgmt., LLC*,
916 F.3d 589 (7th Cir. 2019) .............................................................................. 13

*Elec. Workers Pension Fund, Loc. 103, I.B.E.W. v. HP Inc.*,
2021 WL 4199273 (N.D. Cal. Sept. 15, 2021) ..................................................... 9

*Elliot v. China Green Agrics., Inc.*,
2012 WL 5398863 (D. Nev. Nov. 2, 2012) .......................................................................... 8–9

*Farmer v. Kan. State Univ.*,
2017 WL 3674964 (D. Kan. Aug. 24, 2017) ...................................................................... 4, 5, 12

*Flores v. Forster & Garbus, LLP*,
2020 WL 5603486 (S.D.N.Y. Sept. 17, 2020)........................................................................ 7

*Footbridge Ltd. v. Countrywide Home Loans, Inc.*,
2010 WL 3790810 (S.D.N.Y. Sept. 28, 2010)...................................................................... 7–8

*Fox v. TransAm Leasing, Inc.*,
2015 WL 4243464 (D. Kan. July 13, 2015) .......................................................................... 5, 6

*Fraker v. Bayer Corp.*,
2009 WL 5865687 (E.D. Cal. Oct. 6, 2009).......................................................................... 9

*Francois v. Victory Auto Grp. LLC*,
2023 WL 373250 (S.D.N.Y. Jan. 24, 2023) .......................................................................... 7

*Freedom Transp., Inc. v. Navistar Int'l Corp.*,
2020 WL 108670 (D. Kan. Jan. 9, 2020)............................................................................. 11

*Fries v. N. Oil & Gas, Inc.*,
285 F. Supp. 3d 706 (S.D.N.Y. 2018)................................................................................... 9

*Geinko v. Padda*,
2002 WL 276236 (N.D. Ill. Feb. 27, 2002) .......................................................................... 9

*Gotlin v. Lederman*,
367 F. Supp. 2d 349 (E.D.N.Y. 2005), *aff'd sub nom.*
*Gotlin ex rel. Cnty. of Richmond v. Lederman*, 483 F. App'x 583 (2d Cir. 2012) ............. 8

*Gruber v. Gilbertson*,
2019 WL 4458956 (S.D.N.Y. Sept. 17, 2019)....................................................................... 7

*In re Apollo Grp., Inc. Secs. Litig.*,
2011 WL 5101787 (D. Ariz. Oct. 27, 2011)......................................................................... 9

*In re Ceridian Corp. Sec. Litig.*,
542 F.3d 240 (8th Cir. 2008) ................................................................................................ 9

iii

*In re Connetics Corp. Secs. Litig.*,
542 F. Supp. 2d 996 (N.D. Cal. 2008) ................................................................. 9

*In re CRM Holdings, Ltd. Sec. Litig.*,
2012 WL 1646888 (S.D.N.Y. May 10, 2012) ...................................................... 7

*In re Indep. Serv. Orgs. Antitrust Litig.*,
1997 WL 450028 (D. Kan. July 17, 1997) ...................................................... 4, 11–12

*In re Karagianis*,
2009 WL 4738188 (Bankr. D.N.H. Dec. 4, 2009)............................................... 9

*In re Merrill Lynch & Co., Inc. Research Reps. Sec. Litig.*,
218 F.R.D. 76 (S.D.N.Y. 2003) ......................................................................... 8

*In re Platinum & Palladium Commodities Litig.*,
828 F. Supp. 2d 588 (S.D.N.Y. 2011)................................................................. 7

*In re Rough Rice Commodity Litig.*,
2012 WL 473091 (N.D. Ill. Feb. 9, 2012) .......................................................... 8

*In re Text Messaging Antitrust Litig.*,
630 F.3d 622 (7th Cir. 2010) .............................................................................. 5

*In re Trilegiant Corp., Inc.*,
11 F. Supp. 3d 82 (D. Conn. 2014), *aff'd sub nom.*
*Williams v. Affinion Grp., LLC*, 889 F.3d 116 (2d Cir. 2018) ............................ 8

*KPH Healthcare Servs., Inc. v. Mylan N.V.*,
2022 WL 16551340 (D. Kan. Oct. 21, 2022) ..................................................... 3, 6

*Kumaran v. Nat'l Futures Ass'n*,
2023 WL 3160116 (S.D.N.Y. Apr. 28, 2023)..................................................... 7

*Kyung Cho v. UCBH Holdings, Inc.*,
890 F. Supp. 2d 1190 (N.D. Cal. 2012) .............................................................. 9

*Local No. 8 IBEW Ret. Plan & Tr. v. Vertex Pharm., Inc.*,
838 F.3d 76 (1st Cir. 2016)................................................................................. 13

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
797 F.3d 160 (2d Cir. 2015)............................................................................... 9

iv

*Low v. Robb*,
2012 WL 173472 (S.D.N.Y. Jan. 20, 2012) ................................................................ 7

*Luczak v. Nat'l Beverage Corp.*,
400 F. Supp. 3d 1318 (S.D. Fla. 2019), *rev'd in part on other grounds*,
812 F. App'x 915 (11th Cir. 2020) ............................................................................ 8

*McHenry v. City of Ottawa, Kan.*,
2017 WL 4758947 (D. Kan. Oct. 20, 2017) ...................................................... 5, 6, 12

*Me. State Ret. Sys. v. Countrywide Fin. Corp.*,
2011 WL 4389689 (C.D. Cal. May 5, 2011) .............................................................. 9

*Menora Mivtachim Ins. Ltd. v. Int'l Flavors & Fragrances Inc.*,
2021 WL 1199035 (S.D.N.Y. Mar. 30, 2021), *aff'd sub nom.*
*Menora Mivtachim Ins. Ltd. v. Frutarom Indus. Ltd.*, 54 F.4th 82 (2d Cir. 2022)............. 8

*Moab Partners, L.P. v. Macquarie Infrastructure Corp.*,
2022 WL 17815767 (2d Cir. Dec. 20, 2022), *cert. granted sub nom.*
*Macquarie Infrastructure v. Moab Partners, L.P.*, 2023 WL 6319659
(U.S. Sept. 29, 2023)................................................................................................ 4

*N. Collier Fire Control & Rescue Dist. Firefighter Pension Plan &*
*Plymouth Cnty. Ret. Ass'n v. MDC Partners, Inc.*,
2016 WL 5794774 (S.D.N.Y. Sept. 30, 2016)........................................................... 7

*Overdam v. Texas A&M Univ.*,
43 F.4th 522 (5th Cir. 2022) .................................................................................... 5

*Plumbers & Pipefitters Loc. Union #295 Pension Fund v. CareDx, Inc.*,
2023 WL 4418886 (N.D. Cal. May 24, 2023).............................................................. 8

*Rains v. Zale Corp.*,
2011 WL 3331213 (N.D. Tex. Aug. 1, 2011)............................................................. 9

*Raymond v. Spirit Aerosystems Holdings, Inc.*,
2019 WL 1922170 (D. Kan. Apr. 30, 2019).............................................................. 5

*RSM Prod. Corp. v. Fridman*,
643 F. Supp. 2d 382 (S.D.N.Y. 2009), *aff'd*, 387 F. App'x 72 (2d Cir. 2010)................... 8

*Sanfo v. Avondale Care Grp., LLC*,
2022 WL 3448100 (S.D.N.Y. Aug. 17, 2022)............................................................. 8

*Saraf v. Ebix, Inc.*,
2023 WL 4561655 (S.D.N.Y. July 17, 2023) ........................................................ 9

*Scognamillo v. Credit Suisse First Bos. LLC*,
2005 WL 8162733 (N.D. Cal. Feb. 1, 2005) ........................................................ 8

*ScripsAmerica, Inc. v. Ironridge Global, LLC*,
119 F. Supp. 3d 1213 (C.D. Cal. 2015) ........................................................ 9

*Sjunde AP-Fonden v. Gen. Elec. Co.*,
2021 WL 311003 (S.D.N.Y. Jan. 29, 2021) ........................................................ 9

*Teamsters Loc. 456 Pension Fund v. Universal Health Servs.*,
396 F. Supp. 3d 413 (E.D. Pa. 2019) ........................................................ 8

*Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc.*,
531 F.3d 190 (2d Cir. 2008)........................................................ 5

*United States ex rel. Grabcheski v. Am. Int'l Grp., Inc.*,
2016 WL 9083376 (S.D.N.Y. Mar. 31, 2016), *aff'd sub nom.*
*Grabcheski v. Am. Int'l Grp., Inc.*, 687 F. App'x 84 (2d Cir. 2017) ................................. 7

*Utah ex rel. Utah State Dep't of Health v. Kennecott Corp.*,
14 F.3d 1489 (10th Cir. 1994) ........................................................ 3–4

*Veal v. LendingClub Corp.*,
423 F. Supp. 3d 785 (N.D. Cal. 2019) ........................................................ 8

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp., Inc.*,
2014 WL 3569338 (E.D.N.Y. July 18, 2014)........................................................ 8

*Zhou v. NextCure, Inc.*,
2023 WL 4493541 (S.D.N.Y. July 12, 2023)........................................................ 8

**Rules and Statutes**

15 U.S.C. § 78u-4 ........................................................ 13

28 U.S.C. § 1292(b) ........................................................ 2

**Other Authorities**

16 Charles Alan Wright & Arthur R. Miller,
*Federal Practice and Procedure* § 3930 (3d ed. 2023) ........................................................ 10–11

19 James Wm. Moore et al.,
Moore's Federal Practice § 203.31 (3d ed. 2023) ................................................. 5

Memorandum of Law In Support of Settlement, *Bennett v. Sprint Nextel Corp.*,
No. 2:09-cv-02122-EFM-KMH, Doc. 289 (D. Kan. filed May 8, 2015) ........................... 11

S. Rep. No. 104–98 (1995) ................................................................................. 13

Pursuant to 28 U.S.C. § 1292(b), Defendants respectfully move for an order certifying for interlocutory appeal the Court's December 12, 2023 Memorandum and Order (Doc. 40, the "Motion to Dismiss Order" or "MTD Order") and staying this proceeding through that appeal.[1]

## STATEMENT OF THE NATURE OF THE MATTER BEFORE THE COURT

As the Court recognized in its Motion to Dismiss Order, the Amended Complaint in this putative securities class action "borrows heavily" from the unproven allegations of non-intentional misrepresentations contained in the SEC Order in order to plead scienter-based fraud claims. MTD Order at 17. Indeed, the Motion to Dismiss Order correctly recognized that "each of the factual allegations upon which Plaintiffs rely to show Defendants' falsity and scienter either copy or paraphrase the SEC Order." *Id.* Although the Motion to Dismiss Order acknowledged the presence of multiple decisions rejecting such reliance on copied allegations as improper under Rules 11(b) and 12(f)—including "several cases from the Southern District of New York" and another from the Northern District of California, *id.* at 14, 16—it nonetheless disagreed with those rulings and adopted the contrary reasoning advanced in other decisions cited by Plaintiffs. *Id.* at 15, 18. It likewise concluded that Plaintiffs had "establish[ed] a cogent inference of scienter," as required by the PSLRA, based on the SEC Order's allegations of non-intentional wrongdoing, *id.* at 39, 44–45, despite a number of contrary decisions cited by Defendants. *See* MTD at 14; MTD Reply 5–6 & n.8.

Defendants do not ask the Court to revisit those holdings here. However, Defendants respectfully submit that the conflicting authorities cited in the Motion to Dismiss Order itself, as

---

[1] Unless otherwise indicated, all capitalized terms are as defined in Defendants' Memorandum of Law in Support of Their Motion to Strike and Motion to Dismiss the Amended Complaint, Doc. 27 (the "Motion to Dismiss" or "MTD"). The "Motion to Dismiss Opposition" or "MTD Opp'n" refers to Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Strike and Motion to Dismiss, Doc. 35. Defendants' Reply (or "MTD Reply") refers to Defendants' Reply Memorandum of Law in Further Support of Their Motion to Strike and Motion to Dismiss the Amended Complaint, Doc. 38.

well as the additional decisions cited in the related briefing, demonstrate that there is "substantial ground for a difference of opinion" on these "controlling question[s] of law" that "may materially advance the ultimate termination of this litigation," justifying an immediate appeal. 28 U.S.C. § 1292(b).  Moreover, as the Court noted in the Motion to Dismiss Order, these are "issue[s] of first impression before the Court" as to which "there is no binding Tenth Circuit or Supreme Court opinion," MTD Order at 15, 17, further supporting an appeal under § 1292(b), so that the Tenth Circuit can provide clarity on these threshold legal issues that have divided district courts around the country.  Defendants therefore respectfully request that the Court certify these questions for interlocutory appeal to the Tenth Circuit.

## BACKGROUND

On September 23, 2022, the SEC announced a settlement with Compass Minerals and issued the accompanying SEC Order, alleging that the Company made misrepresentations about the challenges it faced during a complex technological upgrade at its Goderich salt mine.  MTD Order at 12.  Significantly, however, the SEC Order "declined to find that [the individual defendants named here] or any other Compass executives acted with scienter."  *Id.*  To the contrary, the SEC Order stated that those individuals were "focus[ed] on saying what they believed was justified and supported by their subordinates," and alleged only non-scienter-based claims against the Company, which itself entered into the settlement "without admitting" the SEC's allegations.  MTD at 9.

This putative securities class action was filed less than one month later.  *See* MTD Order at 12.  As stated in the MTD Order, the operative Amended Complaint "borrows heavily" from the SEC Order in order to allege scienter-based fraud claims.  *Id.* at 17.  In connection with the Motion to Dismiss, Defendants submitted an exhibit showing that "the Amended Complaint's

2

allegations of wrongdoing are copied nearly verbatim from the SEC Order," MTD Reply at 1, and the Court subsequently stated that the number of paragraphs in the Amended Complaint that "mirror language found in the SEC Order" is "much higher" than the examples identified by Defendants.  MTD Order at 13 n.14.  In fact, the Court observed that "each of the factual allegations upon which Plaintiffs rely to show Defendants' falsity and scienter either copy or paraphrase the SEC Order."  *Id.* at 17.

In the Motion to Dismiss Order, the Court likewise acknowledged authority from other district courts holding that such unproven allegations copied from other proceedings are "immaterial under Rule 12(f)," *id.* at 14, but sided with the contrary district court authority cited by Plaintiffs, "[g]iven that there is no binding Tenth Circuit or Supreme Court opinion on the issue[s]."  *Id.* at 15.  The Court further acknowledged that other district courts have rejected such copied allegations as insufficiently investigated under Rule 11(b), *id.* at 15–16, but adopted the contrary reasoning of another district court, stating that it was "an issue of first impression before the Court" and "[i]t seems unlikely that a private party . . . conducting a reasonable investigation would uncover th[e] internal reports" referenced in the SEC Order.  *Id.* at 17–18.

## ARGUMENT

"A district judge may certify an interlocutory order for immediate appeal when the judge is of the opinion that such order (1) involves a controlling question of law (2) as to which there is substantial ground for difference of opinion and that (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation."  *KPH Healthcare Servs., Inc. v. Mylan N.V.*, 2022 WL 16551340, at *1 (D. Kan. Oct. 21, 2022).  A district court thus has "discretion to certify an interlocutory order for appeal under § 1292(b)," *id.*, which is particularly appropriate to exercise where "extended and expensive proceedings probably can be avoided by

3

immediate final decision of controlling questions encountered early in the action." *Utah ex rel. Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994); *see also In re Indep. Serv. Orgs. Antitrust Litig.*, 1997 WL 450028, at *4 (D. Kan. July 17, 1997) ("[O]ne of the primary purposes of section 1292(b) [is] to avoid the burdens on the parties and the court of unnecessary or repeated protracted proceedings."). District courts likewise "have discretion to determine whether to stay proceedings pending disposition of an interlocutory appeal." *Farmer v. Kan. State Univ.*, 2017 WL 3674964, at *2 (D. Kan. Aug. 24, 2017).

## I.   Interlocutory Appeal Is Warranted Because All Three § 1292(b) Factors Are Met

Under the foregoing standards, the Motion to Dismiss Order presents at least three questions of controlling law on which there is substantial ground for a difference of opinion and that could materially advance the termination of this litigation:

(1)   Whether "references to preliminary steps in litigations and administrative proceedings that did not result in an adjudication on the merits or legal or permissible findings of fact are, as a matter of law, immaterial under Rule 12(f)," MTD Order at 14;

(2)   Whether plaintiffs run afoul of Rule 11(b)'s requirement of "personally investigat[ing] their claims against defendants" where "each of the factual allegations upon which [they] rely" for necessary elements of those claims are "cop[ied] or paraphrase[d]" from another source, *id.* at 16–17; and

(3)   Whether unproven allegations in a non-scienter-based settlement order can provide particularized facts raising a strong inference of scienter under the PSLRA, *id.* at 44.[2]

Accordingly, Defendants respectfully submit that the Court certify these potentially dispositive questions for immediate appellate review.

---

[2] The Motion to Dismiss Order identified an additional issue as one that "[t]he Tenth Circuit has not weighed in on" and that has divided other circuit courts: whether "a violation of SK-303 can []ever form the basis for liability under Section 10-b." MTD Order at 34 (identifying circuit split between the Ninth Circuit and the Second and Eleventh Circuits). However, Defendants do not currently seek an interlocutory appeal on this issue because it would not be fully dispositive of this case and the Supreme Court is currently considering the same question. *See Moab Partners, L.P. v. Macquarie Infrastructure Corp.*, 2022 WL 17815767 (2d Cir. Dec. 20, 2022), *cert. granted sub nom. Macquarie Infrastructure v. Moab Partners, L.P.*, 2023 WL 6319659 (U.S. Sept. 29, 2023).

## A.  The Identified Issues Are Controlling Questions of Law

The three issues presented here—which concern the legal standards for pleading a claim imposed by the Federal Rules of Civil Procedure and the PSLRA—are plainly controlling questions of law, as required by § 1292(b).

For these purposes, a question of law is one that "involves the meaning of a statute, constitution, regulation, or common-law doctrine, as opposed to a question of fact." *Raymond v. Spirit Aerosystems Holdings, Inc.*, 2019 WL 1922170, at *2 (D. Kan. Apr. 30, 2019).  And such a question of law "is controlling if interlocutory reversal would terminate the action or substantially affect the course of litigation." *Fox v. TransAm Leasing, Inc.*, 2015 WL 4243464, at *3 (D. Kan. July 13, 2015).  In other words, an "issue presents a controlling question of law" when it "will determine if plaintiff's [] claim ends here or will move forward for discovery." *McHenry v. City of Ottawa, Kan.*, 2017 WL 4758947, at *2 (D. Kan. Oct. 20, 2017); *see also* 19 James Wm. Moore et al., Moore's Federal Practice § 203.31(3d ed. 2023) ("Of course, if resolution of the question being challenged on appeal will terminate the action in the district court, it is clearly controlling.").

Courts have thus regularly concluded that the proper interpretation of the legal standards applicable to whether a complaint has stated a claim—like the issues raised here—present controlling questions of law.  *See, e.g.*, *Farmer*, 2017 WL 3674964, at *2 (issue of whether plaintiff was "required to plead [certain] facts" to state a claim was a "purely legal question" and "a controlling question of law").[3]

---

[3] *See also Overdam v. Texas A&M Univ.*, 43 F.4th 522, 526 (5th Cir. 2022) ("identify[ing]" question about "what is the proper pleading standard for a Title IX claim" as a "controlling question[] of law"); *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 624–27 (7th Cir. 2010) (holding question about "whether the . . . complaint states a claim under the standard for pleading set forth in *Twombly*" is a controlling question of law); *Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc.*, 531 F.3d 190, 194 (2d Cir. 2008) (considering interlocutory appeal concerning pleading standard applicable to corporate scienter in securities actions under the PSLRA).

## B.  There Is Substantial Ground For Difference Of Opinion

The Motion to Dismiss Order itself, and the related briefing, also establish that there is a substantial ground for difference of opinion on the issues raised here.

"For the court to find a substantial ground for difference of opinion, the court must conclude that the question of law is difficult, novel, and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions." *KPH Healthcare*, 2022 WL 16551340, at *2 (internal quotations omitted).  A party therefore "can satisfy the substantial ground for difference of opinion requirement by presenting 'colorable arguments' supporting its position on the question of law—grounds, though they failed to persuade the district court in its ruling, still presented a 'colorable' basis for an alternative decision on the question of law."  *Id.*  Courts in this district have also found this requirement satisfied where the moving party "presents a tenable argument that there may be grounds for disagreement" or where "the court did not find the arguments to be implausible."  *Fox*, 2015 WL 4243464, at *3–4.  Although "present[ing] a question of first impression is not, by itself, sufficient" to grant an appeal, courts have noted the fact that "the Supreme Court and the Tenth Circuit have not directly addressed" the issue as a relevant factor in deciding whether to permit an appeal.  *McHenry*, 2017 WL 4758947, at *2.  Similarly, although identifying "contradictory case law, by itself," does not automatically "qualify a case for certification," "this Court has usually relied on the party showing persuasive differing judicial opinions on the issue, even if those opinions are outside the Tenth Circuit" in order to raise a substantial ground for difference of opinion.  *Coca v. City of Dodge City*, 2023 WL 3948472, at *2 (D. Kan. June 12, 2023).[4]

---

[4] *See also APCC Servs. Inc. v. Sprint Commc'ns Co., L.P.*, 297 F. Supp. 2d 90, 97–98 (D.D.C. 2003) ("A substantial ground for difference of opinion is often established by a dearth of precedent within the controlling jurisdiction and conflicting decisions in other circuits.  A substantial ground for dispute also exists where a court's challenged decision conflicts with decisions of several other courts.") (internal citations omitted).

There is substantial ground for difference of opinion on the three issues raised here under these standards. *First*, as the Court explicitly acknowledged in the Motion to Dismiss Order, "there is no binding Tenth Circuit or Supreme Court opinion on the issue" of whether unproven allegations copied from a settlement order are immaterial under Rule 12(f), MTD Order at 15, and the question of whether "copy[ing] or paraphras[ing]" such allegations satisfies Rule 11(b) was likewise "an issue of first impression before the Court." *Id.* at 17. Defendants are similarly not aware of any controlling law holding that a plaintiff can raise a strong inference of scienter under the PSLRA based on unproven allegations made in support of non-fraud-based claims in a settlement order. *Id.* at 44.

*Second*, as the Court also recognized in the Motion to Dismiss Order, there are a large number of cases that have reached holdings on the issues presented that are contrary to the Court's decision here, including "several cases from the Southern District of New York" holding that unproven allegations from regulatory orders and other actions are immaterial under Rule 12(f), and additional cases from the Southern District of New York and the Northern District of California finding that copying such allegations without independently investigating them is improper under Rule 11(b). *Id.* at 14, 15–16. Nor were these cases cited in the Motion to Dismiss Order outlier decisions: a multitude of decisions in the Southern District of New York[5]

---

[5] *See, e.g.*, *Kumaran v. Nat'l Futures Ass'n*, 2023 WL 3160116, at *12 (S.D.N.Y. Apr. 28, 2023) (it would be "improper" for plaintiff to incorporate allegations from complaint in another case); *Francois v. Victory Auto Grp. LLC*, 2023 WL 373250, at *5 (S.D.N.Y. Jan. 24, 2023) (courts "routinely" strike allegations drawn from other actions); *Flores v. Forster & Garbus, LLP*, 2020 WL 5603486, at *1 n.2 (S.D.N.Y. Sept. 17, 2020) (striking allegations drawn from settlement with state attorney general); *Gruber v. Gilbertson*, 2019 WL 4458956, at *9 (S.D.N.Y. Sept. 17, 2019) (striking allegations based on SEC letters); *N. Collier Fire Control & Rescue Dist. Firefighter Pension Plan & Plymouth Cnty. Ret. Ass'n v. MDC Partners, Inc.*, 2016 WL 5794774, at *8 (S.D.N.Y. Sept. 30, 2016) (courts "generally" strike "parroted allegations"); *United States ex rel. Grabcheski v. Am. Int'l Grp., Inc.*, 2016 WL 9083376, at *4 (S.D.N.Y. Mar. 31, 2016), *aff'd sub nom. Grabcheski v. Am. Int'l Grp., Inc.*, 687 F. App'x 84 (2d Cir. 2017) (disregarding allegations from consent orders with state regulator); *In re CRM Holdings, Ltd. Sec. Litig.*, 2012 WL 1646888, at *16 n.15, *18–19, *26 (S.D.N.Y. May 10, 2012) (disregarding "unproven allegations" from regulatory complaints, notices, and letters); *Low v. Robb*, 2012 WL 173472, at *9 (S.D.N.Y. Jan. 20, 2012) (striking references to other disputes and lawsuits); *In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 588, 593 (S.D.N.Y. 2011) (striking allegations from CFTC settlement order); *Footbridge Ltd. v.*

7

(and elsewhere)[6] have struck copied allegations under Rule 12(f) or otherwise disregarded them, including recent ones that have referred to that holding as "clear,"[7] "well settled,"[8] and the "prevailing view."[9]  Similarly, many cases across the country have rejected copied allegations as insufficiently investigated under Rule 11(b).[10]  And a number of other decisions have held that a

*Countrywide Home Loans, Inc.*, 2010 WL 3790810, at *5 (S.D.N.Y. Sept. 28, 2010) (striking paragraphs that were "based on pleadings and settlements in other case and government investigations"); *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 403 (S.D.N.Y. 2009), *aff'd*, 387 F. App'x 72 (2d Cir. 2010) (striking allegations based on complaints filed in actions that were never resolved on the merits); *In re Merrill Lynch & Co., Inc. Research Reps. Sec. Litig.*, 218 F.R.D. 76, 79 (S.D.N.Y. 2003) (striking allegations "that refer to or rely on the SEC's complaints").

[6] *See, e.g.*, *Bartesch v. Cook*, 941 F. Supp. 2d 501, 507 (D. Del. 2013) ("As other courts in the Third Circuit have held, it is not appropriate for the Court to give weight to the allegations from another complaint because they are unproven and contested."); *Teamsters Loc. 456 Pension Fund v. Universal Health Servs.*, 396 F. Supp. 3d 413, 468 (E.D. Pa. 2019) (declining to credit allegations from another case because they are "just that—allegations"); *Conde v. Sensa*, 259 F. Supp. 3d 1064, 1070 (S.D. Cal. 2017) ("unproven state-court allegations may not validly support a plaintiff's cause of action"); *In re Trilegiant Corp., Inc.*, 11 F. Supp. 3d 82, 131 (D. Conn. 2014), *aff'd sub nom. Williams v. Affinion Grp., LLC*, 889 F.3d 116 (2d Cir. 2018) (striking allegations based on settlement with state attorneys general); *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp., Inc.*, 2014 WL 3569338, at *4 (E.D.N.Y. July 18, 2014) (striking allegations based on FDIC consent order); *In re Rough Rice Commodity Litig.*, 2012 WL 473091, at *5 (N.D. Ill. Feb. 9, 2012) (ignoring allegations that were "derived wholesale from the CFTC Order"); *Clugston v. Nationwide Mut. Ins. Co.*, 2006 WL 1290450, at *4 (M.D. Pa. May 10, 2006) (striking allegations based on statement by state agency); *Gotlin v. Lederman*, 367 F. Supp. 2d 349, 364 (E.D.N.Y. 2005), *aff'd sub nom. Gotlin ex rel. Cnty. of Richmond v. Lederman*, 483 F. App'x 583 (2d Cir. 2012) (striking allegations based on investigations by attorney general); *Scognamillo v. Credit Suisse First Bos. LLC*, 2005 WL 8162733, at *6 (N.D. Cal. Feb. 1, 2005) (striking "allegations regarding unadjudicated government investigations, regulatory actions, and other litigation").

[7] *Zhou v. NextCure, Inc.*, 2023 WL 4493541, at *11 (S.D.N.Y. July 12, 2023).

[8] *Sanfo v. Avondale Care Grp., LLC*, 2022 WL 3448100, at *6 (S.D.N.Y. Aug. 17, 2022).

[9] *Menora Mivtachim Ins. Ltd. v. Int'l Flavors & Fragrances Inc.*, 2021 WL 1199035, at *12 (S.D.N.Y. Mar. 30, 2021), *aff'd sub nom. Menora Mivtachim Ins. Ltd. v. Frutarom Indus. Ltd.*, 54 F.4th 82 (2d Cir. 2022).

[10] *See, e.g.*, *Plumbers & Pipefitters Loc. Union #295 Pension Fund v. CareDx, Inc.*, 2023 WL 4418886, at *4 (N.D. Cal. May 24, 2023) (applying Rule 11(b) to strike paragraphs "lift[ed]" from another complaint "without adequate independent corroboration"); *Ass'n of N.J. Chiropractors, Inc. v. Data iSight, Inc.*, 2022 WL 4483596, at *3 (D.N.J. Sept. 27, 2022) (striking paragraphs where plaintiffs "took no steps to independently verify the accuracy of the allegations" from another action); *Amorosa v. Gen. Elec. Co.*, 2022 WL 3577838, at *2 (S.D.N.Y. Aug. 19, 2022) (finding reliance on SEC order improper notwithstanding assertion plaintiff "did his 'own investigation and analysis'" that led to inclusion of additional "quotations from public filings" and "quotations from market analysts") (internal citation omitted); *Brooks v. United Dev. Funding III, L.P.*, 2020 WL 6132230, at *13 (N.D. Tex. Apr. 15, 2020) (striking paragraphs "taken from the complaint in the SEC Enforcement Action" under Rule 11(b)); *Luczak v. Nat'l Beverage Corp.*, 400 F. Supp. 3d 1318, 1327 (S.D. Fla. 2019), *rev'd in part on other grounds*, 812 F. App'x 915 (11th Cir. 2020) ("Plaintiff cannot merely crib allegations from a complaint in another jurisdiction as the sole source of support for his claims here."); *Veal v. LendingClub Corp.*, 423 F. Supp. 3d 785, 812 (N.D. Cal. 2019) ("Plaintiffs may not rely on facts alleged in the FTC Action without providing any independent corroboration."); *Attia v. Google LLC*, 2018 WL 2971049, at *15 (N.D. Cal. June 13, 2018) ("Given the nondelegable duty imposed on attorneys under Rule 11, courts routinely strike allegations that rely exclusively on the analysis and investigation of different attorneys in different actions."); *Elliot v. China Green Agrics., Inc.*, 2012 WL 5398863, at *3 (D. Nev. Nov. 2, 2012) ("When drafting a complaint, an attorney . . . may not rely entirely on other sources as the sole basis

plaintiff cannot plead scienter based on allegations in a regulatory settlement, particularly ones that involved non-fraud-based claims or contained allegations undercutting an inference of scienter.[11]  Indeed, other circuit courts that have considered these questions have issued decisions consistent with Defendants' positions.  *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 180 (2d Cir. 2015) (acknowledging that "a complaint that merely recites others' allegations may [] be insufficient," but finding that plaintiff there had alleged "non-conclusory facts" of its own about the purported wrongdoing "sufficient to render unproblematic any implied reliance on the SEC findings"); *In re Ceridian Corp. Sec. Litig.*, 542 F.3d 240, 248–49 (8th Cir. 2008) (where SEC conducted an investigation but "no hearing or adverse findings ensued," the "opposing inference[]" that "the SEC investigation uncovered no evidence of fraud" is "more compelling" than inference of scienter).

---

for the complaint's allegations."); *Me. State Ret. Sys. v. Countrywide Fin. Corp.*, 2011 WL 4389689, at *20 (C.D. Cal. May 5, 2011) ("Plaintiffs cannot rely on allegations from complaints in other cases if the Plaintiffs themselves have not investigated the allegations."); *In re Karagianis*, 2009 WL 4738188, at *4 (Bankr. D.N.H. Dec. 4, 2009) ("no authority stands for the proposition that an attorney can rely entirely on another complaint as the sole basis for the allegations"); *Fraker v. Bayer Corp.*, 2009 WL 5865687, at *3 (E.D. Cal. Oct. 6, 2009) (allegations from another complaint "cannot stand in for the entire body of substantive allegations in the present action"); *In re Connetics Corp. Secs. Litig.*, 542 F. Supp. 2d 996, 1005 (N.D. Cal. 2008) (striking paragraphs drawn from SEC complaint); *Geinko v. Padda*, 2002 WL 276236, at *5–6 (N.D. Ill. Feb. 27, 2002) (rejecting as "improper" "hearsay allegations" "recited" from SEC complaint).

[11] *See, e.g.*, *Saraf v. Ebix, Inc.*, 2023 WL 4561655, at *7 (S.D.N.Y. July 17, 2023) ("it is well established that unproven allegations in another case provide no support for an inference of scienter"); *Sjunde AP-Fonden v. Gen. Elec. Co.*, 2021 WL 311003, at *14 (S.D.N.Y. Jan. 29, 2021) (rejecting attempt to plead scienter by relying on a "non-scienter-based" SEC settlement where "in several respects, the Settlement actually undermines Plaintiffs' allegations of scienter" because it asserted "executives were not informed" of certain issues) (citation omitted); *Elec. Workers Pension Fund, Loc. 103, I.B.E.W. v. HP Inc.*, 2021 WL 4199273, at *6 (N.D. Cal. Sept. 15, 2021) (SEC order with exculpatory statements did not raise inference of scienter); *Fries v. N. Oil & Gas, Inc.*, 285 F. Supp. 3d 706, 722 (S.D.N.Y. 2018) (declining to find scienter based on SEC settlement that "implicated [defendant] in negligent, not fraudulent, conduct"); *ScripsAmerica, Inc. v. Ironridge Global, LLC*, 119 F. Supp. 3d 1213, 1263 (C.D. Cal. 2015) ("[t]here is no authority suggesting that the allegations in an SEC order, which are unproved and contested, can properly be considered evidence of scienter"); *Kyung Cho v. UCBH Holdings, Inc.*, 890 F. Supp. 2d 1190, 1203 (N.D. Cal. 2012) ("allegations from other complaints or documents, which are unproved and are contested, may not be used to establish facts to demonstrate scienter"); *In re Apollo Grp., Inc. Secs. Litig.*, 2011 WL 5101787, at *10 n.5 (D. Ariz. Oct. 27, 2011) ("because allegations from other complaints are unproven and contested, they do not amount to 'facts' sufficient to establish a strong inference of scienter" under the PSLRA); *Rains v. Zale Corp.*, 2011 WL 3331213, at *5 (N.D. Tex. Aug. 1, 2011) ("The fact that the SEC chose to only charge [defendant] with violations of [non-fraud claims] instead of under Section 10 is consistent with [non-fraudulent] inference.").

9

*Third*, as should be clear from the large volume of cases that have agreed with Defendants' view on these issues, the arguments in support of those positions (at the very least) are "colorable" or "present[] a tenable argument that there may be grounds for disagreement." *See supra* at 6. In short, there are plausible arguments—adopted by the extensive authority cited above—that unproven and contested allegations contained in a regulatory settlement entered into to avoid protracted litigation cannot be asserted as true in a separate complaint, particularly where (as here) the plaintiffs attempt to use a non-fraud-based settlement as the source of "each of the factual allegations upon which [they] rely to show Defendants' . . . scienter," MTD Order at 17, and identify no independent investigation they undertook of those allegations. *Id.* (only citing "allegations external to the SEC Order" concerning "the particularity of Defendants' statements and the aftereffects of those statements on Compass's stock prices," rather than any investigation into scienter). Indeed, allowing Plaintiffs to so heavily rely on unproven allegations copied from a regulatory settlement would fundamentally threaten "the high public policy value of encouraging entities and individuals to settle their disputes with the SEC and similar governmental agencies" because it "would likely have a chilling effect on future attempts by the SEC to settle similar cases as companies that are the subject of an SEC investigation would necessarily weigh the benefits of a settlement against the possible damage that the settlement would do to their prospects in pending or future litigation." *Carpenters Health & Welfare Fund v. Coca-Cola Co.*, 2008 WL 9358563, at *3 (N.D. Ga. Apr. 23, 2008).

Moreover, in deciding whether these contrary arguments are sufficiently "colorable" or "tenable" to justify an appeal, the Court should be mindful that "[t]he level of uncertainty required to find a substantial ground for difference of opinion should be adjusted to meet the importance of the question in the context of the specific case." 16 Charles Alan Wright & Arthur

10

R. Miller, *Federal Practice and Procedure* § 3930 (3d ed. 2023). Accordingly, "[i]f proceedings that threaten to endure for several years depend on an initial question of jurisdiction, limitations, or the like, certification may be justified at a relatively low threshold of doubt." *Id.* Here, following the Motion to Dismiss Order, the parties stand on the precipice of protracted proceedings, which may include extensive discovery, complex class certification issues, and extensive summary judgment briefing. *See, e.g.*, *Bennett v. Sprint Nextel Corp.*, No. 2:09-cv-02122-EFM-KMH, Doc. 289 at 3–4 (D. Kan. filed May 8, 2015) (settlement approval brief in securities class action filed after "hard fought litigation over six years," which included "more than 2.5 million pages of documents" produced by defendants, "1.7 million pages produced by non-parties," 61 third-party subpoenas, 38 fact and corporate representative depositions, "260 hours of deposition testimony from [d]efendants," and "25 hours of non-party testimony"). In light of this posture, the many conflicting decisions identified above are plainly sufficient to justify the "relatively low threshold of doubt" required to certify an appeal.

### C. Resolving The Relevant Issues Would Materially Advance The Ultimate Termination Of The Litigation

Finally, for many of the reasons discussed above, granting an appeal to consider the three issues raised here would also materially advance the ultimate termination of the litigation.

The requirement that an appeal materially advance the ultimate termination of the litigation "is met where an immediate appeal would eliminate the need for a trial, eliminate complex issues so as to simplify the trial, or make discovery easier and less costly." *Freedom Transp., Inc. v. Navistar Int'l Corp.*, 2020 WL 108670, at *5 (D. Kan. Jan. 9, 2020). "This element turns on pragmatic considerations, assessed by reviewing the procedural and substantive status of the case, the extent of the parties' preparation for trial, and the nature and scope of the requested relief." *Id.* And courts deciding this factor often consider "one of the primary

11

purposes of section 1292(b), *i.e.*, to avoid the burdens on the parties and the court of unnecessary . . . protracted proceedings." *In re Indep. Serv. Orgs.*, 1997 WL 450028, at *4. Accordingly, where (as here) a reversal on appeal could result in the complete dismissal of an action, courts readily find this requirement met.  *See, e.g.*, *Farmer*, 2017 WL 3674964, at *6 (agreeing that an "interlocutory appeal of the [relevant] issue will materially advance the ultimate determination of this litigation because a ruling in [the moving party's] favor on appeal would terminate this matter" and "prevent potentially costly proceedings).[12]  And, again, the discovery burdens on the parties, non-parties, and the court that may be avoided by an appeal in a case like this could be extremely significant.  *See supra* at 11.

## II.  The Court Should Stay This Proceeding Pending Appeal

If the Court allows an appeal to proceed here, it should also exercise its discretion to stay this proceeding pending the resolution of that appeal.

Under § 1292(b), "the Court has discretion to determine whether to stay proceedings pending disposition of an interlocutory appeal." *Farmer*, 2017 WL 3674964, at *6.  Stays have been granted where (as here) the appeal could "terminate th[e] litigation and prevent potentially costly proceedings," *id.*, because in that circumstance "the time and effort of the parties and the court would be best served by staying [the] claims while the appeal is pending." *Beltronics USA, Inc. v. Midwest Inventory Distrib. LLC*, 545 F. Supp. 2d 1188, 1190 (D. Kan. 2008).  And such a stay is particularly appropriate here, where any appeal would raise narrow legal issues that could

---

[12] Moreover, even if the Tenth Circuit ultimately affirms the Court's decision, its analysis of the significance of the allegations in the SEC Order, and their relevance to the issues of falsity and scienter, could provide important guidance for the case going forward.  *See McHenry*, 2017 WL 4758947, at *2 (holding appeal would advance the ultimate termination of the litigation because "[i]f the Tenth Circuit holds that the [statute] does not apply as pleaded by plaintiff, then that claim will end and possibly spare the parties needless, costly litigation" but, "[c]onversely, even if the Tenth Circuit holds plaintiff's Complaint sufficiently alleges [a claim], the Tenth Circuit might provide guidance on such a claim" that "would help [the] parties focus their discovery requests and save litigation expense").

be resolved quickly and the burdens of discovery that may be avoided by such an appeal could be enormous.  *Id.*

Moreover, a brief stay pending appeal is also consistent with—if not required by—the PSLRA, which imposes an automatic stay of discovery in private securities actions "during the pendency of any motion to dismiss."  15 U.S.C. § 78u-4(b)(3)(B).  This provision of the PSLRA was intended to "prevent[] a plaintiff from bringing an action without first possessing the information necessary to satisfy the heightened pleading requirements" and then using burdensome "discovery to obtain that information and resuscitate a complaint that would otherwise be dismissed."  *Cornielsen v. Infinium Cap. Mgmt., LLC*, 916 F.3d 589, 601 (7th Cir. 2019); *see also* S. Rep. No. 104–98, at 14 (1995) (committee report on PSLRA stating, due to the "cost of discovery," "discovery should be permitted in securities class actions only after the court has sustained the legal sufficiency of the complaint").[13]  Accordingly, if the Court allows an appeal, under the PSLRA Plaintiffs should not receive the benefit of burdensome discovery before the circuit is able to consider the sufficiency of their existing complaint.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and stay all proceedings pending resolution of that appeal.

---

[13] Defendants acknowledge the Court's observation that "[i]t seems unlikely that a private party—i.e., Plaintiffs—conducting a reasonable investigation would uncover th[e] internal reports" that they copied from the SEC Order, MTD Order at 18, but respectfully submit that Congress considered and rejected that policy consideration in adopting the PSLRA's stay of discovery. *See Local No. 8 IBEW Ret. Plan & Tr. v. Vertex Pharm., Inc.*, 838 F.3d 76, 83 n.9 (1st Cir. 2016) (rejecting scienter argument that "prior to discovery, few plaintiffs will be in a position to make specific allegations about the form of internal documents" because "while a trawl through archives may sometimes catch a few fish, Congress, for reasons of its own, deliberately raised the entry bar to discovery through . . . the PSLRA's heightened pleading standards").

DATED:  December 29, 2023

HUSCH BLACKWELL LLP
SARA A. FEVURLY, KS #27537


*/s/ Sara A. Fevurly*
SARA A. FEVURLY
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone:  816/983-8000
Sara.Fevurly@huschblackwell.com

CATHERINE HANAWAY
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Telephone :  314/480-1500
Catherine.Hanaway@huschblackwell.com


CLEARY GOTTLIEB STEEN
& HAMILTON LLP
VICTOR L. HOU
JARED GERBER
One Liberty Plaza
New York, NY  10006
Telephone:  212/225-2000
vhou@cgsh.com
jgerber@cgsh.com

*Counsel for Defendants*

14

## CERTIFICATE OF SERVICE

Pursuant to D. Kans. Loc. R. 5.1(f), I hereby certify that on this 29th day of December 2023, a true and correct copy of the foregoing was served via the United States District Court's CM/ECF system on all parties or persons requiring notice, including upon attorneys for plaintiffs:

Norman Eli Siegel
STUEVE SIEGEL HANSON, LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
816-714-7100
siegel@stuevesiegel.com

Andrew M. McNeela
Ira M. Press
Thomas W. Elrod
KIRBY MCINERNEY LLP
250 Park Avenue, Suite 820
New York, NY 10177
212-371-6600
Fax: 212-751-2540
amcneela@kmllp.com
ipress@kmllp.com

Joseph J. Tull
Darryl J. Alvarado
ROBBINS GELLER RUDMAN
& DOWD, LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
619-231-1058
Fax: 619-231-7423
jtull@rgrdlaw.com
dalvarado@rgrdlaw.com

Erin W. Boardman
ROBBINS GELLER RUDMAN
& DOWD, LLP
58 S. Service Road, Suite 200
Melville, NY 11747
631-367-7100
Fax: 631-367-1173
eboardman@rdrdlaw.com

By:/s/ Sara A. Fevurly
Sara Fevurly KS #27537
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone:  816/983-8000
Sara.Fevurly@huschblackwell.com