UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| LOCAL 295 IBT EMPLOYER GROUP WELFARE FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>COMPASS MINERALS INTERNATIONAL, INC., FRANCIS J. MALECHA, JAMES D.  STANDEN, and ANTHONY J. SEPICH,<br><br>Defendants. | Case No. 2:22-cv-02432-EFM-ADM<br><br>CLASS ACTION |

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT FOR
<u>VIOLATIONS OF THE FEDERAL SECURITIES LAWS</u>**

i

# ANSWER

Defendants Compass Minerals International, Inc. ("Compass Minerals" or the "Company"), Francis J. Malecha ("Malecha"), James D. Standen ("Standen"), and Anthony J. Sepich ("Sepich" and, together with Malecha and Standen, the "Individual Defendants" and, together with Compass Minerals, "Defendants") by and through their undersigned counsel, hereby answer the Amended Complaint for Violations of the Federal Securities Laws (Doc. 23, the "AC"), filed by Local 295 IBT Employer Group Welfare Fund and Retail Wholesale Department Store Union Local 338 Retirement Fund (together, "Plaintiffs") in the above-captioned action (the "Action").  Defendants deny all factual allegations in the AC, including without limitation all allegations appearing in headings, sub-headings, footnotes, charts, and photos, except as otherwise stated below.  Defendants expressly reserve the right to amend and/or supplement their Answer.

On December 12, 2023, the Honorable Eric F. Melgren issued a Memorandum and Order denying Defendants' motion to strike and granting in part and denying in part Defendants' motion to dismiss (the "Order").  In particular, the Court found that Plaintiffs (1) did not adequately plead that Defendant Standen's May 16, 2018 statement that Compass Minerals would realize "approximately $40 million in annualized cost reductions within the salt segment" was false, *id.* at 26–27, and (2) failed to allege that Defendant Standen's and Defendant Sepich's 2018 statements about $15 million of cost savings were false, *id.* at 28.

To the extent that the unnumbered paragraphs on page one of the AC purport to characterize this Action, no responsive pleading is required.  To the extent that the unnumbered paragraphs on page one of the AC purport to assert that there is a basis in fact or law for Plaintiffs' claims against Defendants, Defendants deny those allegations.  To the extent that the

unnumbered paragraphs on page one of the AC concern the knowledge or actions of others, Defendants lack information and knowledge sufficient to form a belief as to the truth of those allegations and therefore deny those allegations. With respect to the remaining allegations in the unnumbered paragraphs on page one of the AC, Defendants deny those allegations.

## SPECIFIC RESPONSES

1. To the extent that the allegations in Paragraph 1 purport to characterize this Action, no responsive pleading is required. To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 1.

2. Defendants refer to Compass Minerals' Form 10-K filed with the SEC during the relevant period for a complete and accurate description of its business, and otherwise deny the allegations in Paragraph 2.

3. Defendants refer to Compass Minerals' Form 10-K filed with the SEC during the relevant period for a complete and accurate description of its business, and otherwise deny the allegations in Paragraph 3.

4. Defendants refer to Compass Minerals' Form 10-K filed with the SEC during the relevant period for a complete and accurate description of its business, and otherwise deny the allegations in Paragraph 4.

5. Defendants deny the allegations in Paragraph 5.

6. Defendants deny the allegations in Paragraph 6.

7. Defendants admit that Defendant Malecha was the Company's CEO as of April 2017, but otherwise deny the allegations in Paragraph 7.

8. To the extent that the allegations in Paragraph 8 purport to assert conclusions of law, no responsive pleading is required. To the extent a response is otherwise required, Defendants

deny the allegations in Paragraph 8, except refer to the referenced and quoted statement for its complete and accurate contents.

9. To the extent that the allegations in Paragraph 9 purport to assert conclusions of law, no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 9, except refer to the referenced documents, to the extent those documents exist, and quoted statements for their complete and accurate contents.

10. Defendants deny the allegations in Paragraph 10, except refer to the referenced statement for its complete and accurate contents.

11. To the extent that the allegations in Paragraph 11 purport to assert conclusions of law, no responsive pleading is required. To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 11, except refer to the referenced and quoted statement for its complete and accurate contents.

12. To the extent that the allegations in Paragraph 12 purport to assert conclusions of law, no responsive pleading is required. To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 12.

13. To the extent that the allegations in Paragraph 13 relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required. To the extent any other response is required, Defendants deny the allegations in Paragraph 13, except refer to the referenced and quoted statements for their complete and accurate contents.

14. Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 14 to the extent that those allegations concern the knowledge or actions of others and therefore deny those allegations. To the extent that the allegations in Paragraph 14 relate to claims that have been dismissed pursuant to the

4

Court's Order, no responsive pleading is required. To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 14, except refer to Compass Minerals' publicly available share price on the relevant dates.

15.     Defendants deny the allegations in paragraph 15, except refer to the referenced announcement and analyst report for their complete and accurate contents and to Compass Minerals' publicly available share price on the relevant dates.

16.     Defendants deny the allegations in Paragraph 16.

17.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 17 to the extent that those allegations concern the knowledge or actions of others and therefore deny those allegations. To the extent that the allegations in Paragraph 17 purport to assert conclusions of law, no responsive pleading is required. To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 17, except refer to the referenced SEC Order and referenced and quoted statements for their complete and accurate contents.

18.     To the extent that the allegations in Paragraph 18 purport to assert conclusions of law or characterize this Action, no response is required. To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 18.

19.     To the extent that the allegations in Paragraph 19 purport to assert conclusions of law, no responsive pleading is required. To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 19, except refer to the referenced statutes for their complete and accurate contents.

20.     To the extent that the allegations in Paragraph 20 purport to assert conclusions of law, no responsive pleading is required. To the extent that a response is otherwise required,

Defendants deny the allegations in Paragraph 20, except refer to the referenced statutes for their complete and accurate contents.

21.    To the extent that the allegations in Paragraph 21 purport to assert conclusions of law or characterize this Action, no response is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 21.

22.    Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 22 to the extent that those allegations concern the knowledge or actions of others and therefore deny those allegations.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 22.

23.    Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 23 to the extent that those allegations concern the knowledge or actions of others and therefore deny those allegations.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 23.

24.    Defendants admit Paragraph 24.

25.    Defendants admit that Defendant Malecha served as CEO, President, and a Director of Compass Minerals from 2013 until November 19, 2018, but otherwise deny the allegations in Paragraph 25.

26.    Defendants admit that Defendant Standen served as CFO of Compass Minerals beginning on August 3, 2017 and previously held the position of Vice President, Finance and Treasurer.  Defendants otherwise deny the allegations in Paragraph 26.

27.    Defendants admit that Defendant Sepich served as Senior Vice President of Compass Minerals' Salt Segment from November 2016 until July 17, 2019.  Defendants otherwise deny the allegations in Paragraph 27.

28.    To the extent that the allegations in Paragraph 28 purport to characterize this Action, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 28.

29.    To the extent that the allegations in Paragraph 29 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 29.

30.    Defendants deny the allegations in Paragraph 30, except refer to Compass Minerals' 10-K filed with the SEC during the relevant period for a complete and accurate description of its business.

31.    Defendants deny the allegations in Paragraph 31.

32.    Defendants deny the allegations in Paragraph 32.

33.    Defendants deny the allegations in Paragraph 33, except refer to the referenced earnings call transcript and quoted statement for their complete and accurate contents.

34.    Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 34 to the extent that those allegations concern the knowledge or actions of others and therefore deny those allegations.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 34.

35.    Defendants deny the allegations in Paragraph 35 and footnote 1.

36.    Defendants deny the allegations in Paragraph 36.

37.    Defendants deny the allegations in Paragraph 37.

38.    Defendants deny the allegations in Paragraph 38 and footnote 2.

39.    Defendants deny the allegations in Paragraph 39.

40.    Defendants deny the allegations in Paragraph 40.

41.     Defendants deny the allegations in Paragraph 41, except refer to the referenced presentation, to the extent the presentation exists, and referenced and quoted statements for their complete and accurate contents.  To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 41.

42.     Defendants deny the allegations in Paragraph 42.

43.     Defendants deny the allegations in Paragraph 43.

44.     Defendants deny the allegations in Paragraph 44.

45.     Defendants deny the allegations in Paragraph 45.

46.     Defendants deny the allegations in Paragraph 46 and footnote 3.

47.     Defendants deny the allegations in Paragraph 47, except refer to the referenced earnings call and quoted statement for their complete and accurate contents.

48.     Defendants deny the allegations in Paragraph 48, except refer to the referenced earnings call and quoted statement for their complete and accurate contents.

49.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 49 to the extent that those allegations concern the knowledge or actions of others and therefore deny those allegations.  To the extent that further response is required, Defendants deny the allegations in Paragraph 49, except refer to the referenced earnings call and quoted statement for their complete and accurate contents.

50.     Defendants deny the allegations in Paragraph 50, except refer to the referenced earnings call and quoted statement for their complete and accurate contents.

51.     Defendants deny the allegations in Paragraph 51, except refer to the referenced conference's transcript and quoted statements for their complete and accurate contents.

52.     Defendants deny the allegations in Paragraph 52.

53.     Defendants deny the allegations in Paragraph 53.

54.     Defendants deny the allegations in Paragraph 54.

55.     To the extent that the allegations in Paragraph 55 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 55, except refer to the referenced statements for their complete and accurate contents.

56.     Defendants deny the allegations in Paragraph 56, except refer to the referenced and quoted statement for its complete and accurate contents.

57.     Defendants deny the allegations in Paragraph 57, except refer to the referenced and quoted statements for their complete and accurate contents.

58.     Defendants deny the allegations in Paragraph 58, except refer to the referenced and quoted statements for their complete and accurate contents.

59.     Defendants deny the allegations in Paragraph 59, except refer to the referenced and quoted statement for its complete and accurate contents.

60.     Defendants deny the allegations in Paragraph 60, except refer to the referenced and quoted statement for its complete and accurate contents.

61.     Defendants deny the allegations in Paragraph 61, except refer to the referenced and quoted statement for its complete and accurate contents.

62.     Defendants deny the allegations in Paragraph 62, except refer to the referenced earnings call and quoted statements for their complete and accurate contents.

63.     Defendants deny the allegations in Paragraph 63, except refer to the referenced statements for their complete and accurate contents.

64.    Defendants deny the allegations in Paragraph 64, except refer to the referenced conference call and quoted statement for their complete and accurate contents.

65.    Defendants deny the allegations in Paragraph 65, except refer to the referenced statement and documents, to the extent those documents exist, for their complete and accurate contents.

66.    To the extent that the allegations in Paragraph 66 purport to assert conclusions of law, no responsive pleading is required. To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 66, except refer to the referenced and quoted statement for its complete and accurate contents.

67.    Defendants deny the allegations in Paragraph 67.

68.    Defendants deny the allegations in Paragraph 68.

69.    Defendants deny the allegations in Paragraph 69.

70.    Defendants deny the allegations in Paragraph 70.

71.    To the extent that the allegations in Paragraph 71 purport to assert conclusions of law, no responsive pleading is required. To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 71, except refer to the referenced Form 10-K for its complete and accurate contents.

72.    To the extent that the allegations in Paragraph 72 purport to assert conclusions of law, no responsive pleading is required. To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 72, except refer to the referenced statements for their complete and accurate contents.

73.    Defendants deny the allegations in Paragraph 73.

74.    Defendants deny the allegations in Paragraph 74 and footnote 4.

75.     To the extent that the allegations in Paragraph 75 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 75, except refer to the referenced earnings call and statement for their complete and accurate contents.

76.     To the extent that the allegations in Paragraph 76 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 76, except refer to the referenced earnings call and statement for their complete and accurate contents.

77.     Defendants deny the allegations in Paragraph 77 and footnote 5, except refer to the referenced press release and quoted statement for their complete and accurate contents.

78.     Defendants deny the allegations in Paragraph 78, except refer to the referenced earnings call and statements for their complete and accurate contents.

79.     Defendants deny the allegations in Paragraph 79, except refer to the referenced presentation, slide, and quoted statements for their complete and accurate contents.

80.     Defendants deny the allegations in Paragraph 80,  except refer to the referenced presentation, slide, and referenced and quoted statements for their complete and accurate contents.

81.     To the extent that the allegations in Paragraph 81 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 81, except refer to the referenced reports, to the extent those reports exist, and referenced statements for their complete and accurate contents.

82.     Defendants deny the allegations in Paragraph 82, except refer to the referenced presentation and statements for their complete and accurate contents.

83.     Defendants deny the allegations in Paragraph 83.

84.     Defendants deny the allegations in Paragraph 84.

85.     Defendants deny the allegations in Paragraph 85.

86.     Defendants deny the allegations in Paragraph 86.

87.     Defendants deny the allegations in Paragraph 87.

88.     To the extent that the allegations in Paragraph 88 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 88, except refer to the referenced Forms 10-Q and 10-K for their complete and accurate contents.

89.     To the extent that the allegations in Paragraph 89 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 89, except refer to SEC Regulation S-K for its complete and accurate contents.

90.     To the extent that the allegations in Paragraph 90 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 90, except refer to the referenced SEC Regulation S-K, Item 7 of Form 10-K, and Item 2 of Form 10-Q for their complete and accurate contents.

91.     To the extent the allegations in Paragraph 91 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 91, except refer to Item 303(b) of SEC Regulation S-K for its complete and accurate contents.

92.     To the extent that the allegations in Paragraph 92 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required,

Defendants deny the allegations in Paragraph 92, except refer to SEC Regulation S-K for its complete and accurate contents.

93.     To the extent that the allegations in Paragraph 93 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 93, except refer to the referenced interpretive release for its complete and accurate contents.

94.     To the extent that the allegations in Paragraph 94 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 94, except refer to the referenced interpretive release for its complete and accurate contents.

95.     To the extent that the allegations in Paragraph 95 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 95.

96.     To the extent that the allegations in Paragraph 96 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 96, except refer to SEC Regulation S-K for its complete and accurate contents.

97.     To the extent that the allegations in Paragraph 97 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 97.

98.     To the extent that the allegations in Paragraph 98 purport to characterize this Action, no responsive pleading is required.  To the extent that a response is otherwise required,

Defendants deny the allegations in Paragraph 98, except refer to the referenced earnings call and quoted statements for their complete and accurate contents.

99. To the extent that the allegations in Paragraph 99 purport to assert conclusions of law, no responsive pleading is required. Defendants deny the allegations in Paragraph 99, except refer to the referenced earnings call, quoted statements, and reports, to the extent those reports exist, for their complete and accurate contents. To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 99.

100. To the extent that the allegations in Paragraph 100 purport to assert conclusions of law, no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 100, except refer to the referenced and quoted statement for its complete and accurate contents.

101. To the extent that the allegations in Paragraph 101 purport to assert conclusions of law, no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 101, except refer to the referenced and quoted statement for its complete and accurate contents.

102. To the extent that the allegations in Paragraph 102 purport to assert conclusions of law, no responsive pleading is required. To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 102, except refer to the referenced Form 10-Q for its complete and accurate contents.

103. Defendants deny the allegations in Paragraph 103, except refer to the referenced earnings call and quoted statements for their complete and accurate contents.

14

104.    To the extent that the allegations in Paragraph 104 purport to assert conclusions of law, no responsive pleading is required.  Defendants deny the allegations in Paragraph 104, except refer to the referenced earnings call and statements for their complete and accurate contents.

105.    Defendants deny the allegations in Paragraph 105, except refer to the referenced earnings call and quoted statements for their complete and accurate contents.

106.    To the extent that the allegations in Paragraph 106 purport to assert conclusions of law, no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 106, except refer to the referenced and quoted statements for their complete and accurate contents.

107.    Defendants deny the allegations in Paragraph 107, except refer to the referenced and quoted statements for their complete and accurate contents.

108.    To the extent that the allegations in Paragraph 108 purport to assert conclusions of law, no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 108, except refer to the referenced statements for their complete and accurate contents.

109.    Defendants deny the allegations in Paragraph 109, except refer to the referenced and quoted statements for their complete and accurate contents.

110.    To the extent that the allegations in Paragraph 110 purport to assert conclusions of law, no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 110, except refer to the referenced and quoted statements for their complete and accurate contents.

111.    Defendants deny the allegations in Paragraph 111, except refer to the referenced and quoted statements for their complete and accurate contents.

15

112.    Defendants deny the allegations in Paragraph 112, except refer to the referenced presentation and quoted statements and slide for their complete and accurate contents.

113.    To the extent that the allegations in Paragraph 113 purport to assert conclusions of law, no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 113, except refer to the referenced documents, to the extent those documents exist, and quoted statements for their complete and accurate contents.

114.    Defendants deny the allegations in Paragraph 114, except refer to Compass Minerals' publicly available share price on the relevant dates.

115.    To the extent that the allegations in Paragraph 115 purport to assert conclusions of law, no responsive pleading is required.  Defendants deny the allegations in Paragraph 115, except refer to the referenced Form 10-K and quoted statements for their complete and accurate contents.

116.    To the extent that the allegations in Paragraph 116 purport to assert conclusions of law, no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 116, except refer to the referenced Form 10-K and quoted statements for their complete and accurate contents.

117.    To the extent the allegations in Paragraph 117 relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 117, except refer to the referenced Form 10-K and quoted statements for their complete and accurate contents.

118.    To the extent that the allegations in Paragraph 118 purport to assert conclusions of law or relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the

16

allegations in Paragraph 118, except refer to the referenced Form 10-K and statements for their complete and accurate contents.

119. To the extent that the allegations in Paragraph 119 purport to assert conclusions of law, no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 119, except refer to the referenced Form 10-K for its complete and accurate contents.

120. Defendants deny the allegations in Paragraph 120, except refer to the referenced press release and quoted statements for their complete and accurate contents.

121. Defendants deny the allegations in Paragraph 121, except refer to the referenced Form 10-Q and quoted statements for their complete and accurate contents.

122. To the extent that the allegations in Paragraph 122 purport to assert conclusions of law, no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 122, except refer to the referenced Form 10-Q and statements for their complete and accurate contents.

123. To the extent that the allegations in Paragraph 123 purport to assert conclusions of law, no responsive pleading is required. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 123, except refer to the referenced Form 10-Q for its complete and accurate contents.

124. Defendants deny the allegations in Paragraph 124, except refer to the referenced earnings call and quoted statements for their complete and accurate contents.

125. Defendants deny the allegations in Paragraph 125, except refer to the referenced earnings call, presentation, and referenced and quoted statement in the referenced presentation for their complete and accurate contents.

126.    To the extent that the allegations in Paragraph 126 purport to assert conclusions of law, no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 126, except refer to the referenced statements for their complete and accurate contents.

127.    Defendants deny the allegations in Paragraph 127, except refer to the referenced earnings call and quoted statements for their complete and accurate contents.

128.    To the extent that the allegations in Paragraph 128 purport to assert conclusions of law, no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 128, except refer to the referenced earnings call and referenced and quoted statements for their complete and accurate contents.

129.    Defendants deny the allegations in Paragraph 129, except refer to the referenced and quoted statement for its complete and accurate contents.

130.    Defendants deny the allegations in Paragraph 130 except refer to the referenced statement for its complete and accurate contents.

131.    Defendants deny the allegations in Paragraph 131, except refer to the referenced and quoted statements for their complete and accurate contents.

132.    Defendants deny the allegations in Paragraph 132, except refer to the referenced and quoted statements for their complete and accurate contents.

133.    To the extent that the allegations in Paragraph 133 relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 133, except refer to the referenced and quoted statements for their complete and accurate contents.

134.    To the extent that the allegations in Paragraph 134 purport to assert conclusions of law or relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 134, except refer to the referenced and quoted statements for their complete and accurate contents.

135.    Defendants deny the allegations in Paragraph 135, except refer to the referenced presentation and referenced and quoted statement in the referenced presentation for their complete and accurate contents.

136.    To the extent the allegations in Paragraph 136 purport to assert conclusions of law, no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 136, except refer to the referenced documents, to the extent those documents exist, and quoted statement for their complete and accurate contents.

137.    To the extent the allegations in Paragraph 137 relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 137, except refer to the referenced conference and quoted statements for their complete and accurate contents.

138.    To the extent that the allegations in Paragraph 138 relate to claims that have been dismissed pursuant to the Court's Order or purport to assert conclusions of law, no responsive pleading is required.  Defendants deny the allegations in Paragraph 138, except refer to the referenced and quoted statements for their complete and accurate contents.

139.    To the extent that the allegations in Paragraph 139 purport to assert conclusions of law or relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the

19

allegations in Paragraph 139, except refer to the referenced conference and quoted statements for their complete and accurate contents.

140.    To the extent that the allegations in Paragraph 140 purport to assert conclusions of law, no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 140, except refer to the referenced conference and quoted statements for their complete and accurate contents.

141.    To the extent that the allegations in Paragraph 141 purport to assert conclusions of law, no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 141, except refer to the referenced press release and quoted statements for their complete and accurate contents.

142.    To the extent that the allegations in Paragraph 142 purport to assert conclusions of law, no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 142, except refer to the referenced press release and quoted statements for their complete and accurate contents.

143.    To the extent that the allegations in Paragraph 143 purport to assert conclusions of law, no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 143, except refer to the referenced Form 10-Q for its complete and accurate contents.

144.    Defendants deny the allegations in Paragraph 144, except refer to the referenced earnings call and quoted statements for their complete and accurate contents.

145.    To the extent that the allegations in Paragraph 145 purport to assert conclusions of law, no responsive pleading is required.  To the extent a response is otherwise required, Defendants

deny the allegations in Paragraph 145, except refer to the referenced earnings call and quoted statements for their complete and accurate contents.

146.    Defendants deny the allegations in Paragraph 146, except refer to the referenced earnings call and quoted statements for their complete and accurate contents.

147.    To the extent that the allegations in Paragraph 147 purport to assert conclusions of law, no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 147, except refer to the referenced and quoted statements for their complete and accurate contents.

148.    Defendants deny the allegations in Paragraph 148, except refer to the referenced and quoted statements for their complete and accurate contents.

149.    To the extent that the allegations in Paragraph 149 purport to assert conclusions of law, no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 149, except refer to the referenced statements for their complete and accurate contents.

150.    Defendants deny the allegations in Paragraph 150, except refer to the referenced and quoted statements for their complete and accurate contents.

151.    To the extent that the allegations in Paragraph 151 purport to assert conclusions of law, no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 151, except refer to the referenced earnings call and the referenced and quoted statements for their complete and accurate contents.

152.    To the extent that the allegations in Paragraph 152 purport to assert conclusions of law, no responsive pleading is required.  To the extent a response is otherwise required, Defendants

21

deny the allegations in Paragraph 152, except refer to Compass Minerals' publicly available share price on the relevant dates.

153.   To the extent that the allegations in Paragraph 153 purport to assert conclusions of law or relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 153, except refer to the referenced conference and quoted statements for their complete and accurate contents.

154.   To the extent that the allegations in Paragraph 154 purport to assert conclusions of law or relate to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 154, except refer to the referenced and quoted statements for their complete and accurate contents.

155.   Defendants deny the allegations in Paragraph 155, except refer to the referenced slide and quoted statement in the referenced presentation for their complete and accurate contents.

156.   Defendants deny the allegations in Paragraph 156, except refer to the referenced slide and quoted statement in the referenced presentation for their complete and accurate contents.

157.   Defendants deny the allegations in Paragraph 157, except refer to the referenced statement for its complete and accurate contents.

158.   Defendants deny the allegations in Paragraph 158, except refer to the referenced conference and quoted statement for their complete and accurate contents.

159.   To the extent that the allegations in Paragraph 159 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required,

Defendants deny the allegations in Paragraph 159, except refer to the referenced reports, to the extent those reports exist, and referenced statements for their complete and accurate contents.

160. Defendants deny the allegations in Paragraph 160, except refer to the referenced conference and quoted statements for their complete and accurate contents.

161. To the extent that the allegations in Paragraph 161 purport to assert conclusions of law, no responsive pleading is required. To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 161, except refer to the referenced conference and statements for their complete and accurate contents.

162. To the extent that the allegations in Paragraph 162 purport to assert conclusions of law, no responsive pleading is required. To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 162, except refer to the referenced press release and quoted statements for their complete and accurate contents.

163. To the extent that the allegations in Paragraph 163 refer to claims that have been dismissed pursuant to the Court's Order, no responsive pleading is required. To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 163, except refer to the quoted statements for their complete and accurate contents.

164. Defendants deny the allegations in Paragraph 164, except refer to Compass Minerals' publicly available share price on the relevant dates.

165. Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 165 to the extent that those allegations concern the knowledge or actions of others and therefore deny those allegations. To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 165, except refer to the referenced analyst report and quoted statements for their complete and accurate contents.

166.    Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 166 to the extent that those allegations concern the knowledge or actions of others and therefore deny those allegations.  To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 166, except refer to the referenced analyst report and quoted statements for their complete and accurate contents.

167.    To the extent that the allegations in the second sentence of Paragraph 167 concern the knowledge or actions of others, Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations and therefore deny the allegations.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 167, except refer to the referenced and quoted statement for its complete and accurate contents.

168.    Defendants deny the allegations in Paragraph 168, except refer to Compass Minerals' publicly available share price on the relevant dates.

169.    Defendants deny the allegations in Paragraph 169, except refer to the referenced and quoted statement for its complete and accurate contents.

170.    Defendants deny the allegations in Paragraph 170, except refer to the referenced press release and quoted statement for their complete and accurate contents.

171.    Defendants deny the allegations in Paragraph 171, except refer to the referenced SEC Order, press release, and quoted statements for their complete and accurate contents.

172.    To the extent that the allegations in Paragraph 172 purport to assert conclusions of law, no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 172, except refer to the referenced SEC Order, press release, and quoted statements for their complete and accurate contents.

173.    To the extent that the allegations in Paragraph 173 purport to assert conclusions of law, no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 173, except refer to the referenced press release and quoted statements for their complete and accurate contents.

174.    Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the of Paragraph 174 to the extent that those allegations concern the knowledge or actions of others and therefore deny those allegations.  To the extent that the allegations in Paragraph 174 purport to assert conclusions of law, no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 174, except refer to the referenced press release and SEC Order for their complete and accurate contents.

175.    To the extent that the allegations in Paragraph 175 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 175.

176.    To the extent that the allegations in Paragraph 176 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 176.

177.    To the extent that the allegations in Paragraph 177 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 177.

178.    To the extent that the allegations in Paragraph 178 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 178.

179.    To the extent that the allegations in Paragraph 179 purport to assert conclusions of law, no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 179.

180.    To the extent that the allegations in Paragraph 180 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 180, except refer to the referenced presentation, to the extent the presentation exists, and referenced and quoted statements for their complete and accurate contents.

181.    To the extent that the allegations in Paragraph 181 purport to assert conclusions of law, no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 181, except refer to the referenced documents for their complete and accurate contents.

182.    To the extent that the allegations in Paragraph 182 purport to assert conclusions of law, no responsive pleading is required.  To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 182, except refer to the referenced reports for their complete and accurate contents.

183.    To the extent that the allegations in Paragraph 183 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 183 except refer to the referenced reports and statements for their complete and accurate contents.

184.    To the extent that the allegations in Paragraph 184 purport to assert conclusions of law, no responsive pleading is required.  With respect to the remaining allegations in Paragraph 184, Defendants deny the allegations in Paragraph 184.

185.  To the extent that the allegations in Paragraph 185 purport to assert conclusions of law, no responsive pleading is required.  With respect to the remaining allegations in Paragraph 185, Defendants deny the allegations in Paragraph 185 except refer to the referenced statements for their complete and accurate contents.

186.  Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 186 to the extent that those allegations concern the knowledge or actions of others and therefore deny those allegations.  To the extent that the allegations in Paragraph 186 purport to assert conclusions of law, no responsive pleading is required.  With respect to the remaining allegations in Paragraph 186, Defendants deny those allegations.

187.  To the extent that the allegations in Paragraph 187 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 187.

188.  To the extent that the allegations in Paragraph 188 purport to assert conclusions of law, no responsive pleading is required.  With respect to the remaining allegations in Paragraph 188, Defendants deny those allegations.

189.  Defendants deny the allegations in Paragraph 189, except refer to the referenced announcement and statements for their complete and accurate contents.

190.  To the extent that the allegations in Paragraph 190 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 190.

191.  To the extent that the allegations in Paragraph 191 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required,

27

Defendants deny the allegations in Paragraph 191, except refer to Compass Minerals' publicly available share price on the relevant dates.

192.    To the extent that the allegations in Paragraph 192 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 192, except refer to Compass Minerals' publicly available share price on the relevant dates.

193.    To the extent that the allegations in Paragraph 193 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 193.

194.    To the extent that the allegations in Paragraph 194 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 194.

195.    To the extent that the allegations in Paragraph 195 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 195.

196.    Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 196 to the extent that those allegations concern the knowledge or actions of others and therefore deny those allegations.  Defendants admit that the Company's stock trades on the NYSE and that Defendants file periodic reports with the SEC.  To the extent that the allegations in Paragraph 196 purport to assert conclusions of law, no responsive pleading is required.  With respect to the remaining allegations in Paragraph 196, Defendants deny those allegations.

197.    To the extent that the allegations in Paragraph 197 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 197.

198.    To the extent that the allegations in Paragraph 198 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 198.

199.    To the extent that the allegations in Paragraph 199 purport to assert conclusions of law or characterize this Action, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 199.

200.    Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 200 to the extent that those allegations concern the knowledge or actions of others and therefore deny those allegations.  To the extent that the allegations in Paragraph 200 purport to assert conclusions of law, no responsive pleading is required. With respect to the remaining allegations in Paragraph 200, Defendants deny those allegations, except admit that Compass Minerals common stock traded on the NYSE.

201.    To the extent that the allegations in Paragraph 201 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 201.

202.    To the extent that the allegations in Paragraph 202 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 202.

203.    To the extent that the allegations in Paragraph 203 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 203.

204.    To the extent that the allegations in Paragraph 204 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 204.

205.    Defendants incorporate their responses to Paragraphs 1 through 204 as if fully set forth therein.

206.    To the extent that the allegations in Paragraph 206 purport to assert conclusions of law, no responsive pleading is required.  With respect to the remaining allegations in Paragraph 206, Defendants deny those allegations.

207.    To the extent that the allegations in Paragraph 207 purport to assert conclusions of law, no responsive pleading is required.  With respect to the remaining allegations in Paragraph 207, Defendants deny those allegations.

208.    To the extent that the allegations in Paragraph 208 purport to assert conclusions of law, no responsive pleading is required. With respect to the remaining allegations in Paragraph 208, Defendants deny those allegations.

209.    To the extent that the allegations in Paragraph 209 purport to assert conclusions of law, no responsive pleading is required.  With respect to the remaining allegations in Paragraph 209, Defendants deny those allegations.

210.    To the extent that the allegations in Paragraph 210 purport to assert conclusions of law, no responsive pleading is required. With respect to the remaining allegations in Paragraph 210, Defendants deny those allegations.

211.    To the extent that the allegations in Paragraph 211 purport to assert conclusions of law, no responsive pleading is required.  With respect to the remaining allegations in Paragraph 211, Defendants deny those allegations.

212.    To the extent that the allegations in Paragraph 212 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 212.

213.    Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 213 to the extent that those allegations concern the knowledge or actions of others and therefore deny those allegations.  To the extent that the allegations in Paragraph 213 purport to assert conclusions of law, no responsive pleading is required.  With respect to the remaining allegations in Paragraph 213, Defendants deny those allegations.

214.    To the extent that the allegations in Paragraph 214 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 214.

215.    To the extent that the allegations in Paragraph 215 purport to assert conclusions of law, no responsive pleading is required.  To the extent that a response is otherwise required, Defendants deny the allegations in Paragraph 215.

216.    Defendants incorporate their responses to Paragraphs 1 through 215 as if fully set forth herein.

217.    To the extent that the allegations in Paragraph 217 purport to assert conclusions of law, no responsive pleading is required.  With respect to the remaining allegations in Paragraph 217, Defendants deny those allegations.

218.    To the extent that the allegations in Paragraph 218 purport to assert conclusions of law, no responsive pleading is required.  With respect to the remaining allegations in Paragraph 218, Defendants deny those allegations.

219.    To the extent that the allegations in Paragraph 219 purport to assert conclusions of law, no responsive pleading is required.  With respect to the remaining allegations in Paragraph 219, Defendants deny those allegations.

## GENERAL DENIALS

Except as otherwise expressly stated in the answer to Paragraphs 1 through 219 above, Defendants deny each and every allegation in Paragraphs 1 through 219 of the AC, including without limitation, the headings, sub-headings, footnotes, charts, and photos in the AC, and specifically deny that Plaintiffs are entitled to the relief sought in the Plaintiffs' prayers for relief and jury demand.

## AFFIRMATIVE DEFENSES

Defendants assert the following defenses and reserve the right to assert other defenses or claims when and if they become appropriate and/or available in this Action and hereby reserve all rights to amend and/or supplement any and all defenses set forth herein.  The statement of any defense herein does not assume the burden of proof for any issue as to which the applicable law places the burden of proof on Plaintiffs.

### First Defense

The AC fails to state a claim upon which relief may be granted, including because Plaintiffs have not satisfied the pleading requirements of Rules 8(a) or 9(b), Plaintiffs overwhelmingly rely on unproven allegations from the SEC Order that are immaterial under Rule 12(f), and Plaintiffs have not performed an adequate investigation of those copied allegations under Rule 11.

32

## Second Defense

Plaintiffs' claims are barred, in whole or in part, because the Defendants did not make any statements that were false or misleading when made.

## Third Defense

Plaintiffs' claims are barred, in whole or in part, because any alleged misrepresentations or omissions were not material as a matter of law.

## Fourth Defense

Plaintiffs' claims are barred, in whole or in part, because the Defendants did not omit or fail to state any material facts that were necessary in order to make any statement made by the Defendants not false or misleading.

## Fifth Defense

Plaintiffs' claims are barred, in whole or in part, because Defendants had no duty to disclose the allegedly omitted information and because alleged violations of Item 303 of Regulation S-K cannot give rise to liability under Section 10(b) and Rule 10b-5.

## Sixth Defense

The AC fails to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(1).

## Seventh Defense

Plaintiffs' claims are barred, in whole or in part, because the Defendants did not intentionally or recklessly make any misleading statement or misleading, actionable omission. At all times, and with respect to all matters contained herein, the Defendants acted in good faith,

33

exercised reasonable care, and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements and/or omissions alleged in the AC.

## Eighth Defense

Plaintiffs' claims are barred because certain statements challenged by the AC were matters of opinion that, at the time those statements were made, were genuinely believed by the speaker, did not contain embedded statements of untrue facts, or omit to state a material fact necessary to make the statements therein not misleading.

## Ninth Defense

The statements complained of were, at the time of their utterance, made in good faith and upon reliance on what the speakers believed was true at the time such statements were uttered.

## Tenth Defense

Plaintiffs' claims are barred because certain statements challenged by the AC are puffery on which no reasonable investor would have relied.

## Eleventh Defense

The Defendants are not liable because certain alleged misstatements by the Defendants were forward-looking statements, were identified as such, and were accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statements. Accordingly, such alleged misstatements are non-actionable under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-5(c)(1)(A), and the bespeaks caution doctrine.

## Twelfth Defense

The Defendants are not liable because certain alleged misstatements are not actionable under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78(u)-5(c)(1)(B), because:

34

(a) the statements were forward-looking and the person making the statement did not have actual knowledge that the statements were false or misleading, or (b) the statements were made or approved by an executive officer of Compass Minerals who did not have actual knowledge that the statements were false or misleading.

### Thirteenth Defense

Plaintiffs' claims are barred because Plaintiffs have not adequately alleged that the Defendants possessed the requisite scienter at the time each alleged false or misleading statement or omission was made.

### Fourteenth Defense

Plaintiffs' claims are barred because the Defendants disclosed certain information that Plaintiffs allege was omitted.

### Fifteenth Defense

Plaintiffs' claims are barred, in whole or in part, because the substance of the material information that Plaintiffs allege to have been misrepresented or omitted was in fact disclosed in public filings, or was publicly available or widely known to the investing community and/or otherwise known to Plaintiffs.

### Sixteenth Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not rely, or could not have relied, either reasonably, justifiably, or as a matter of law, upon the misstatements or omissions alleged in the AC.

### Seventeenth Defense

The Defendants are not liable because they did not breach any duties owed to Plaintiffs.

**Eighteenth Defense**

The Defendants are not liable because they did not engage in acts, practices, or a course of business that operated as a fraud or deceit upon Plaintiffs in connection with Plaintiffs' purchases of Compass Minerals securities.

**Nineteenth Defense**

The Defendants are not liable for any alleged false or misleading statements or omissions of material fact that were made by others because Defendants did not make those statements.

**Twentieth Defense**

The Defendants are not liable because Plaintiffs knew or should have known of the allegedly omitted or misstated information.

**Twenty-First Defense**

The Defendants are not liable because the AC fails to adequately plead loss causation, and, in fact, Plaintiffs cannot prove loss causation.

**Twenty-Second Defense**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not alleged injuries that were proximately caused by any alleged misrepresentation or omission.

**Twenty-Third Defense**

The Defendants are not liable because the alleged misrepresentations and omissions in the AC did not affect the market price of Compass Minerals securities.

**Twenty-Fourth Defense**

The Defendants are not liable because any decline in value of the securities of which Plaintiffs complain was caused by external market factors.

36

**Twenty-Fifth Defense**

The damages for which Plaintiffs claim the Defendants are responsible arise from a decline in share price that was not caused or contributed to by the disclosure of any material misrepresentation or actionable omission by the Defendants and were otherwise caused or contributed to by (a) persons or entities for whom the Defendants are not responsible and for whom the Defendants are not liable or (b) factors other than any alleged misrepresentations or omissions for which the Defendants may be responsible.

**Twenty-Sixth Defense**

Plaintiffs' claims are barred, in whole or in part, because the injuries Plaintiffs sustained, if any, were caused by the actions or inactions of parties other than Defendants, actions or inactions by parties outside the control of Defendants, or economic events that were, likewise, outside the control of Defendants.  These actions, inactions, and events were intervening or superseding causes of Plaintiffs' alleged damages.

**Twenty-Seventh Defense**

Plaintiffs' claims are barred, in whole or in part, because any alleged depreciation in the value of Compass Minerals shares resulted from factors other than the misstatements and omissions alleged in the AC.

**Twenty-Eighth Defense**

Francis J. Malecha, James D. Standen, and Anthony J. Sepich are not liable as control persons because there is no underlying fraud.

**Twenty-Ninth Defense**

Francis J. Malecha, James D. Standen, and Anthony J. Sepich are not liable as control persons because they did not control the alleged misstatements.

37

### Thirtieth Defense

Francis J. Malecha, James D. Standen, and Anthony J. Sepich had no knowledge of or reasonable grounds to believe in the existence of facts by reason of which the liability of the controlled person is alleged to exist.

### Thirty-First Defense

Plaintiffs' control person claims are barred because Defendants did not directly or indirectly induce any act or acts alleged in the AC to constitute a violation of any securities law or regulation.

### Thirty-Second Defense

Plaintiffs lack standing to assert some or all of their claims.

### Thirty-Third Defense

Plaintiffs' claims are barred, in whole or in part, because they are untimely under the applicable limitations periods set forth in 28 U.S.C. § 1658(b).

### Thirty-Fourth Defense

This case should not be certified as a class action because the class as alleged by Plaintiffs does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

### Thirty-Fifth Defense

On information and belief, Plaintiffs and their counsel are not adequate or appropriate class representatives.

### Thirty-Sixth Defense

The Defendants are entitled to recover contribution and/or indemnification from others for any liability they incur.

**Thirty-Seventh Defense**

To the extent that Plaintiffs did not own shares in Compass Minerals during the purported Class Period, or sold shares prior to any alleged corrective disclosure, Plaintiffs lack standing with respect to their claims.

**Thirty-Eighth Defense**

Plaintiffs have not suffered any loss, damage, or injury as a result of the conduct alleged in the AC.

**Thirty-Ninth Defense**

The purported claims against Defendants and the allegations upon which they are based are improperly vague, ambiguous, and confusing. Defendants reserve the right to request a more definite statement.

**Fortieth Defense**

Any claim by Plaintiffs for pre-judgment interest should be dismissed because the amount of damages (if any) was not readily ascertainable at the time Plaintiffs' lawsuit was commenced.

**Forty-First Defense**

Plaintiffs' claims are barred, in whole or in part, by the principle of waiver and/or estoppel and by the doctrine of unclean hands, *in pari delicto* and/or other related equitable doctrines.

**Forty-Second Defense**

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be, as yet unstated, affirmative defenses available to Defendants, and therefore expressly (i) reserve the right to amend or supplement their Answer, defenses and all other pleadings, and (ii) reserve the right to (a) assert any and all additional defenses under any applicable federal and state law in the event that discovery indicates such defenses would be

appropriate and (b) assert any cross-claims, counterclaims, and third-party claims when and if they

become appropriate in this Action.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for relief and judgment, as follows:

A.  Denying Plaintiffs' prayer for relief;

B.  Entering judgment for Defendants;

C.  Dismissing the AC with prejudice;

D.  Awarding Defendants their reasonable costs and expenses, including reasonable

attorney's fees, incurred in connection with this matter; and

E.  Granting Defendants such other and further relief the Court deems just and proper.

DATED:  January 16, 2024

HUSCH BLACKWELL LLP
SARA A. FEVURLY, KS #27537


*/s/ Sara A. Fevurly*
SARA A. FEVURLY
KS Bar No.: 27537
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone:  816/983-8000
Sara.Fevurly@huschblackwell.com

CATHERINE HANAWAY
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Telephone :  314/480-1500
Catherine.Hanaway@huschblackwell.com

CLEARY GOTTLIEB STEEN
& HAMILTON LLP
VICTOR L. HOU
JARED GERBER
One Liberty Plaza
New York, NY  10006
Telephone:  212/225-2000
vhou@cgsh.com
jgerber@cgsh.com

*Counsel for Defendants*

41