UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

| | |
|---|---|
| LOCAL 295 IBT EMPLOYER GROUP WELFARE FUND, Individually and on Behalf of All Others Similarly Situated, ) ) ) ) | Civil Action No. 2:22-cv-02432-EFM-ADM<br><br>CLASS ACTION |
| Plaintiff, ) ) ) | |
| vs. ) ) | |
| COMPASS MINERALS INTERNATIONAL, INC., et al., ) ) ) ) | |
| Defendants. ) ) ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL AND STAY PROCEEDINGS PENDING APPEAL**

**TABLE OF CONTENTS**

Page

I.     PRELIMINARY STATEMENT ................................................................................1

II.    FACTUAL BACKGROUND...................................................................................2

III.   THE COURT SHOULD DENY DEFENDANTS' MOTION ...........................................4

       A.    Applicable Legal Standards ................................................................4

       B.    None of Defendants' Three Issues Qualify for Interlocutory Review Under §1292(b)................................................................................5

             1.    The Issue of Whether a Plaintiff Is Categorically Barred from Relying on SEC Factual Findings at the Pleading Stage Should Not Be Certified ................................................................................5

             2.    The Issue of the Adequacy of Plaintiffs' Pre-Complaint Investigation Under Rule 11 Should Not Be Certified ...............................9

                   a.    Issue 2 Does Not Raise a Pure Question of Law .............................9

                   b.    There Are No Substantial Grounds for Difference of Opinion .................................................................................10

             3.    The Issue of the Adequacy of Plaintiffs' Scienter Allegations Should Not Be Certified................................................................12

                   a.    Issue 3 Does Not Raise a Pure Question of Law ...........................12

                   b.    There Are No Substantial Grounds for Difference of Opinion .................................................................................13

       C.    Alternatively, the Court Should Exercise Its Discretion to Deny Certification ................................................................................14

       D.    The Court Should Deny Defendants' Request for a Stay of the Proceedings ................................................................................15

IV.    CONCLUSION...................................................................................15

# TABLE OF AUTHORITIES

**Page**

## CASES

*Amorosa v. Gen. Elec. Co.*,
2022 WL 3577838 (S.D.N.Y. Aug. 19, 2022)....................................................8, 10, 11

*APCC Servs. Inc., v. Sprint Commc'ns Co., L.P.*,
297 F. Supp. 2d 90 (D.D.C. 2003)....................................................................6

*Armata v. Certain Underwriters at Lloyd's London-Syndicate 1861*,
2023 WL 5310175 (D. Colo Aug. 15, 2023)....................................................5

*Ass'n of N.J. Chiropractors, Inc. v. Data iSight, Inc.*,
2022 WL 4483596 (D.N.J. Sept. 27, 2022)..................................................10, 11

*Attia v. Google LLC*,
2018 WL 2971049 (N.D. Cal. June 13, 2018)..................................................11

*Brooks v. United Dev. Funding III, L.P.*,
2020 WL 6132230 (N.D. Tex. Apr. 15, 2020)..............................................10, 11

*Cherokee Nation v. McKesson Corp.*,
2021 WL 2695353 (E.D. Okla. June 30, 2021)..................................................5

*Clugston v. Nationwide Mut. Ins. Co.*,
2006 WL 1290450 (M.D. Pa. May 10, 2006)....................................................9

*Coca v. City of Dodge City*,
2023 WL 3948472 (D. Kan. June 12, 2023) (Melgren, J.)............................. *passim*

*Conde v. Sensa*,
259 F. Supp. 3d 1064 (S.D. Cal. 2017)............................................................9

*Dorato v. Smith*,
163 F. Supp. 3d 837 (D.N.M. 2015) ................................................................6

*Elec. Workers Pension Fund, Loc. 103, I.B.E.W. v. HP Inc.*,
2021 WL 4199273 (N.D. Cal. Sept. 15, 2021) ............................................9, 12

*Elliot v. China Green Agrics., Inc.*,
2012 WL 5398863 (D. Nev. Nov. 2, 2012) ....................................................11

*Etienne v. Wolverine Tube, Inc.*,
15 F. Supp. 2d 1060 (D. Kan. 1998)............................................................5, 14

**Page**

*Flores v. Forster & Garbus, LLP*,
   2020 WL 5603486 (S.D.N.Y. Sept. 17, 2020)........................................................................7, 8

*Footbridge Ltd. v. Countrywide Home Loans, Inc.*,
   2010 WL 3790810 (S.D.N.Y. Sept. 28, 2010)............................................................................8

*Fraker v. Bayer Corp.*,
   2009 WL 5865687 (E.D. Cal. Oct. 6, 2009) .............................................................................11

*Francois v. Victory Auto Grp. LLC*,
   2023 WL 373250 (S.D.N.Y. Jan. 24, 2023) ...........................................................................7, 8

*Freedom Trans., Inc. v. Navistar Int'l Corp.*,
   2020 WL 108670 (D. Kan. Jan. 9, 2020)......................................................................... *passim*

*Fries v. N. Oil & Gas, Inc.*,
   285 F. Supp. 3d 706 (S.D.N.Y. 2018)......................................................................................12

*Geinko v. Padda*,
   2002 WL 276236 (N.D. Ill. Feb. 27, 2002) .............................................................................11

*Gotlin v. Lederman*,
   367 F. Supp. 2d 349 (E.D.N.Y. 2005), *aff'd sub nom.*
   *Gotlin ex rel. Cnty. of Richmond v. Lederman*,
   483 F. App'x 583 (2d Cir. 2012) ...........................................................................................7, 8

*Gruber v. Gilbertson*,
   2019 WL 4458956 (S.D.N.Y. Sept. 17, 2019).........................................................................7, 8

*Harrison v. Envision Mgmt. Holding, Inc.*,
   2023 WL 4945841 (D. Colo. Aug. 3, 2023) .............................................................................15

*IBT Emp. Welfare Fund v. Compass Minerals Int'l, Inc.*,
   __ F. Supp. 3d __, 2023 WL 8596108
   (D. Kan. Dec. 12, 2023)............................................................................................... *passim*

*In Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
   797 F.3d 160 (2d Cir. 2015)..............................................................................................11, 13

*In re Ambac Fin. Grp., Inc. Sec. Litig.*,
   693 F. Supp. 2d 241 (S.D.N.Y. 2010)......................................................................................15

**Page**

*In re Appollo Grp., Inc. Sec. Litig.*,
2011 WL 5101787 (D. Ariz. Oct. 27, 2011) ................................................................14

*In re Blech Sec. Litig.*,
2003 WL 134988 (S.D.N.Y. Jan. 17, 2003) ................................................................15

*In re Ceridian Corporation Sec. Litig.*,
542 F.3d 240 (8th Cir. 2008) ....................................................................................13

*In re Connetics Corp. Secs. Litig.*,
542 F. Supp. 2d 996 (N.D. Cal. 2008) ......................................................................11

*In re CRM Holdings, Ltd. Sec. Litig.*,
2012 WL 1646888 (S.D.N.Y. May 10, 2012) ..........................................................7, 8

*In re EpiPen (Epinephrine Injection, USP) Mktg.,*
*Sales Pracs. & Antitrust Litig.*,
2021 WL 4948270 (D. Kan. Oct. 25, 2021) .............................................................5, 6

*In re Facebook, Inc., IPO Sec. and Derivative Litig.*,
986 F. Supp. 2d 524 (S.D.N.Y. 2014) ...................................................................14, 15

*In re Hacienda Co., LLC*,
2023 WL 3564734 (C.D. Cal. Apr. 5, 2023) .............................................................9

*In re Karagianis*,
2009 WL 4738188 (Bankr. D.N.H. Dec. 4, 2009) ....................................................11

*In re Merrill Lynch & Co., Inc. Research Reps. Sec. Litig.*,
218 F.R.D. 76 (S.D.N.Y. 2003) ..............................................................................8, 9

*In re Platinum & Palladium Commodities Litig.*,
828 F. Supp. 2d 588 (S.D.N.Y. 2011) .......................................................................8

*In re Rough Rice Commodity Litig.*,
2012 WL 473091 (N.D. Ill. Feb. 9, 2012) ................................................................8

*In re Trilegiant Corp., Inc.*,
11 F. Supp. 3d 82 (D. Conn. 2014), *aff'd sub nom.*
*Williams v. Affinion Grp., LLC*,
889 F.3d 116 (2d Cir. 2018)....................................................................................7, 8

**Page**

*In re VeriFone Holdings, Inc. Sec. Litig.*,
　704 F.3d 694 (9th Cir. 2012) ..................................................................................11, 13

*In re Worldcom, Inc. Sec. Litig.*,
　2003 WL 22533398 (S.D.N.Y. Nov. 7, 2003).........................................................15

*Ketchum v. U.S. Nat'l Park Serv.*,
　2016 WL 4257439 (D. Kan. June 21, 2016)...................................................1, 4, 5, 6

*Knott v. Cyclone Drilling, Inc.*,
　2023 WL 2669872 (N.D. Okla. Mar. 28, 2023) ..........................................................4

*KPH Healthcare Servs., Inc. v. Mylan N.V.*,
　2022 WL 16551340 (D. Kan. Oct. 31, 2022) ........................................................6, 14

*Kumaran v. Nat'l Futures Ass'n*,
　2023 WL 3160116 (S.D.N.Y. Apr. 28, 2023)............................................................7

*Kyung Cho v. UCBH Holdings, Inc.*,
　890 F. Supp. 2d 1190 (N.D. Cal. 2012) ...............................................................9, 14

*Lee v. Active Power, Inc.*,
　2014 WL 4337860 (W.D. Tex. Sept. 2, 2014).........................................................15

*Lipsky v. Commonwealth United Corp.*,
　551 F.2d 887 (2d Cir. 1976)..............................................................................7, 8, 9

*Low v. Robb*,
　2012 WL 173472 (S.D.N.Y. Jan. 20, 2012) .........................................................7, 9

*Luczak v. Nat'l Beverage Corp.*,
　400 F. Supp. 3d 1318 (S.D. Fla. 2019), *aff'd in part and
　rev'd in part on other grounds*,
　812 F. App'x 915 (11th Cir. 2020) ..........................................................................11

*Me. State Ret. Sys. v. Countrywide Fin. Corp.*,
　2011 WL 4389689 (C.D. Cal. May 5, 2011) ...........................................................11

*Menora Mivtachim Ins. Ltd. v. Int'l Flavors & Fragrances Inc.*,
　2021 WL 1199035 (S.D.N.Y. Mar. 30, 2021), *aff'd sub nom.
　Menora Mivtachim Ins. Ltd. v. Frutarom Indus. Ltd.*,
　49 F.4th 790 (2d Cir. 2022) ......................................................................................7

**Page**

*N. Arapaho Tribe v. Ashe*,
   925 F. Supp. 2d 1206 (D. Wyo. 2012)................................................................6

*N. Collier Fire Control & Rescue Dist. Firefighter Pension Plan*
   *& Plymouth Cnty. Ret. Ass'n v. MDC Partners, Inc.*,
   2016 WL 5794774 (S.D.N.Y. Sept. 30, 2016)......................................................7

*Patel v. Snapp*,
   2013 WL 5493967 (D. Kan. Oct. 1, 2013) ..........................................................15

*Plumbers & Pipefitters Loc. Union #295 Pension Fund v. CareDx, Inc.*,
   2023 WL 4418886 (N.D. Cal. May 24, 2023)..................................................10, 11

*Puddu v. 6D Glob. Techs., Inc.*,
   742 F. App'x 553 (2d Cir. 2018) ........................................................................11

*Rains v. Zale Corp.*,
   2011 WL 3331213 (N.D. Tex. Aug. 1, 2011)........................................................14

*Raymond v. Spirit Aerosystems Holdings, Inc.*,
   2019 WL 1922170 (D. Kan. Apr. 30, 2019)................................................. *passim*

*RSM Prod. Corp. v. Fridman*,
   643 F. Supp. 2d 382 (S.D.N.Y. 2009), *aff'd*,
   387 F. App'x 72 (2d Cir. 2010) ......................................................................7, 8

*Ryan v. Flowserve Corp.*,
   444 F. Supp. 2d 718 (N.D. Tex. 2006) ..............................................................15

*Sanfo v. Avondale Care Grp., LLC*,
   2022 WL 3448100 (S.D.N.Y. Aug. 17, 2022)........................................................7

*Saraf v. Ebix, Inc.*,
   2023 WL 4561655 (S.D.N.Y. July 17, 2023) ......................................................14

*Scognamillo v. Credit Suisse First Bos. LLC*,
   2005 WL 8162733 (N.D. Cal. Feb. 1, 2005) ....................................................1, 9

*ScripsAmerica, Inc. v. Ironridge Glob. LLC*,
   119 F. Supp. 3d 1213 (C.D. Cal. 2012) ..............................................................14

*Shah v. Zimmer Biomet Holdings, Inc.*,
   2019 WL 762510 (N.D. Ind. Feb. 20, 2019).................................................4, 9, 15

**Page**

*Swint v. Chambers Cnty. Comm'n*,
514 U.S. 35 (1995)..............................................................................................................5

*Tarver v. Ford Motor Co.*,
2017 WL 9477739 (W.D. Okla. Mar. 10, 2017)..............................................................6

*Teamsters Loc. 456 Pension Fund v. Universal Health Servs.*,
396 F. Supp. 3d 413 (E.D. Pa. 2019) ...............................................................................7

*United States ex rel. Grabcheski v. Am. Int'l Grp., Inc.*,
2016 WL 9083376 (S.D.N.Y. Mar. 31, 2016), *aff'd sub nom.*
*Grabcheski v. Am. Int'l Grp., Inc.*,
687 F. App'x 84 (2d Cir. 2017) .........................................................................................7

*Utah ex rel. Utah State Dep't of Health v. Kennecott Corp.*,
14 F.3d 1489 (10th Cir. 1994) ..........................................................................................4

*Vandiver v. MG Billing Ltd.*,
2023 WL 3247286 (D. Colo. May 4, 2023)....................................................................14

*Veal v. LendingClub Corp.*,
423 F. Supp. 3d 785 (N.D. Cal. 2019) .....................................................................10, 11

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp., Inc.*,
2014 WL 3569338 (E.D.N.Y. July 18, 2014)...................................................................8

*Wood v. Learjet, Inc.*,
2021 WL 3662846 (D. Kan. Aug. 18, 2021) (Melgren, J.) ..............................................4

*XTO Energy, Inc. v. ATD, LLC*,
189 F. Supp. 3d 1174 (D.N.M. 2016) ...............................................................................6

*York Cnty. ex rel. Cnty. of York Ret. Fund v. HP, Inc.*,
65 F.4th 459 (9th Cir. 2023) ...........................................................................................13

*Zhou v. NextCure, Inc.*,
2023 WL 4493541 (S.D.N.Y. July 12, 2023)...................................................................7

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
§77.....................................................................................................................................2
§78.....................................................................................................................................2

**Page**

28 U.S.C.
§1291....................................................................................................................4
§1292(b) .......................................................................................... *passim*

Federal Rules of Civil Procedure
Rule 11 ........................................................................................... *passim*
Rule 11(b) ...........................................................................................10
Rule 12(f) .............................................................................................3

**SECONDARY AUTHORITIES**

19 James Wm. Moore et al., *Moore's Federal Practice* §203.31(4) (3d ed. 2012).........................6

Lead Plaintiff Retail Wholesale Department Store Union Local 338 Retirement Fund and additional plaintiff Local 295 IBT Employer Group Welfare Fund ("Plaintiffs") respectfully submit this memorandum in opposition to Defendants' Motion to Certify Order for Interlocutory Appeal and Stay Proceedings Pending Appeal (ECF 44), regarding the Court's December 12, 2023 decision denying Defendants' motion to strike and denying in part Defendants' motion to dismiss.[1]

## I.    PRELIMINARY STATEMENT

In its motion to dismiss order, the Court soundly rejected Defendants' arguments that: (i) Plaintiffs were categorically barred from relying on the SEC's factual findings, (ii) such reliance violated Federal Rule of Civil Procedure ("Rule") 11, and (iii) the SEC's factual findings could not support an inference of scienter as a matter of law because the settlement concerned non-scienter-based securities violations. *See generally IBT Emp. Welfare Fund v. Compass Minerals Int'l, Inc.*, __ F. Supp. 3d __, 2023 WL 8596108, at *7-*9 (D. Kan. Dec. 12, 2023); ECF 40 ("MTD Order"). Defendants now attempt to spin these three failed arguments into Issues[2] warranting the "extraordinary" remedy of an interlocutory appeal. *Coca v. City of Dodge City*, 2023 WL 3948472, at *2 (D. Kan. June 12, 2023) (Melgren, J.).  As discussed below, Defendants have fallen far short of meeting their "heavy" burden under §1292(b). *Ketchum v. U.S. Nat'l Park Serv.*, 2016 WL 4257439, at *1 (D. Kan. June 21, 2016).

*First*, with respect to all three Issues, Defendants have failed to establish that "substantial grounds" for difference of opinion exist.  28 U.S.C. §1292(b).  They have not identified a circuit split, and instead rely on a handful of district court cases—all from outside the Tenth Circuit—the majority of which do not directly contradict the MTD Order.  Moreover, to the extent these district

---

[1]    Capitalized terms not defined herein are as defined in the Amended Complaint for Violations of the Federal Securities Laws (ECF 23) ("AC").  "Def. Br." refers to Defendants' memorandum of law in support of their motion (ECF 45).  Unless otherwise noted, emphasis is added and citations are omitted.

[2]    "Issues" and "Issue" refer to the three Issues identified by Defendants.  Def. Br. at 4.

court cases are pertinent to the §1292(b) analysis, this Court has already held that they are not persuasive and thus do not raise a "colorable" argument in support of certification. *Coca*, 2023 WL 3948472, at *2.

*Second*, the Issues concerning Rule 11 and scienter (Issues 2 and 3) do not raise a "pure legal question." *Raymond v. Spirit Aerosystems Holdings, Inc.*, 2019 WL 1922170, at *3 (D. Kan. Apr. 30, 2019). Rather, Defendants' own authorities make clear that determining these Issues turns on the particular facts of each case, which is fatal to Defendants' certification motion.

*Third*, even if Defendants have satisfied §1292(b)'s requirements, the Court should deny the motion in the exercise of its discretion. This is not the "extraordinary" case the Tenth Circuit is likely to hear, given its "'demonstrated reluctance to accept cases for interlocutory appeal except in the rarest of circumstances.'" *Freedom Trans., Inc. v. Navistar Int'l Corp.*, 2020 WL 108670, at *2, *6 (D. Kan. Jan. 9, 2020). Rather, the Issues for which Defendants seek interlocutory review are not the subject of disagreement among the district courts in this Circuit, or among other circuit courts.

For these reasons, and as discussed below, the Court should deny Defendants' §1292(b) motion in its entirety.

## II.   FACTUAL BACKGROUND

On May 12, 2023, Defendants moved to dismiss the AC, and moved to strike as immaterial the AC's references to a September 23, 2022 SEC cease-and-desist order which: (i) found that Compass Minerals had violated certain provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934; and (ii) ordered Compass Minerals to "cease and desist from committing or causing" additional violations and pay a $12 million fine (the "SEC Order").[3] *See* ECF 26-27.

---

[3]    Notably, the SEC's factual findings were based *on information obtained from Compass Minerals itself* during its multi-year investigation. AC, ¶¶169-171. In fact, the SEC Order makes clear that it premised several of its factual findings on internal reports and presentations made by or to Compass Minerals executives. *See*, *e.g.*, SEC Order, ¶¶16-18, 23-24, 33-34. The SEC Order further states that Compass Minerals "consent[ed] to [its] entry . . . *without* . . . *denying the findings*." *Id.* at 1.

In their motion to strike and dismiss, Defendants—relying primarily on a line of cases from the Southern District of New York—argued that the AC's allegations referencing the SEC Order's factual findings were: (i) "unproven" and therefore immaterial under Rule 12(f); and (ii) not independently corroborated pursuant to Rule 11. *See* ECF 27 at 10-13. Defendants also argued that even if the Court did not strike those allegations, it should dismiss the AC because Plaintiffs purportedly could not rely on the SEC's factual findings to plead scienter. *See id.* at 14-16.

In its MTD Order, the Court rejected these arguments, denying Defendants' motion to strike and largely denying their motion to dismiss. *See* MTD Order at \*7-\*9, \*24. The Court found Defendants' Rule 12(f) arguments unconvincing because: (i) the question of whether "the SEC Order [was] improper 'evidence' [was] unripe at the motion to dismiss stage"; (ii) "Plaintiffs point[ed] to a more recent . . . case [than Defendants] acknowledging that '***the weight of authority*** holds that plaintiffs may base factual allegations on complaints from other proceedings because neither Circuit precedent nor logic supports an absolute rule against doing so'"; and (iii) "Plaintiff's position [was] the more logical one." *Id.* at \*7-\*8.

With respect to Rule 11, the Court found that Plaintiffs' pre-complaint investigation was "a reasonable inquiry ***under the circumstances***" because although the AC "borrow[ed] heavily from the SEC Order[,]" it "also include[d] numerous factual allegations ***external to the SEC Order***, mostly relating to the particularity of Defendants' statements and the aftereffects of those statements on Compass's stock prices." *Id.* at \*9.

The Court also found that Plaintiffs permissibly relied on the SEC Order to plead scienter, because: (i) "the facts upon which Plaintiffs rel[ied] to allege falsity and scienter all involve[d] internal reports, communications, and presentations within Compass—not publicly available information"; and (ii) "Plaintiffs base[d] their allegations regarding Defendants' wrongdoing on

- 3 -

'information and belief[,]'" which was "appropriate when, *like here*, information relevant to falsity and scienter [was] peculiarly within Defendants' knowledge." *Id.*

## III.    THE COURT SHOULD DENY DEFENDANTS' MOTION

### A.    Applicable Legal Standards

Appellate review of district court orders is ordinarily limited to "final decisions." 28 U.S.C. §1291.  It is black letter law that "district courts should only certify orders for interlocutory appeal in 'extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate final decision of controlling questions encountered early in the action.'" *Coca*, 2023 WL 3948472, at *2 (quoting *Utah ex rel. Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994)).[4]  Indeed, "'there is a long-established policy preference in the federal courts disfavoring piecemeal appeals'" (*Freedom Trans.*, 2020 WL 108670, at *2), "as they disrupt and delay the proceedings below." *Ketchum*, 2016 WL 4257439, at *1.  For this reason, interlocutory appeals have been likened "to the frustration of watching a football game getting interrupted by replay challenges to a referee's decision—only the 'replay' in the legal context comes a lot slower." *Shah v. Zimmer Biomet Holdings, Inc.*, 2019 WL 762510, at *2 (N.D. Ind. Feb. 20, 2019).

Section 1292(b) provides an exception to the general rule and permits a district court, ***in its discretion***, to certify a non-final order for interlocutory appeal where the party seeking such review establishes that the order: (i) involves "a controlling question of law"; (ii) "as to which there is a substantial ground for difference of opinion"; and further establishes (iii) "that an immediate appeal . . . may materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b).  "[T]he 'proponent of an interlocutory appeal bears the burden of establishing that ***all three*** of [§1292(b)'s]

---

4    *See also Wood v. Learjet, Inc.*, 2021 WL 3662846, at *2 (D. Kan. Aug. 18, 2021) (Melgren, J.) (same); *Knott v. Cyclone Drilling, Inc.*, 2023 WL 2669872, at *3 (N.D. Okla. Mar. 28, 2023) (noting that "[s]ection 1292(b) is meant to be used sparingly and interlocutory appeals under this section are rare").

substantive criteria are met.'"   *Coca*, 2023 WL 3948472, at *2.   Courts in this Circuit have repeatedly stressed that this is a "heavy burden[.]" *Ketchum*, 2016 WL 4257439, at *1.[5]

Finally, even in those exceedingly rare and exceptional cases where a district court determines that a movant has met its heavy burden under §1292(b), the Courts of Appeals are ***not*** required to accept the appeal.[6]   For this reason, courts in this District have considered the Tenth Circuit's "'demonstrated reluctance to accept cases for interlocutory appeal except in the rarest of circumstances'" in deciding whether to exercise their discretion under §1292(b).[7]

**B.     None of Defendants' Three Issues Qualify for Interlocutory Review Under §1292(b)**

**1.     The Issue of Whether a Plaintiff Is Categorically Barred from Relying on SEC Factual Findings at the Pleading Stage Should Not Be Certified**

Defendants first argue that an immediate appeal is necessary to address Issue 1: whether, at the pleading stage, a plaintiff may rely on "preliminary steps in litigations . . . that did not result in an adjudication on the merits or legal or permissible findings of fact." Def. Br. at 4.   Defendants have failed to meet their heavy burden of establishing that "substantial grounds for difference of opinion" exist with respect to this issue.   28 U.S.C. §1292(b).

"A substantial ground for difference of opinion exists when the relevant question of law 'is difficult, novel, and either a question on which there is little precedent or one whose correct

---

[5]     *See also Armata v. Certain Underwriters at Lloyd's London-Syndicate 1861*, 2023 WL 5310175, at *7 (D. Colo Aug. 15, 2023) (same); *Cherokee Nation v. McKesson Corp.*, 2021 WL 2695353, at *1 (E.D. Okla. June 30, 2021) (same).

[6]     Although §1292(b) provides the district courts with "first line discretion to allow interlocutory appeals" (*Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995)), the Courts of Appeals do not have to accept an interlocutory appeal even if certified by the district court.  *See* 28 U.S.C. §1292(b); *see also Freedom Trans.*, 2020 WL 108670, at *2 ("If the district court determines that certification is appropriate, 'the Court of Appeals may or may not decide to permit the appeal in its discretion.'").

[7]     *Freedom Trans.*, 2020 WL 108670, at *6 & n.40 (quoting *Etienne v. Wolverine Tube, Inc.*, 15 F. Supp. 2d 1060, 1062 (D. Kan. 1998)); *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, 2021 WL 4948270, at *3 (D. Kan. Oct. 25, 2021) (same).

resolution is not substantially guided by previous decisions.'"  *Coca*, 2023 WL 3948472, at *2.

Courts within this Circuit have repeatedly admonished that the "substantial grounds" factor is ***not***

satisfied merely because the issue is one of first impression,[8] or because other district courts have

taken a contrary position.[9]

Rather, a substantial difference of opinion may exist if the challenged decision "'appears

contrary to the rulings of all courts of appeal which have reached the issue'" or that "'the circuits are

in dispute on the question and the court of appeals of the circuit has not spoken on the point.'"

*Freedom Trans.*, 2020 WL 108670, at *3 (quoting *Raymond*, 2019 WL 1922170, at *2).[10]  Further

still, the movants' arguments in support of certification must be "colorable."  *See Coca*, 2023 WL

3948472, at *2.  "Colorable arguments . . . must be more than mere possible interpretations of the

law" and when the parties "'haven't cited any judicial opinions that ***directly contradict*** the court's

rulings,' this Court has little issue with remaining 'convinced that its analysis is correct' and denying

certification."  *Id.*[11]

---

[8]    *See Coca*, 2023 WL 3948472, at *2 ("'[t]hat an issue presents a question of first impression isn't, by itself, sufficient'"); *see also Freedom Trans.*, 2020 WL 108670, at *3 ("For substantial ground for a difference of opinion to exist, it is not enough that the issue is one of first impression . . . ."); *EpiPen*, 2021 WL 4948270, at *3 (same); *XTO Energy, Inc. v. ATD, LLC*, 189 F. Supp. 3d 1174, 1194 (D.N.M. 2016) (same); *N. Arapaho Tribe v. Ashe*, 925 F. Supp. 2d 1206, 1224 (D. Wyo. 2012) (same); 19 James Wm. Moore et al., *Moore's Federal Practice* §203.31(4) (3d ed. 2012) (same).

[9]    *See Coca*, 2023 WL 3948472, at *2 ("'Nor will contradictory case law, by itself, qualify a case for certification.'"); *see also EpiPen*, 2021 WL 4948270, at *3 (same); *Tarver v. Ford Motor Co.*, 2017 WL 9477739, at *2 (W.D. Okla. Mar. 10, 2017) ("'[S]ubstantial ground for difference of opinion does not exist merely because courts have disagreed on an issue.'") (quoting *Dorato v. Smith*, 163 F. Supp. 3d 837, 880 (D.N.M. 2015)).

[10]    *See Dorato*, 163 F. Supp. 3d at 880 (same) (citing 2 Fed. Proc., L. Ed. §3:218); *see also Ketchum*, 2016 WL 4257439, at *1 ("'Courts traditionally will find that a substantial ground for difference of opinion exists ***where the circuits are in dispute on the question*** and the court of appeals of the circuit has not spoken on the point.'"); *N. Arapaho*, 925 F. Supp. 2d at 1224 (no "substantial ground for difference of opinion" in the absence of "any circuit split").

[11]    Defendants' cited authority does not mandate otherwise.  *See KPH Healthcare Servs., Inc. v. Mylan N.V.*, 2022 WL 16551340, at *3 (D. Kan. Oct. 31, 2022) ("Plaintiffs . . . presented a 'colorable' argument . . . by relying on Seventh Circuit cases" that contradicted the court's order.); *see also* Def. Br. at 6 n.4 (quoting *APCC Servs. Inc., v. Sprint Commc'ns Co., L.P.*, 297 F. Supp. 2d 90, 97-98 (D.D.C. 2003) ("A substantial ground for difference of opinion is often established by a dearth of precedent within the controlling jurisdiction and conflicting decisions in other circuits.")).

Defendants have fallen far short of making this showing.  They have not identified a circuit split on this Issue.[12]  And aside from *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887 (2d Cir. 1976), discussed below, they cannot point to any circuit court decision arguably precluding a plaintiff from relying on allegations from a third-party complaint or findings of fact by a government agency.  This failure should be both the beginning and end of the "substantial grounds" analysis.

Defendants are left to contend that this Issue is one of "first impression" and that district court cases, primarily from the Southern District of New York, have reached a different conclusion. *See* Def. Br. at 7-8 & nn.5-9.  But that is insufficient to satisfy the "substantial grounds" factor.  *See* n.8, *supra*.  And even if the Court were to consider Defendants' cases, they do not warrant certification because several are not contradictory[13] or are clearly distinguishable.[14]

---

[12]   Defendants' citations to district court opinions that were upheld by circuit courts do not make this showing because the circuit courts did not address on appeal the issue of whether the plaintiff could permissibly rely on third-party allegations and factual findings.  *See, e.g.*, *United States ex rel. Grabcheski v. Am. Int'l Grp.*, *Inc.*, 2016 WL 9083376, at *4 (S.D.N.Y. Mar. 31, 2016) (reliance on consent orders not addressed on appeal), *aff'd sub nom. Grabcheski v. Am. Int'l Grp., Inc.*, 687 F. App'x 84 (2d Cir. 2017); *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 403 (S.D.N.Y. 2009) (motion to strike not addressed on appeal), *aff'd*, 387 F. App'x 72 (2d Cir. 2010); *In re Trilegiant Corp., Inc.*, 11 F. Supp. 3d 82, 131 (D. Conn. 2014) (same), *aff'd sub nom. Williams v. Affinion Grp., LLC*, 889 F.3d 116 (2d Cir. 2018); *Gotlin v. Lederman*, 367 F. Supp. 2d 349, 364 (E.D.N.Y. 2005) (same), *aff'd sub nom. Gotlin ex rel. Cnty. of Richmond v. Lederman*, 483 F. App'x 583 (2d Cir. 2012).

[13]   *See, e.g.*, *N. Collier Fire Control & Rescue Dist. Firefighter Pension Plan & Plymouth Cnty. Ret. Ass'n v. MDC Partners, Inc.*, 2016 WL 5794774, at *8 (S.D.N.Y. Sept. 30, 2016) (denying defendants' motion to strike confidential witness allegations because they were not parroted); *Teamsters Loc. 456 Pension Fund v. Universal Health Servs.*, 396 F. Supp. 3d 413, 468 (E.D. Pa. 2019) (crediting allegations from other case but finding them insufficient to plead fraud).

[14]   *See, e.g.*, *Francois v. Victory Auto Grp. LLC*, 2023 WL 373250, at *5 (S.D.N.Y. Jan. 24, 2023) ("striking from complaints allegations concerning prior actions that ***are not relevant*** to the instant case" and plaintiffs could only "speculate that these prior suits may establish the willfulness of defendants' conduct"); *Kumaran v. Nat'l Futures Ass'n*, 2023 WL 3160116, at *12 (S.D.N.Y. Apr. 28, 2023) (improper to incorporate allegations from another complaint filed by same plaintiff); *Gruber v. Gilbertson*, 2019 WL 4458956, at *9 (S.D.N.Y. Sept. 17, 2019) (striking allegations based on letters to the SEC, not fact findings by the SEC); *Flores v. Forster & Garbus, LLP*, 2020 WL 5603486, at *1 n.2 (S.D.N.Y. Sept. 17, 2020) (plaintiff argued that an affidavit of service was fraudulent based on past lawsuits against the same defendant); *Grabcheski*, 2016 WL 9083376, at *4 n.3 (consent orders concerned defendant's subsidiaries, not the defendant company); *In re CRM Holdings, Ltd. Sec. Litig.*, 2012 WL 1646888, at *16 n.15, *18-*19, *26 (S.D.N.Y. May 10, 2012) (concerning complaints and letters, not formal settlements like the SEC Order); *Low v. Robb*, 2012 WL 173472, at *9 (S.D.N.Y. Jan. 20, 2012) (striking "allegations concerning a financial dispute between [defendant] and his siblings" offered on the theory that "they show[ed] [defendant's] 'pattern of conduct'"); *Trilegiant*, 11 F. Supp. 3d at 131 (plaintiffs were "not attempting to show that the past conduct [was] the same conduct at issue in this case" so "the discussion of those prior settlements [was not] material to the present [c]omplaint"); *Zhou v. NextCure, Inc.*, 2023 WL 4493541, at *11 (S.D.N.Y. July 12, 2023) (cited complaint filed by board member in Delaware Chancery Court); *Sanfo v. Avondale Care Grp., LLC*, 2022 WL 3448100, at *6 (S.D.N.Y. Aug. 17, 2022) (allegations were "'nearly identical to the allegations'" from another suit brought against defendants six years prior); *Menora Mivtachim Ins. Ltd. v. Int'l*

Most critically, however, **_none_** of the cases Defendants cite are sufficient to carry Defendants' heavy burden—even if they are directly contradictory—because their reasoning is not colorable or persuasive. *See Coca*, 2023 WL 3948472, at *3 (finding defendants' argument "not persuasive and not colorable"). Indeed, to the extent out-of-circuit district court cases may be pertinent to the §1292(b) analysis, they should be "'persuasive.'" Def. Br. at 6 (quoting *Coca*, 2023 WL 3948472, at *2). And this Court has already held that they are not.

Although Defendants contend that a "large volume of [district court] cases" supports their position (Def. Br. at 10), this Court already considered *Lipsky*—the foundation of these cases—in the MTD Order, and found that its reasoning was not persuasive. *See* MTD Order at *8 n.18 ("*Lipsky* is not binding nor particularly persuasive to the Court"). The Court also found that the "'absolute rule'" Defendants claim that their cited cases support was not "'logic[al]'" and "'makes little sense[.]'" MTD Order at *7.[15] The bulk of the cases on which Defendants rely either: (i) cite *Lipsky*, with little or no independent analysis[16]; or (ii) indirectly rely on *Lipsky* by citing the Southern

---

*Flavors & Fragrances Inc.*, 2021 WL 1199035, at *12 (S.D.N.Y. Mar. 30, 2021) (borrowed "allegations . . . fail[ed] to recount any of the details of a supposedly illegal transaction in the [c]lass [p]eriod"), *aff'd sub nom. Menora Mivtachim Ins. Ltd. v. Frutarom Indus. Ltd.*, 49 F.4th 790 (2d Cir. 2022).

[15]     Any persuasive weight afforded to *Lipsky* is undermined by the numerous decisions from the Southern District of New York that held that *Lipsky*: (i) did not establish the categorical bar that Defendants advance here; (ii) was expressly limited to the specific facts of that case; and (iii) has been misinterpreted by the line of cases on which Defendants rely. *See* MTD Order at *7 & n.18; *see also* Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Strike and Motion to Dismiss (ECF 35) at 14-15 & n.11. At most, Defendants can show that *Lipsky*'s import is unclear or disputed, which falls far short of establishing that there are "substantial grounds" for disagreement. *See* n.8, *supra*.

[16]     *Francois v. Victory Auto Grp. LLC*, 2023 WL 373250, at *5 (S.D.N.Y. Jan. 24, 2023); *Amorosa v. Gen. Elec. Co.*, 2022 WL 3577838, at *2 (S.D.N.Y. Aug. 19, 2022); *Flores v. Forster & Garbus*, LLP, 2020 WL 5603486, at *1 n.2 (S.D.N.Y. Sept. 17, 2020); *Gruber v. Gilbertson*, 2019 WL 4458956, at *9 (S.D.N.Y. Sept. 17, 2019); *In re Trilegiant Corp., Inc.*, 11 F. Supp. 3d 82, 130-31(D. Conn. 2014); *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp., Inc.*, 2014 WL 3569338, at *4 (E.D.N.Y. July 18, 2014); *In re Rough Rice Commodity Litig.*, 2012 WL 473091, at *4-*5 (N.D. Ill. Feb. 9, 2012); *In re CRM Holdings, Ltd. Sec. Litig.*, 2012 WL 1646888, at *26 (S.D.N.Y. May 10, 2012); *In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 588, 593-94 (S.D.N.Y. 2011); *Footbridge Ltd. v. Countrywide Home Loans, Inc.*, 2010 WL 3790810, at *5 (S.D.N.Y. Sept. 28, 2010); *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 403 (S.D.N.Y. 2009); *Gotlin v. Lederman*, 367 F. Supp. 2d 349, 363 (E.D.N.Y. 2005); *In re Merrill Lynch & Co., Inc. Research Reps. Sec. Litig.*, 218 F.R.D. 76, 78-79 (S.D.N.Y. 2003).

District of New York's decision in *Merrill Lynch*, which, in turn, premised its ruling on *Lipsky*. 218 F.R.D. at 78.[17]

Finally, *the only case on point* rejected the same *Lipsky*-based arguments that Defendants advance here in support of certification. *See Shah*, 2019 WL 762510, at *7-*8. In *Shah*, like here: (i) the plaintiffs asserted violations of the securities laws, which were based on, among other things, allegations taken from complaints in other pending lawsuits; (ii) the court denied defendants' motion to strike those allegations (as well as their motion to dismiss); and (iii) defendants then sought certification of that issue pursuant to §1292(b). In rejecting the defendants' certification motion, the *Shah* court concluded:

> A few conflicting district court opinions and a forty-year-old out-of-circuit decision on very different facts [*i.e.*, *Lipsky*] does not satisfy Section 1292(b)'s contestability requirement. The clear distinguishing aspects of *Lipsky*, in addition to its very narrow holding does not create a "substantial ground for difference of opinion" in this context.

*Id.* at *8. This case is no different.

### 2. The Issue of the Adequacy of Plaintiffs' Pre-Complaint Investigation Under Rule 11 Should Not Be Certified

#### a. Issue 2 Does Not Raise a Pure Question of Law

Certification of an interlocutory appeal is not warranted for Issue 2 because it does not involve a controlling question of law. As used in §1292(b), "'[t]he term "question of law" does not mean the application of settled law to fact.'" *Raymond*, 2019 WL 1922170, at *3.[18] Only a "pure legal question [is] contemplated by §1292(b)," not "fact-dependent" issues. *Raymond*, 2019 WL 1922170, at *3. As presented, the issue of whether a plaintiff has complied with Rule 11 in relying

---

[17]   *Conde v. Sensa*, 259 F. Supp. 3d 1064, 1070-71 (S.D. Cal. 2017); *Kyung Cho v. UCBH Holdings, Inc.*, 890 F. Supp. 2d 1190, 1203 (N.D. Cal. 2012); *Low*, 2012 WL 173472, at *9; *Clugston v. Nationwide Mut. Ins. Co.*, 2006 WL 1290450, at *4 (M.D. Pa. May 10, 2006); *Scognamillo v. Credit Suisse First Bos. LLC*, 2005 WL 8162733, at *6 (N.D. Cal. Feb. 1, 2005).

[18]   *See also In re Hacienda Co., LLC*, 2023 WL 3564734, at *2 (C.D. Cal. Apr. 5, 2023).

on third-party allegations or factual findings is a mixed question of law and fact because it requires the court to examine the plaintiff's investigation on a "fact-dependent," case-by-case basis. *Id.* Indeed, Defendants do not argue that Rule 11 *can never* be satisfied when a plaintiff relies on third-party allegations (*see* Def. Br. at 8 & n.10), and their cited authority demonstrates that this Issue requires "'application of settled law to fact.'" *Raymond*, 2019 WL 1922170, at *3.[19] Thus, this Court's ruling that Plaintiffs' "investigation [was] a reasonable inquiry *under the circumstances* for the purposes of Rule 11(b)," and that "Plaintiffs did not wholly shirk their duty to investigate under Rule 11 like the plaintiff did in *Amorosa*" (MTD Order at *9), is in keeping with those cases because it too similarly turned on an examination of the facts of Plaintiffs' pre-complaint investigation. Because this is a "fact-dependent" question, rather than a pure question of law, interlocutory appeal is inappropriate. *See Raymond*, 2019 WL 1922170, at *3.

### b. There Are No Substantial Grounds for Difference of Opinion

Defendants have not demonstrated a substantial grounds for difference of opinion for Issue 2.[20] Defendants' cited authority *does not* stand for a categorical prohibition and instead makes clear that a plaintiff can rely on third-party allegations in accordance with Rule 11, as long as the plaintiff conducts a satisfactory investigation. *See* Def. Br. at 8 n.10.

---

[19]    *See Plumbers & Pipefitters Loc. Union #295 Pension Fund v. CareDx, Inc.*, 2023 WL 4418886, at *4 (N.D. Cal. May 24, 2023) (striking allegations under Rule 11 because after a factual examination of plaintiff's investigation, the allegations were "lift[ed]" "without adequate independent corroboration"); *Ass'n of N.J. Chiropractors, Inc. v. Data iSight, Inc.*, 2022 WL 4483596, at *3 (D.N.J. Sept. 27, 2022) (examining plaintiffs' investigation and finding they "took no steps to independently verify the accuracy of the allegations"); *Veal v. LendingClub Corp.*, 423 F. Supp. 3d 785, 812 (N.D. Cal. 2019) (faulting plaintiffs for not "providing any independent corroboration," as to certain allegations, and finding they verified other allegations); *Amorosa*, 2022 WL 3577838, at *2 (plaintiff copied verbatim a class action complaint which he opted out of); *Brooks v. United Dev. Funding III, L.P.*, 2020 WL 6132230, at *13 (N.D. Tex. Apr. 15, 2020).

[20]    To the extent Defendants contend on reply that Rule 11 does *categorically prohibit* reliance on allegations from other legal proceedings, regardless of the steps taken to verify such allegations, they have failed to establish that substantial grounds for difference of opinion exist.

Indeed, the only circuit court decision Defendants cite supports the MTD Order (or, at a minimum, does not contradict it).[21] *In Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160 (2d Cir. 2015), the court found sufficient "allegations—albeit clearly overlapping with the SEC order—[that were] made directly by [p]laintiffs, and were signed by [p]laintiffs' counsel subject to the requirements of Rule 11." *Id*. at 180.[22] Similarly, the district court cases Defendants rely on are not at odds with the Court's ruling, because their determinations that the plaintiffs had not complied with Rule 11 turned on ***the facts of each case***—*i.e.*, whether the plaintiff had conducted a satisfactory investigation under the circumstances of each case. *See* Def. Br. at 8 n.10.[23] Further still, some of Defendants' authority ***directly supports*** the MTD Order.[24] Defendants' remaining cases from other district courts are "more than ten years old" (*Raymond*, 2019 WL 1922170, at \*3)[25] and "more recent decisions have coalesced around a [contrary] conclusion." *Raymond*, 2019 WL 1922170, at \*3.

---

[21]   In *Luczak v. Nat'l Beverage Corp.*, 400 F. Supp. 3d 1318, 1327 (S.D. Fla. 2019), *aff'd in part and rev'd in part on other grounds*, 812 F. App'x 915 (11th Cir. 2020), plaintiffs did not challenge dismissal of allegations from another complaint on appeal.

[22]   *See also Puddu v. 6D Glob. Techs., Inc.*, 742 F. App'x 553, 557 (2d Cir. 2018) (plaintiffs adequately pleaded loss causation based on allegations from SEC complaint); *In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694, 707 n.5 (9th Cir. 2012) (largely vacating dismissal of complaint, crediting allegations referencing SEC complaint).

[23]   *See Brooks*, 2020 WL 6132230, at \*12 (plaintiffs "d[id] not assert that they or their counsel ha[d] independently investigated the allegations contained in the paragraphs in question"); *CareDx*, 2023 WL 4418886, at \*4-\*5 (court found plaintiffs' investigation insufficient on the facts of that case); *Data iSight*, 2022 WL 4483596, at \*3 (same); *Attia v. Google LLC*, 2018 WL 2971049, at \*15 (N.D. Cal. June 13, 2018) (same); *Amorosa*, 2022 WL 3577838, at \*2 (same); *Luczak*, 400 F. Supp. 3d at 1327 (finding that even if plaintiffs could rely on allegations from another litigation, those facts did not show falsity); *Me. State Ret. Sys. v. Countrywide Fin. Corp.*, 2011 WL 4389689, at \*20 (C.D. Cal. May 5, 2011) ("Plaintiffs' counsel [did] not claim to have taken . . . any other measures to investigate the bases for allegations in other complaints they cite[d].").

[24]   *See Veal*, 423 F. Supp. 3d at 812 (finding that plaintiffs ***did*** verify certain allegations from a Federal Trade Commission action); *Elliot v. China Green Agrics., Inc.*, 2012 WL 5398863, at \*3 (D. Nev. Nov. 2, 2012) ("lead plaintiffs ha[d] established the reports' reliability sufficient to survive the present motions to strike"); *In re Karagianis*, 2009 WL 4738188, at \*4 (Bankr. D.N.H. Dec. 4, 2009) ("When drafting complaints, attorneys, of course, may rely in part on other sources as part of their investigations into the facts . . . .").

[25]   *Fraker v. Bayer Corp.*, 2009 WL 5865687, at \*3 (E.D. Cal. Oct. 6, 2009); *In re Connetics Corp. Secs. Litig.*, 542 F. Supp. 2d 996, 1005 (N.D. Cal. 2008); *Geinko v. Padda*, 2002 WL 276236, at \*5-\*6 (N.D. Ill. Feb. 27, 2002).

Thus, there is simply no conflict between the Court's holding on Rule 11 and Defendants' authorities that can provide "reasonable grounds for difference of opinion" supporting certification.

### 3. The Issue of the Adequacy of Plaintiffs' Scienter Allegations Should Not Be Certified

#### a. Issue 3 Does Not Raise a Pure Question of Law

Issue 3 concerns whether a plaintiff can plead scienter based on "unproven allegations in a . . . settlement order." Def. Br. at 4. Just like Issue 2, as presented, whether facts in an SEC order contribute to an inference of scienter requires "'application of settled law to fact'" because it requires the court to examine the specific factual findings at issue. *Raymond*, 2019 WL 1922170, at *3.

Defendants' own authority proves as much. Def. Br. at 9 n.11.[26] For example, in *Sjunde AP-Fonden v. Gen. Elec. Co.*, the court did not hold that the SEC order at issue was, as a matter of law, irrelevant to the scienter analysis. 2021 WL 311003, at *14 (S.D.N.Y. Jan. 29, 2021). Rather, after considering the substance of the SEC's findings—which included the determination that the company's "'executives were not informed'" of certain issues—the court concluded that the findings did not support a strong inference of scienter. *Id*. Here, conversely, the SEC concluded that Compass Minerals' executives were informed of the problems demonstrating the falsity of their public statements. *See, e.g.*, SEC Order, ¶¶16-18, 23-24, 33-34. Because Issue 3 does not implicate a pure issue of law, certification is improper.

---

[26]   *See, e.g.*, *Elec. Workers Pension Fund, Loc. 103, I.B.E.W. v. HP Inc.*, 2021 WL 4199273, at *6 (N.D. Cal. Sept. 15, 2021) (SEC order did not raise an inference of scienter because "[t]he SEC Order found HP executives did not learn of the HP sales managers' conduct until after the conduct occurred"); *Fries v. N. Oil & Gas, Inc.*, 285 F. Supp. 3d 706, 722 (S.D.N.Y. 2018) (SEC settlement did not support inference of scienter because it concerned company "alleged to be wholly unrelated to" defendant company).

### b. There Are No Substantial Grounds for Difference of Opinion

Defendants also fail to carry their heavy burden with respect to scienter (Issue 3), because they have not established substantial grounds for difference of opinion. Most of the cases Defendants cite are consistent—or at least do not conflict—with the MTD Order.

Indeed, just like Issues 1 and 2 above, "[t]he [C]ourt's [MTD] ruling [on the scienter issue] does not contradict the ruling of any circuit court of appeals." *Raymond*, 2019 WL 1922170, at *3. For example, in *Loreley*, cited by Defendants, the court merely held that allegations based on a consent order with the SEC ***might*** be insufficient to plead scienter in the absence of other supporting facts—and certainly did not adopt a categorical rule. 797 F.3d at 179-81.

Similarly, in *In re Ceridian Corporation Sec. Litig.*, 542 F.3d 240 (8th Cir. 2008), the issue was whether scienter could be supported by the mere existence of an "ongoing [SEC] investigation" that, unlike here, had not yet resulted in ***any*** "adverse findings." *Id*. at 248. And even under those circumstances, *Ceridian* did not hold that the SEC investigations were immaterial to the scienter analysis as a matter of law. *Id*. Rather, the court held that given the absence of any findings of wrongdoing, the mere fact that the SEC had opened an investigation did not support a strong inference of scienter. *Id*. Thus, *Ceridian* does not "contradict" the MTD Order, but merely came to a different conclusion applying the same law to different facts. Moreover, other circuit courts have found that plaintiffs can rely on third-party allegations and factual findings to support an inference of scienter.[27]

Defendants' cited district court opinions do not contradict the MTD Order. Several of these cases are factually distinct because the defendants "contested" the allegations at issue. *See* Def. Br.

---

[27] *See York Cnty. ex rel. Cnty. of York Ret. Fund v. HP, Inc.*, 65 F.4th 459, 468 (9th Cir. 2023) (plaintiffs "plausibly alleged that the SEC Order provided facts and context without which it could not have otherwise pleaded scienter"); *VeriFone*, 704 F.3d at 707 n.5 ("draw[ing] no inference from the SEC's decision not to plead scienter or charge defendants with fraud" and finding "[t]he district court erred in concluding that 'the SEC's decision not to plead scienter hurts plaintiffs' ability to plead a strong inference of scienter'").

at 9 n.11.[28]   Here, by contrast, Compass Minerals consented to the entry of the SEC Order "without . . . denying the findings." SEC Order at 1.[29]   Accordingly, the Court should decline to certify Issue 3.

## C.    Alternatively, the Court Should Exercise Its Discretion to Deny Certification

Even if the Court determines that Defendants have satisfied the showing necessary for certification—which they have not—it should nonetheless exercise its discretion to deny Defendants' motion. *See* 28 U.S.C. §1292(b); *see also Coca*, 2023 WL 3948472, at *1.[30]   Simply put, this is not the kind of extraordinary case the Tenth Circuit is likely to hear, given its "'demonstrated reluctance to accept cases for interlocutory appeal except in the rarest of circumstances.'" *Freedom Trans.*, 2020 WL 108670, at *6 (quoting *Etienne*, 15 F. Supp. 2d at 1062).   While these issues were "novel," they were not "difficult" for the Court to decide in the MTD Order. *Compare KPH*, 2022 WL 16551340, at *2 ("the question presented . . . [was] both difficult and novel" because "the court wrestled with the question and devoted more than 10 pages of analysis to the issue in its Order"), *with* MTD Order at *7-*9 (resolving the Issues in less than three pages).

---

[28]    *See, e.g., ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1263 (C.D. Cal. 2012); *UCBH Holdings*, 890 F. Supp. 2d at 1203; *In re Appollo Grp., Inc. Sec. Litig.*, 2011 WL 5101787, at *10 n.5 (D. Ariz. Oct. 27, 2011).

[29]    Defendants' remaining authority is distinguishable on other grounds. *See Saraf v. Ebix, Inc.*, 2023 WL 4561655, at *7 (S.D.N.Y. July 17, 2023) (Defendants' cited portion was *dicta*, and the court found that the additional facts would not support scienter even if they were considered.); *Rains v. Zale Corp.*, 2011 WL 3331213, at *5 (N.D. Tex. Aug. 1, 2011) (finding SEC complaint was consistent with inference of innocence when no other allegations supported a motive to defraud).

[30]    *Vandiver v. MG Billing Ltd.*, 2023 WL 3247286, at *1 (D. Colo. May 4, 2023) (stating that "three criteria must be satisfied before a district court may certify an issue for interlocutory appeal in a civil action," but that "[a] district court has discretion in determining whether to certify an order for interlocutory appeal" and will only do so "in exceptional circumstances"); *In re Facebook, Inc., IPO Sec. and Derivative Litig.*, 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014) ("'[E]ven where the three legislative criteria of . . . §1292(b) appear to be met, district courts retain "unfettered discretion to deny certification" if other factors counsel against it.' Such unfettered discretion can be for 'any reason, including docket congestion' and 'the system-wide costs and benefits of allowing the appeal.'").

Nonetheless, Defendants contend that certification is warranted because the prosecution of this case may prove costly to them. *See* Def. Br. at 11. Putting aside that such cost is solely a function of Defendants' alleged wrongdoing, the same argument can be raised in any securities fraud action where the defendants did not secure dismissal. Yet §1292(b) petitions in the securities fraud context are routinely denied.[31]

**D.      The Court Should Deny Defendants' Request for a Stay of the Proceedings**

Because Defendants have failed to carry their heavy burden of establishing that §1292(b) certification is warranted, the Court should deny their request for a stay pending appeal as moot. If the Court is inclined to grant certification, however, Plaintiffs respectfully submit that because there are substantial grounds to believe that the Tenth Circuit will decline to accept the appeal even if certified, the Court should deny Defendants' stay request.[32] Defendants can renew their request before the Tenth Circuit in the unlikely event it elects to hear the matter.

**IV.      CONCLUSION**

For the foregoing reasons, the Court should deny Defendants' motion for certification pursuant to 28 U.S.C. §1292(b) in its entirety.

DATED:  January 19, 2024                    Respectfully submitted,

                                            STUEVE SIEGEL HANSON LLP
                                            NORMAN E. SIEGEL, KS #70354


                                            s/ NORMAN E. SIEGEL
                                            NORMAN E. SIEGEL

---

[31]   *See, e.g.*, *Shah*, 2019 WL 762510, at \*9; *Facebook*, 986 F. Supp. 2d at 544; *Lee v. Active Power, Inc.*, 2014 WL 4337860, at \*5 (W.D. Tex. Sept. 2, 2014); *In re Ambac Fin. Grp., Inc. Sec. Litig.*, 693 F. Supp. 2d 241, 285 (S.D.N.Y. 2010); *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 731 (N.D. Tex. 2006); *In re Worldcom, Inc. Sec. Litig.*, 2003 WL 22533398, at \*13 (S.D.N.Y. Nov. 7, 2003); *In re Blech Sec. Litig.*, 2003 WL 134988, at \*3 (S.D.N.Y. Jan. 17, 2003).

[32]   Indeed, courts in this District disfavor stays. *See, e.g.*, *Patel v. Snapp*, 2013 WL 5493967, at \*2 (D. Kan. Oct. 1, 2013) ("The District of Kansas generally disfavors motions to stay discovery."); *see also Harrison v. Envision Mgmt. Holding, Inc.*, 2023 WL 4945841, at \*4 (D. Colo. Aug. 3, 2023) (stays "cause harm to [p]laintiffs in the form of faded witness memories, stale evidence, and delayed outcomes").

460 Nichols Road, Suite 200
Kansas City, MO  64112
Telephone:  816/714-7100
816/714-7101 (fax)
siegel@stuevesiegel.com

*Local Counsel*

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARRYL J. ALVARADO
JOSEPH J. TULL
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dalvarado@rgrdlaw.com
jtull@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ERIN W. BOARDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
eboardman@rgrdlaw.com

KIRBY McINERNEY LLP
ANDREW M. McNEELA
THOMAS W. ELROD
IRA M. PRESS
250 Park Avenue, Suite 820
New York, NY  10177
Telephone:  212/317-2300
212/751-2540 (fax)
amcneela@kmllp.com
telrod@kmllp.com
ipress@kmllp.com

*Lead Counsel for Lead Plaintiff*

- 16 -

- 17 -

FRIEDMAN & ANSPACH
EUGENE FRIEDMAN (*pro hac vice to be filed*)
LEO GERTNER (*pro hac vice to be filed*)
1500 Broadway
New York, NY  10036
Telephone:  212/354-4500
efriedman@friedmananspach.com
lgertner@friedmananspach.com

*Additional Counsel*