UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| LOCAL 295 IBT EMPLOYER GROUP WELFARE FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>COMPASS MINERALS INTERNATIONAL, INC., FRANCIS J. MALECHA, JAMES D.  STANDEN, and ANTHONY J. SEPICH,<br><br>Defendants. | Case No. 2:22-cv-02432-EFM-ADM<br><br>CLASS ACTION |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR
MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL
AND MOTION TO STAY PROCEEDINGS PENDING APPEAL**

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ......................................................................................... ii

I.    Plaintiffs Do Not Dispute That An Appeal Would Materially
      Advance The Termination Of The Litigation ............................................................ 1

II.   All Three Issues Involve Controlling Questions Of Law ........................................ 1

III.  The Opposition Misstates The Requirements For A Substantial
      Ground For Difference Of Opinion .......................................................................... 3

IV.   The Court Should Not Use Its Discretion To Deny Certification............................ 6

V.    Plaintiffs Fail To Meaningfully Address The Reasons For Granting
      A Stay....................................................................................................................... 7

CONCLUSION.................................................................................................................. 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Fid. Assurance Co. v. Bank of N.Y. Mellon*,
810 F.3d 1234 (10th Cir. 2016) ....................................................................... 2

*Amorosa v. Gen. Elec. Co.*,
2022 WL 3577838 (S.D.N.Y. Aug. 19, 2022)..................................................... 4, 6

*Farmer v. Kan. State Univ.*,
2017 WL 3674964 (D. Kan. Aug. 24, 2017) ...................................................... 5

*Fox v. TransAm Leasing, Inc.*,
2015 WL 4243464 (D. Kan. July 13, 2015) ...................................................... 5

*Geinko v. Padda*,
2002 WL 276236 (N.D. Ill. Feb. 27, 2002) ...................................................... 4

*Genesis Health Clubs, Inc. v. LED Solar & Light Co.*,
2014 WL 3025441 (D. Kan. July 3, 2014) ....................................................... 2

*In re Blech Sec. Litig.*,
2003 WL 134988 (S.D.N.Y. Jan. 17, 2003) ...................................................... 7

*In re Platinum & Palladium Commodities Litig.*,
828 F. Supp. 2d 588 (S.D.N.Y. 2011)............................................................... 4

*In re Text Messaging Antitrust Litig.*,
630 F.3d 622 (7th Cir. 2010) ........................................................................... 2

*Kenney v. Helix TCS, Inc.*,
2018 WL 510276 (D. Colo. Jan. 23, 2018)....................................................... 3–4

*KPH Healthcare Servs., Inc. v. Mylan N.V.*,
2022 WL 16551340 (D. Kan. Oct. 31, 2022) .................................................... 4

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
797 F.3d 160 (2d Cir. 2015)............................................................................. 4

*McNellis ex rel. DeAngelis v. Pfizer, Inc.*,
2006 WL 2819046 (D.N.J. Sept. 29, 2006) ...................................................... 4

*Nat'l Credit Union Admin. Bd. v. RBS Secs., Inc.*,
2012 WL 4210500 (D. Kan. Sept. 19, 2012) ........................................................ 4–5

*Raymond v. Spirit Aerosystems Holdings, Inc.*,
2019 WL 1922170 (D. Kan. Apr. 30, 2019) ......................................................... 2

*Reese v. Browne*,
2009 WL 10668680 (W.D. Wash. July 1, 2009) ................................................... 6

*Ryan v. Flowserve Corp.*,
444 F. Supp. 2d 718 (N.D. Tex. 2006) ................................................................. 7

*Shah v. Zimmer Biomet Holdings, Inc.*,
2019 WL 762510 (N.D. Ind. Feb. 20, 2019) ........................................................ 5, 7

*Utah ex rel. Utah State Dep't of Health v. Kennecott Corp.*,
14 F.3d 1489 (10th Cir. 1994) ............................................................................. 7

*Veal v. LendingClub Corp.*,
423 F. Supp. 3d 785 (N.D. Cal. 2019) ................................................................. 4

*Young v. New Haven Advoc.*,
315 F.3d 256 (4th Cir. 2002) ............................................................................... 2

Unable to seriously dispute that the wealth of contrary authority on the three potentially dispositive issues identified by Defendants satisfies the requirements of § 1292(b), Plaintiffs' Opposition either ignores those requirements or misrepresents them, and otherwise attempts to downplay the extensive conflicting case law on each issue.[1]  In particular, Plaintiffs incorrectly contend that an appeal may only be granted on legal issues involving no facts, that are subject to circuit splits, and where the district court does not believe it reached the right result, and that the dozens of contrary authorities from courts across the country are a mere "handful" of cases insufficient to justify appellate review.  These arguments would read § 1292(b) out of existence and are directly contrary to Tenth Circuit authority, which has included repeatedly accepting appeals in the absence of circuit splits, on mixed questions of law and fact, and in instances where the district court said it was not persuaded by the contrary authority.  The circumstances here therefore plainly satisfy the requirements of § 1292(b), and further merit a stay of the underlying action pending appeal, given that Plaintiffs do not dispute that an appeal could save the parties, the court, and nonparties from the significant burdens of further litigation.

### I.  **Plaintiffs Do Not Dispute That An Appeal Would Materially Advance The Termination Of The Litigation**

Plaintiffs do not dispute that an appeal of the issues presented here may substantially advance the termination of this litigation; nor could they, since a reversal would end the litigation. Mot. at 11–12.  This requirement of § 1292(b) is therefore satisfied.

### II.  **All Three Issues Involve Controlling Questions Of Law**

Plaintiffs similarly do not dispute that any of the issues presented are "controlling," in that they could terminate the action, *id.* at 5, or that the first issue presented is a pure question of law.

---

[1] Unless otherwise indicated, all capitalized terms are as defined in Defendants' Memorandum of Law in Support of Their Motion to Certify Order for Interlocutory Appeal, Doc. 45 (the "Motion").  The "Opposition" refers to Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion, Doc. 47.

Opp'n at 2. Instead, Plaintiffs argue that the second and third issues are inappropriate for interlocutory review because they are not "pure legal question[s]" and allegedly call for the "application of settled law to fact." *Id.* at 9–10, 12. These arguments fail.

*First*, the single authority cited by Plaintiffs in support of these arguments—*Raymond v. Spirit Aerosystems Holdings, Inc.*, 2019 WL 1922170, at *1 (D. Kan. Apr. 30, 2019)—arose in the summary-judgment context, where courts are hesitant to certify issues that concern "whether the plaintiff has presented sufficient evidence to show a genuine issue of material fact" under the well-established summary judgment standards. *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 626 (7th Cir. 2010) (Posner, J.) (distinguishing summary-judgment appeals from motion-to-dismiss appeals). This is so because a court of appeals should not be required to "embroil itself in the record" to resolve interlocutory appeals. *Genesis Health Clubs, Inc. v. LED Solar & Light Co.*, 2014 WL 3025441, at *1 (D. Kan. July 3, 2014). But that case law has no application at the motion-to-dismiss stage, where the court considers the legal significance of a closed set of facts in the complaint that are assumed to be true.[2] Indeed, the Tenth Circuit has previously granted interlocutory review of a mixed question of fact and law where the issue involved undisputed facts. *See Am. Fid. Assurance Co. v. Bank of N.Y. Mellon*, 810 F.3d 1234, 1237 (10th Cir. 2016) (considering waiver of personal jurisdiction defense even though it was "a mixed question of law and fact" because "the parties do not contest any facts on appeal"). The issues here similarly present clean questions about the legal significance of alleged facts about the SEC Order and Plaintiffs' investigation that are not in dispute at this stage.

---

[2] *See, e.g.*, *In re Text Messaging*, 630 F.3d at 625 (holding that "whether a particular complaint satisfies the pleading standard" is "a controlling question of law," even though "[i]t is not an abstract legal question," because it involved no fact finding and "require[d] the interpretation, and not merely the application, of a legal standard"); *Young v. New Haven Advoc.*, 315 F.3d 256, 261 (4th Cir. 2002) (considering interlocutory appeal of denial of motion to dismiss because "[t]he facts relating to jurisdiction are undisputed, and the district court's decision that it has personal jurisdiction over these defendants presents a legal question").

*Second*, even if the authority cited by Plaintiffs extended outside the summary-judgment context and where there are no facts in dispute, it would not apply here because Plaintiffs cite no "settled law" on the relevant issues.  Significantly, Plaintiffs cite no authority from the Supreme Court or Tenth Circuit (or any other circuit) describing "settled law" on what constitutes an adequate investigation under Rule 11 or when a settlement of non-fraud claims establishes scienter. As the MTD Order recognized, there is no such "settled law" on these issues.  *See* Mot. at 7.  An interlocutory appeal, however, would allow the Tenth Circuit to settle them.

### III.    The Opposition Misstates The Requirements For A Substantial Ground For Difference Of Opinion

Notwithstanding the dozens of contrary decisions cited in the Motion, Plaintiffs' primary argument against an appeal is that there purportedly are not substantial grounds for a difference of opinion on the issues raised because Defendants "have not identified a circuit split and instead rely on a handful of district court cases," and the MTD Order said some of the cases on one issue were "not persuasive."  Opp'n at 1–2.  These arguments directly contradict Tenth Circuit law.

*First*, the Opposition cites no authority adopting its blanket rule that the lack of a circuit split "should be both the beginning and end of the 'substantial grounds' analysis."  Opp'n at 7. While a circuit split is one way to satisfy this factor, it is not required and the Tenth Circuit has routinely accepted appeals in the absence of a circuit split.  *See, e.g.*, *Kenney v. Helix TCS, Inc.*, 2018 WL 510276, at *2 (D. Colo. Jan. 23, 2018) (granting appeal where "no circuit court has addressed" the issue), *appeal decided* 939 F.3d 1106 (10th Cir. 2019).[3]

---

[3] Plaintiffs also incorrectly contend that *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160 (2d Cir. 2015), "supports the MTD Order" or "does not contradict it."  Opp'n at 11.  Not so:  *Loreley* recognized that "a complaint that *merely* recites others' allegations may [] be insufficient," but found that the complaint before it "also allege[d] non-conclusory facts" about scienter beyond those in the SEC order.  797 F.3d at 180.  No such separate allegations are made here.  MTD Order at 17 ("each of the factual allegations upon which Plaintiffs rely to show Defendants' . . . scienter either copy or paraphrase the SEC Order").  The tension between the MTD Order and this circuit court authority further supports granting an appeal.  *See KPH Healthcare Servs., Inc. v. Mylan N.V.*, 2022 WL 16551340, at *3–4 (D. Kan. Oct. 31, 2022) (granting appeal where decision differed from circuit court ruling).

*Second*, Plaintiffs' attempt to diminish the conflicting decisions as "a handful of district court cases" that are "primarily from the Southern District of New York," Opp'n at 1, 7, is neither accurate nor legally relevant. A "handful" means only a few cases, not the several dozen cited by Defendants. And Plaintiffs cannot characterize the decisions as being from a single district, since the cited cases include ones from more than 15 districts across 7 different circuits. Mot. at 7–9. Dozens of contrary decisions from "district courts throughout the country" "certainly constitute[] a sufficient number of conflicting and contradictory opinions" to demonstrate substantial grounds for a difference of opinion. *McNellis ex rel. DeAngelis v. Pfizer, Inc.*, 2006 WL 2819046, at *12 (D.N.J. Sept. 29, 2006) (granting appeal based on 10 conflicting district court decisions).[4] In fact, the Tenth Circuit has accepted appeals based on a far smaller number of contrary district court cases. *See, e.g.*, *Nat'l Credit Union Admin. Bd. v. RBS Secs., Inc.*, 2012 WL 4210500, at *3 (D. Kan. Sept. 19, 2012) (granting appeal where "[t]here is no circuit court authority" on the issue and "the only other district court to address [it] has reached a different result than this court"), *appeal decided* 727 F.3d 1246 (10th Cir. 2013).

*Third*, although the MTD Order commented that some of the cited cases on the first issue were "not . . . particularly persuasive to the Court," Opp'n at 8 (citing MTD Order at 8 n.18), that in no way excludes this issue (let alone the other two) from interlocutory review. Of course, any time a court declines to adopt cited authority, it was not persuaded by that authority, but the Tenth

[4] The Opposition's meager attempts to distinguish some of the cited cases, Opp'n at 7, 11, 13–14, do not eliminate the difference of opinion reflected in those decisions. Minor factual distinctions aside, those decisions adopted the holdings rejected here. Mot. at 7–9. In any event, Plaintiff does not meaningfully distinguish many of the cited rulings that involved nearly identical circumstances. *See, e.g.*, *Amorosa v. Gen. Elec. Co.*, 2022 WL 3577838, at *2 (S.D.N.Y. Aug. 19, 2022) (finding reliance on SEC order improper even where plaintiff's "investigation" led to inclusion of additional "quotations from public filings"); *Veal v. LendingClub Corp.*, 423 F. Supp. 3d 785, 812 (N.D. Cal. 2019) (rejecting use of allegations from FTC action that were not "independent[ly] corroborat[ed]"); *In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 588, 593–94 (S.D.N.Y. 2011) (striking allegations "derived wholesale" from CFTC settlement order); *Geinko v. Padda*, 2002 WL 276236, at *6 n.8 (N.D. Ill. Feb. 27, 2002) (rejecting allegations from SEC complaint where plaintiffs did not "independently examin[e] the materials underlying [] third-party allegations" or "contact the attorneys . . . in th[o]se actions").

Circuit has accepted appeals where district courts "remain[ed] convinced" their decisions were correct, *Fox v. TransAm Leasing, Inc.*, 2015 WL 4243464, at *4 (D. Kan. July 13, 2015), *appeal decided* 839 F.3d 1209 (10th Cir. 2016), or even said they were "not persuaded" by the contrary authorities, as the MTD Order did here. *Farmer v. Kan. State Univ.*, 2017 WL 3674964, at *5 (D. Kan. Aug. 24, 2017), *appeal decided* 918 F.3d 1094 (10th Cir. 2019).

Moreover, Plaintiffs' citation to a single decision declining to certify the first issue raised here, Opp'n at 9 (citing *Shah v. Zimmer Biomet Holdings, Inc.*, 2019 WL 762510 (N.D. Ind. Feb. 20, 2019)), does not require this Court to reach the same result. As an initial matter, *Shah* denied certification of that issue in part because the copied allegations there were "[f]ar from" the "only allegations of scienter." 2019 WL 762510, at *9. An appeal therefore would not have "automatically result[ed] in [the defendant] prevailing on the scienter issue" as required to materially advance the litigation. *Id.* That is not the case here where striking the copied allegations would leave no scienter allegations, requiring dismissal. While *Shah* also found a lack of substantial grounds for difference of opinion, it did so because there were only "[a] few conflicting district court opinions and a forty-year-old out-of-circuit decision" placed before it. *Id.* at *8. Here, the Court has dozens of recent conflicting decisions on each of the issues presented. Mot. at 7–9.[5] In any event, to the extent prior certification decisions are relevant, Plaintiffs ignore that another court certified an appeal on an issue nearly identical to the third one raised by Defendants. *See Reese v. Browne*, 2009 WL 10668680, at *6 (W.D. Wash. July 1, 2009) (certifying question

---

[5] Plaintiffs also incorrectly claim that the Court should ignore three cases cited on the Rule 11 issue because they are "more than ten years old" and "more recent decisions" have supposedly "coalesced around a contrary conclusion." Opp'n at 11. While those three decisions (from 2009, 2008, and 2002) may be more than ten years old, numerous courts have continued to adopt their holdings in recent years. *See* Mot. at 8 n.10 (citing cases issued as recently as last year). Moreover, Plaintiffs cite no case holding, let alone multiple cases "coalesc[ing]" around the conclusion, that a complaint may rely exclusively on copied allegations of falsity and scienter. Defendants are not aware of any other court that has reached that result. *See, e.g.*, *Amorosa*, 2022 WL 3577838, at *5 (plaintiff "does not cite, and the Court has not found, any case in which a court has allowed a securities fraud claim to proceed where, as here, every factual allegation was sourced secondhand").

concerning "the permissibility of using a criminal negligence plea to draw an inference of scienter" at the motion-to-dismiss stage in a securities class action). The same result should follow here.

In sum, the Opposition advances an unsupported standard for raising a substantial ground for difference of opinion because the requirement is readily satisfied here. The issues raised are ones of first impression in this circuit, that have sharply divided district courts around the country, and where authority from other circuit courts can reasonably be read as inconsistent with the MTD Order. Mot. at 7–9. Indeed, Plaintiffs' contention that "*none* of the cases Defendants cite are sufficient . . . because their reasoning is not colorable," Opp'n at 8, would no doubt come as a surprise to the 40 district court judges that authored them. The fact that so many courts across the country have agreed with Defendants at the very least shows a "colorable" or "tenable" argument in support of Defendants' position at "a relatively low threshold of doubt." Mot. at 6, 11. Nothing more is required to grant certification.

### IV.     The Court Should Not Use Its Discretion To Deny Certification

Recognizing the weakness of their arguments under the three factors set forth in § 1292(b), Plaintiffs claim that even if those factors are satisfied the Court should "exercise its discretion" to deny an appeal because this is purportedly "not the kind of extraordinary case the Tenth Circuit is likely to hear" since the MTD Order "resolv[ed] the Issues in less than three pages." Opp'n at 14. This argument misreads the relevant Tenth Circuit authority. Although Plaintiffs are correct that § 1292(b) appeals are limited to "extraordinary cases," they ignore the Tenth Circuit's explanation of what is meant by "extraordinary" in this context, which (not surprisingly) does not turn on the number of pages the district court takes to resolve the issue. Instead, the Tenth Circuit has stated that "the right to appeal should be limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate final decision of controlling questions

6

encountered early in the action." *Utah ex rel. Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994). This case is plainly "extraordinary" by that measure, as Plaintiffs admit that it "may prove costly," Opp'n at 15, and do not deny that the proceedings may be "protracted." Mot. at 11.[6] Accordingly, this is the precise type of "extraordinary case" where the Court should use its discretion to grant an appeal.

## V.     Plaintiffs Fail To Meaningfully Address The Reasons For Granting A Stay

Plaintiffs' cursory arguments about Defendants' request for a stay provide no basis to deny that relief. In particular, Plaintiffs cite no case denying a stay when a motion-to-dismiss decision is certified for interlocutory appeal, nor any case even addressing a stay in the § 1292(b) context. That is no accident: stays are routinely granted in these circumstances because they are the only way to ensure that the parties (as well as the court and non-parties) "avoid the burdens . . . of unnecessary . . . protracted proceedings," which is "one of the primary purposes of section 1292(b)." Mot. at 11–12 (quoting *In re Indep. Serv. Orgs. Antitrust Litig.*, 1997 WL 450028, at *4 (D. Kan. July 17, 1997)). Plaintiffs also do not dispute that such a result is particularly appropriate here, where the PSLRA reflects a congressional judgment that burdensome discovery should not begin until a plaintiff's complaint has been sustained. *Id.* at 13.

## CONCLUSION

For the foregoing reasons, as well as those set forth in the Motion, Defendants respectfully request that the Court certify its Order of December 12, 2023 for interlocutory appeal under 29 U.S.C. § 1292(b) and grant a stay pending resolution of appeal.

---

[6] Notably, the out-of-circuit denials of § 1292(b) petitions in securities cases cited by Plaintiffs, Opp'n at 15 n.31, were ones where the moving party failed to establish the requirements in § 1292(b), rather than instances where courts found those elements met but nonetheless exercised their discretion to deny certification. *See, e.g.*, *Shah*, 2019 WL 762510, at *6, *9 (issues would not be controlling); *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 729–30 (N.D. Tex. 2006) (no ground for difference of opinion); *In re Blech Sec. Litig.*, 2003 WL 134988, at *3 (S.D.N.Y. Jan. 17, 2003) (issues were "primarily a matter of fact" and would not advance termination of litigation).

DATED:  February 2, 2024

HUSCH BLACKWELL LLP
SARA A. FEVURLY, KS #27537


*/s/ Sara A. Fevurly*
SARA A. FEVURLY
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone:  816/983-8000
Sara.Fevurly@huschblackwell.com

CATHERINE HANAWAY
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Telephone :  314/480-1500
Catherine.Hanaway@huschblackwell.com


CLEARY GOTTLIEB STEEN
& HAMILTON LLP
VICTOR L. HOU
JARED GERBER
One Liberty Plaza
New York, NY  10006
Telephone:  212/225-2000
vhou@cgsh.com
jgerber@cgsh.com

*Counsel for Defendants*

8

**CERTIFICATE OF SERVICE**

Pursuant to D. Kans. Loc. R. 5.1(f), I hereby certify that on this 2nd day of February 2024, a true and correct copy of the foregoing was served via the United States District Court's CM/ECF system on all parties or persons requiring notice, including upon attorneys for plaintiffs:

Norman Eli Siegel
STUEVE SIEGEL HANSON, LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
816-714-7100
siegel@stuevesiegel.com

Andrew M. McNeela
Ira M. Press
Thomas W. Elrod
KIRBY MCINERNEY LLP
250 Park Avenue, Suite 820
New York, NY 10177
212-371-6600
Fax: 212-751-2540
amcneela@kmllp.com
ipress@kmllp.com

Joseph J. Tull
Darryl J. Alvarado
ROBBINS GELLER RUDMAN
& DOWD, LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
619-231-1058
Fax: 619-231-7423
jtull@rgrdlaw.com
dalvarado@rgrdlaw.com

Erin W. Boardman
ROBBINS GELLER RUDMAN
& DOWD, LLP
58 S. Service Road, Suite 200
Melville, NY 11747
631-367-7100
Fax: 631-367-1173
eboardman@rdrdlaw.com

By: */s/ Sara A. Fevurly*
Sara Fevurly KS #27537
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone:  816/983-8000
Sara.Fevurly@huschblackwell.com