# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

IBT EMPLOYER GROUP WELFARE
FUND, and RETAIL WHOLESALE
DEPARTMENT STORE UNION LOCAL
338 RETIREMENT FUND,

         *Plaintiffs*,

vs.

                                  Case No. 2:22-cv-02432-EFM-ADM

COMPASS MINERALS
INTERNATIONAL, INC., FRANCIS J.
MALECHA, JAMES D. STANDEN, and
ANTHONY J. SEPICH,

         *Defendants*.

## MEMORANDUM AND ORDER

This is a case brought under the Private Securities Litigation Reform Act of 1995[1] ("PSLRA"). Before this Court are Defendants Compass Minerals International, Inc.'s, Francis J. Malecha's, James D. Standen's, and Anthony J. Sepich's Motion to Certify Order for Interlocutory Appeal and Motion to Stay Proceedings Pending Appeal (Doc. 44). Defendants seek to appeal this Court's prior Order granting in part and denying in part Defendants' Motion to Dismiss Plaintiffs IBT Employer Group Welfare Fund's and Retail Wholesale Department Store Union Local 338 Retirement Fund's Complaint. Because Defendants fail to satisfy the standards under 28 U.S.C.§ 1292(b) for certifying interlocutory appeal, the Court in its discretion denies

---

[1] 15 U.S.C. § 78u-5(c).

Defendants' Motion to Certify Order for Interlocutory Appeal.  And because the Court denies Defendants' request, it also denies Defendants' Motion to Stay Proceedings Pending Appeal as moot.

## I.     Factual and Procedural Background

This is a federal securities action regarding alleged misstatements made by Defendants during the relevant period.  The facts surrounding Plaintiffs' claims have already been laid out in this Court's prior Order (Doc. 40) and need not be restated here.

On May 12, 2023, Defendants submitted a Motion to Strike and a Motion to Dismiss Plaintiffs' claims.  On December 12, 2023, the Court issued its Memorandum and Order regarding Defendants' Motions.  In resolving the Motion to Strike, the Court rejected Defendants' argument that Plaintiffs' relevant scienter allegations, which relied upon facts found in the SEC Order,[2] should be stricken under Federal Rule of Civil Procedure 12(f).  The Court also found that Plaintiffs had satisfied their duty under Rule 11(b) to independently investigate the facts underlying their claims.

Defendants now request certification of the Court's Order for interlocutory appeal, seeking to present three questions to the Tenth Circuit.  These are:

(1)  Whether references to preliminary steps in litigations and administrative proceedings that did not result in an adjudication on the merits or legal or permissible findings of fact are, as a matter of law, immaterial under Rule 12(f);

(2)  Whether plaintiffs run afoul of Rule 11(b)'s requirement of personally investigating their claims against defendants where each of the factual allegations upon which they rely for necessary elements of those claims are copied or paraphrased from another source; and

---

[2] As stated in the Court's prior Order, the SEC Order was a consent order entered into by the Securities Exchange Commission and Compass Minerals.

(3) Whether unproven allegations in a non-scienter-based settlement order can provide particularized facts raising a strong inference of scienter under the PSLRA.

## II.      Legal Standard

In general, parties may only appeal a federal district court's final decision.[3]  However, 28 U.S.C. § 1292 grants appellate jurisdiction to federal courts of appeals to hear interlocutory appeals under specified circumstances.  Relevant here, § 1292(b) authorizes district judges to certify an order for interlocutory appeal when that judge is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  This is a three-part test, for which "[t]he proponent of an interlocutory appeal bears the burden of establishing that all three of [§ 1292(b)'s] substantive criteria are met."[4]

Whether to certify an order for interlocutory appeal is within the discretion of the district judge.[5]  Nevertheless, district courts should only certify orders for interlocutory appeal in "extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate final decision of controlling questions encountered early in the action."[6]  If the court grants certification, it may in its discretion enter an order staying the proceedings while the appeal is pending.[7]

---

[3] *See* 28 U.S.C. § 1291 (restricting court of appeals jurisdiction to district courts' final decisions).

[4] *KPH Healthcare Servs., Inc. v. Mylan N.V.*, 2022 WL 16551340, at *1 (D. Kan. 2022) (cleaned up).

[5] *See id.*; *see also Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995) (explaining that when it enacted § 1292(b), "Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals").

[6] *Utah ex rel. Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994) (further citation and quotations omitted).

[7] 28 U.S.C. § 1292(b).

### III.    Analysis

**A.    Motion to Certify Order for Interlocutory Appeal**

Defendants seek certification of the Court's prior Order for interlocutory appeal. Specifically, Defendants present three questions, arguing that controlling law exists on both sides of each question, there are substantial grounds for disagreement on each issue, and the resolution of each question will materially advance the termination of this litigation. The Court will address each question in turn.

*1.    The Defendant's first question—Rule 12(f)*

Defendants' first question asks "whether references to preliminary steps in litigations and administrative proceedings that did not result in an adjudication on the merits or legal or permissible findings of fact are, as a matter of law, immaterial under Rule 12(f)." Defendants' Rule 12(f) concerns arise because Plaintiffs first discovered many details surrounding Defendants' alleged misrepresentations through the SEC consent order. The parties agree that this presents a controlling question of law, one which—if answered in Defendants' favor—could terminate this case. Thus, the only § 1292(b) criteria over which the parties disagree is whether there are substantial grounds for disagreement on this issue.

A substantial ground for difference of opinion exists when the relevant question of law "is difficult, novel, and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions."[8] However, "[t]hat an issue presents a question of first impression isn't, by itself, sufficient. Nor will contradictory case law, by itself,

---

[8] *KPH Healthcare*, 2022 WL 16551340, at *2.

qualify a case for certification."[9]  Instead, a party must satisfy this requirement by presenting a "colorable" argument in support of its position.[10]

Colorable arguments, however, must be more than mere possible interpretations of the law. Indeed, when parties "haven't cited any judicial opinions that directly contradict the court's rulings," this Court has little issue with remaining "convinced that its analysis is correct" and denying certification.[11]  To determine that a party's argument is "colorable," this Court has usually relied on the party showing persuasive differing judicial opinions on the issue, even if those opinions are outside the Tenth Circuit.[12]

Rule 12(f) allows courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" either by motion of a party or sua sponte.[13] Defendants cite cases stating "that references to preliminary steps in litigations and administrative proceedings that did not result in an adjudication on the merits or legal or permissible findings of fact are, as a matter of law, immaterial under Rule 12(f)."[14]  They also argue that facts from the SEC Order are inadmissible because, as a consent order, no adjudication on the merits occurred.

The cases Defendants rely upon all stem from the same sources: *Lipsky v. Commonwealth United Corp.*[15] and *In re Merrill Lynch & Co., Inc. Research Reports Securities Litigation.*[16]  In

---

[9] *Id.* (citation omitted).

[10] *Id.* (citation omitted).

[11] *See, e.g.*, *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, 2021 WL 4948270, at *3 (D. Kan. 2021); *Moore v. Kobach*, 2019 WL 4228415, at *2 (D. Kan. 2019).

[12] *See KPH Healthcare*, 2022 WL 16551340, at *2; *Farmer v. Kan. State Univ.*, 2017 WL 3674964, at *5 (D. Kan. 2017); *McHenry v. City of Ottawa*, 2017 WL 4758947, at *2 (D. Kan. 2017).

[13] Fed. R. Civ. Proc. 12(f).

[14] *In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 588, 593 (S.D.N.Y. 2011).

[15] 551 F.2d 887 (2d Cir. 1976).

[16] 218 F.R.D. 76 (S.D.N.Y. 2003).

*Lipsky*, the Second Circuit held "that neither a complaint nor references to a complaint which results in a consent judgment may properly be cited in the pleadings under the facts of this case."[17] It reasoned that a consent judgment "which is not the result of an actual adjudication of any of the issues . . . can not [sic] be used as evidence in subsequent litigation."[18]   However, the Second Circuit "agree[d] that the SEC's opinion on the sufficiency of the various statements may be relevant and may be admissible."[19]

Similarly, the court in *In re Merrill Lynch* accurately summarized *Lipsky* as holding "that *references* to preliminary steps in litigations and administrative proceedings that did not result in an adjudication on the merits or legal or permissible findings of fact are, as a matter of law, immaterial under Rule 12(f)."[20]   From this relatively narrow holding, one case from the Southern District of New York—*RSM Production Corp. v. Fridman*[21]—extrapolated that "Second Circuit case law is clear that *paragraphs in a complaint that are either based on, or rely on, complaints* in other actions that have been dismissed, settled, or otherwise not resolved, are, as a matter of law, immaterial within the meaning of Fed. R. Civ. P. 12(f)."[22]   Importantly, *RSM Production* reached this conclusion without any further analysis of *Lipsky* and *In re Merrill Lynch*.

Clearly, *Lipsky*'s and *In re Merrill Lynch*'s legal holdings are significantly narrower than that of *RSM Production*.   Both *Lipsky* and *In re Merrill Lynch* apply Rule 12(f) only to strike "references" to unproven allegations as immaterial.   In other words, it is the references themselves

---

[17] 551 F.2d at 893.

[18] *Id.*

[19] *Id.* at 894.

[20] 218 F.R.D. at 78 (emphasis added).

[21] 643 F. Supp. 2d 382, 404 (S.D.N.Y. 2009), *aff'd on other grounds*, 387 F. App'x 72 (2d Cir. 2010).

[22] *Id.* at 404 (emphasis added) (citing only *Lipsky*, 551 F.2d at 892–94 and *In re Merrill Lynch*, 218 F.R.D. at 78–79).

which are immaterial.  And yet, most of Defendants' cited cases accept the far broader *RSM Production* holding without any analysis of *Lipsky* or *In re Merrill Lynch*.[23]  By excluding paragraphs that even implicitly stem from third-party allegations, these cases fundamentally misconstrue their own cited precedent and misapply Rule 12(f).

In sum, Defendants' cited cases either (1) apply *Lipsky* and *In re Merrill Lynch* far more broadly than intended by either court without analysis[24] or (2) conflate Rule 12(f) and Rule 11(b).[25]  Furthermore, the lack of analysis in Defendants' cited cases parallels the level of analysis in Defendants' Motion.  Defendants do not attempt to analyze the issue or articulate a "colorable argument."  Instead, they settle for pointing out the cases which similarly provide zero analysis of this issue, much less a persuasive one.

From among the well-reasoned cases rejecting Defendants' position, Plaintiffs single out *Shah v. Zimmer Biomet Holdings, Inc.*[26]  There, the court had previously denied the defendants' motion to dismiss under Rule 12(f) when the plaintiffs' complaint took its facts from complaints pending in other lawsuits.[27]  The defendants requested certification for interlocutory appeal on that issue.[28]

---

[23] *But see Lord Abbett Affiliated Fund, Inc. v. Navient Corp.*, 363 F. Supp. 3d 476, 494 (D. Del. 2019) ("[T]here is some doubt that *RSM Production* correctly summarizes Second Circuit case law.").

[24] *See, e.g.*, *Francois v. Victory Auto Grp. LLC*, 2023 WL 373250 (S.D.N.Y. Jan. 24, 2023) ("While plaintiffs speculate that these prior suits may establish the willfulness of defendants' conduct, most of these lawsuits resulted in settlements, not adjudications on the merits.  As such, the Court grants defendants' motion to strike.") (further citations and quotations omitted); *Flores v. Forster & Garbus, LLP*, 2020 WL 5603486, at *1 (S.D.N.Y. 2020).

[25] *See, e.g.*, *In re Countrywide Fin. Corp. Mortg.-Backed Secs. Litig.*, 934 F. Supp. 2d 1219, 1226 (C.D. Cal. 2013) (holding that all paragraphs which are based on paragraphs in another complaint are immaterial under Rule 12(f) and quoting a case where the court struck paragraphs because plaintiffs "have not reasonably investigated the allegations"—i.e., Rule 11(b)).

[26] 2019 WL 762510 (N.D. Ind. 2019).

[27] *Id.* at *7 (discussing previous order).

[28] *Id.* at *1.

The court then addressed whether there was a substantial ground for difference of opinion on whether allegations relying on other unproven allegations are *per se* immaterial under Rule 12(f).[29]  Presented with largely the same lackluster arguments Defendants raise here, the court concluded:

> Given the clear weight of authority and holding from cases which have fully analyzed the issue, perhaps I was too charitable in noting that [defendant]'s argument on this point was not unreasonable and made the issue seem more contestable that it is.  At bottom, it is hard to say how facts taken from the allegations of another case's complaint are materially different from alleging facts from any other third-party source, such as a leaked internal document, a news article, an academic journal, a witness interview, or even an SEC filing, so long as counsel is within the confines of Federal Rule of Civil Procedure 11(b) . . . .
>
> A few conflicting district court opinions and a forty-year-old out-of-circuit decision on very different facts does not satisfy Section 1292(b)'s contestability requirement.  The clear distinguishing aspects of *Lipsky*, in addition to its very narrow holding does not create a "substantial ground for difference of opinion" in this context.[30]

The Court concurs entirely.  So long as Plaintiffs' overall investigation comports with Rule 11(b), Plaintiffs are free to rely on third-party sources in alleging their claims.  References to those sources, however, are irrelevant and immaterial under Rule 12(f).  For example, if Plaintiffs had alleged, "the SEC consent order says Defendants are liable," the reference to the SEC Order would be immaterial under *Lipsky* and *In re Merrill Lynch* and incapable of establishing Defendant's liability.  Here, however, Plaintiffs allege "Defendants are liable because they misrepresented the state of affairs at Goderich."  Once again, the parties agree that Plaintiffs' *knowledge* of these facts derives primarily from the consented facts contained in the SEC Order.  However, the factual allegations upon which this Court relies do not include references to the SEC consent order, nor

---

[29] *Id.* at *7–8 (framing the issues as "contestability").

[30] *Id.* at *8.

do Plaintiffs rely on that Order as probative of Defendants' liability.   Therefore, Plaintiffs' "implied reliance on the SEC findings" is unproblematic.[31]  Under *Lipsky* and *In re Merrill Lynch*, Plaintiffs' factual allegations do not offend Rule 12(f).

The final nail in Defendants' legal coffin comes from *Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Securities, LLC*.[32]  There, the Second Circuit addressed a securities fraud claim where the plaintiffs' allegations largely quoted from an SEC consent order.[33]  Citing *Lipsky*, the defendants argued that the Second Circuit should ignore all allegations impliedly relying on the SEC order.[34]  Without addressing Rule 12(f) directly, the Second Circuit responded:

> Whatever cognizance of secondhand allegations courts may take at the pleading stage, it seems to us clear that the portions of the SEC order quoted in the complaint are in the nature of allegations "upon information and belief," which cannot ordinarily form the basis of a fraud claim "except as to matters peculiarly within the opposing party's knowledge."[35]

Because the quoted sections of the SEC order dealt with matter peculiarly within the defendants' knowledge, the Second Circuit declined to strike the allegations relying on the order.[36]

The facts in *Loreley* are practically identical to the present case.  As the Court has already determined, the allegations which Plaintiffs draw in substance from the SEC Order are matters peculiarly within Defendants' knowledge.  And their inclusion in an SEC consent judgment forms a sufficient basis for Plaintiffs to allege those facts "upon information and belief."  Under direct Second Circuit precedent, Plaintiffs' allegations are proper under Rule 12(f) and reviewable at the

---

[31] *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 180 (2d Cir. 2015).

[32] 797 F.3d 160 (2d Cir. 2015).

[33] *Id.* at 179.

[34] *Id.*

[35] *Id.* at 180 (quoting *Luce v. Edelstein*, 802 F.2d 49, 54 n.1 (2d Cir. 1986)).

[36] *See id.*

motion to dismiss stage.  Therefore, the Court finds that there is no ground for any difference of opinion, much less a substantial one, and accordingly denies Defendants' first request for an interlocutory appeal.

2.      *Rule 11(b)*

Defendants next seek to certify "whether plaintiffs run afoul of Rule 11(b)'s requirement of personally investigating their claims against defendants where each of the factual allegations upon which they rely for necessary elements of those claims are copied or paraphrased from another source."  Plaintiffs object on two grounds.  First, Plaintiffs claim that this question is not one of controlling law, but rather requires a factual determination specific to this case.  Second, Plaintiffs claim there is not substantial ground for a difference of opinion.

Assuming *arguendo* that Defendants present a controlling question of law, they fail to present any substantial grounds for a difference of opinion as to the law in this case.  Defendants cite many cases stating that a wholesale abdication of the duty to investigate violates Rule 11(b).[37] There is no dispute on that point.  Plaintiffs cite many cases containing both copied allegations from other proceedings and original allegations demonstrating independent investigation.[38]  Once

---

[37] *See Amorosa v. Gen. Elec. Co.*, 2022 WL 3577838, at *3 (S.D.N.Y. 2022) ("[Plaintiff] claims that he did his 'own investigation and analysis of the allegations,' but his 'investigation' appears to have been limited to reviewing and comparing the allegations in the CAC and the SEC Order; there are few, if any, new factual allegations." (citation omitted)); *Brooks v. United Dev. Funding III, L.P.*, 2020 WL 6132230, at *14 (N.D. Tex. 2020) ("Plaintiffs do not dispute that the paragraphs in question were borrowed from the complaint in the SEC Enforcement Action, *and they do not assert that they or their counsel have independently investigated the allegations* contained in the paragraphs in question." (emphasis added)); *Luczak v. Nat'l Beverage Corp.*, 400 F. Supp. 3d 1318, 1327 (S.D. Fla. 2019) ("Plaintiff cannot merely crib allegations from a complaint in another jurisdiction as the *sole source of support* for his claims here." (emphasis added)), *rev'd in part on other grounds and remanded*, 812 F. App'x 915 (11th Cir. 2020); *Geinko v. Padda*, 2002 WL 276236, at *6 (N.D. Ill. 2002) ("Plaintiffs' attorneys cannot shirk their Rule 11 obligation to conduct an appropriate investigation into the facts that is reasonable under the circumstances by merely stating that 'the SEC alleges' certain additional facts.").

[38] *See Loreley*, 797 F.3d at 180 ("While a complaint that merely recites others' allegations may therefore be insufficient, we are satisfied that in this case Plaintiffs do also allege non-conclusory facts and that these additional factual pleadings are sufficient to render unproblematic any implied reliance on the SEC findings."); *Elliot v. China Green Agriculture, Inc.*, 2012 WL 5398863, at *3 (D. Nev. 2012) ("When drafting a complaint, an attorney may rely in part on other sources, but may not rely entirely on other sources as the sole basis for the complaint's allegations."); *In re Teva Sec. Litig.*, 2023 WL 3186407, at *25 (D. Conn. 2023) (concluding there was no violation of Rule 11(b)

again, there is no dispute as to the governing law.  Indeed, all cases cited by the parties reflect the same three principles: (1) a wholesale failure to investigate violates Rule 11(b), (2) allegations may rely on third-party sources as long as the underlying investigation is reasonable under the circumstances, and (3) plaintiffs may show their investigations were reasonable by including factual allegations separate from those relying on the third-party sources.

But Defendants claim that in this case, Plaintiffs' additional allegations—which the Court considered in finding that Plaintiffs conducted a sufficient investigation—are insufficient to satisfy Rule 11(b) as a matter of law.  However, Defendants have not identified any cases employing a different legal framework than that utilized by the Court.  Neither have they asserted a colorable legal argument explaining why the Court incorrectly concluded that Plaintiffs conducted a reasonable investigation under the circumstances.  In fact, the Court's conclusion directly echoes the Second Circuit's decision in *Lorelei*.[39]  When addressing the same issue presented here, the Second Circuit concluded, "[w]hile a complaint that *merely* recites others' allegations may therefore be insufficient, we are satisfied that in this case Plaintiffs do also allege non-conclusory facts and that these additional factual pleadings are sufficient to render unproblematic any implied reliance on the SEC findings."[40]

Upon removing all legal jargon from Defendants' present Motion, it becomes clear that Defendants simply disagree with the Court's finding that Plaintiffs' satisfied Rule 11(b).  They offer no colorable legal argument to support that disagreement.  Asking the Tenth Circuit to revisit the Court's Rule 11(b) determination merely because Defendants are unhappy with the outcome

---

and recognizing that "[s]ome courts have even suggested that it would be 'irresponsible' to not rely on facts adduced in government investigations and later pled in government actions" (further citation omitted)).

[39] *See* 797 F.3d at 180.

[40] *Id.*

is not the sort of issue for which § 1292(b) exists.  Therefore, the Court in its discretion denies Defendants' request for interlocutory appeal as to this question.

### 3.    *Defendants' third question—scienter*

Defendants' final question asks "whether unproven allegations in a non-scienter-based settlement order can provide particularized facts raising a strong inference of scienter under the PSLRA."  Although phrased differently than Defendants' first question, it is parasitical on that issue—i.e., whether Plaintiffs here can rest some factual allegations on facts contained within the SEC Order.

Once again, Defendants cite the same faulty line of cases stemming from *RSM Production*.[41]  For example, Defendants quote *Saraf v. Ebix, Inc.*,[42] stating that "unproven allegations in another case provide no support for an inference of scienter."[43]  *Saraf*, in turn, quoted *Lau v. Opera Ltd.*,[44] and *Lau* directly cited *RSM Production* for that same proposition.[45]  The Court has already explained why this line of cases—enforcing a blanket prohibition without analysis or reason—does not create a colorable argument in Defendants' favor.

Defendants also cite cases inapposite to the present case where courts found the third-party allegations simply lacking any facts supporting an inference of scienter.[46]  However, the courts in

---

[41] *See, e.g.*, *Saraf v. Ebix, Inc.*, 2023 WL 4561655 (S.D.N.Y. 2023).

[42] 2023 WL 4561655 (S.D.N.Y. 2023).

[43] *Id.* at *7 (further citation and quotations omitted).

[44] 527 F. Supp. 3d 537 (S.D.N.Y. 2021).

[45] *See id.* at 558 ("[U]nproven allegations in another case provide no support for an inference of scienter in this case. *See, e.g., RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 403 (S.D.N.Y. 2009), *aff'd*, 387 F. App'x 72 (2d Cir. 2010).").

[46] *See, e.g.*, *Elec. Workers Pension Fund, Loc. 103, I.B.E.W. v. HP Inc.*, 2021 WL 4199273, at *6 (N.D. Cal. Sept. 15, 2021) (finding SEC consent order lacked any facts from which inferences regarding scienter could be drawn).

those cases rested their conclusions on the facts alleged therein, which is exactly what the Court has done here.

Where, as here, the Court has already determined that Plaintiffs conducted a reasonable investigation under the circumstances and their allegations do not offend Rule 12(f), Defendants' third question becomes irrelevant. Because Plaintiffs' allegations were properly before this Court, the Court properly considered those allegations to be true for the purposes of Defendants' prior Motion to Dismiss. Upon doing so, the Court determined that Plaintiffs' pleaded facts sufficiently established scienter as required by the PLSRA. Defendants may disagree with that result—and other courts may have reached the opposite conclusion—but for the purposes of this Order, Defendants present no new or colorable arguments specific to this third question. Therefore, the Court in its discretion denies Defendants' request to certify this third question for interlocutory appeal.

## B.     Motion to Stay Proceedings

Finally, because the Court denies certification for interlocutory appeal, Defendants' Motion to Stay Proceeding Pending Appeal is moot. The Court therefore denies the same.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Certify Order for Interlocutory Appeal (Doc. 44) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay Proceedings Pending Appeal (Doc. 44) is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated this 15th day of March, 2024.


ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE