**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | |
|---|---|
| LOCAL 295 IBT EMPLOYER GROUP WELFARE FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br>   v.<br><br>COMPASS MINERALS INTERNATIONAL, INC., FRANCIS J. MALECHA, JAMES D. STANDEN, and ANTHONY J. SEPICH,<br><br>   Defendants. | Case No. 2:22-cv-02432-EFM-ADM<br><br>CLASS ACTION |

**JOINT MOTION FOR STAY OF DISCOVERY AND**
**MODIFICATION TO THE SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16(b)(4), Plaintiffs and Defendants respectfully and jointly move this Court to issue an order (a) staying discovery pending the Parties' ongoing mediation efforts, and (b) modifying the Scheduling Order (Doc. 62) to extend the case deadlines in the event the Parties are unable to reach a mediated resolution. This is the Parties' first motion for a stay and/or modification of the Scheduling Order, and the Parties are in complete agreement.

As discovery has proceeded, the Parties have also been discussing the possibility of mediation. Scheduling a mediation has been difficult in part because of the need to coordinate among counsel for the Parties, and with multiple insurers and/or their counsel who may provide coverage for a judgment or settlement. However, the Parties have recently agreed to proceed

before mediator David M. Murphy of Phillips ADR, and have scheduled a mediation session for November 19, 2024, which was the earliest date where all parties to the mediation were available.

Preparing for this mediation will require significant work: this case involves complex engineering, accounting, and financial questions related to Defendants' implementation of a multiyear, multimillion dollar technology project at Goderich Mine, the accuracy of Defendants' disclosures concerning that complex project, and the statistical evaluation of the impact of any alleged misstatements on the stock price of Defendant Compass Minerals International, Inc. ("Compass"). Addressing these issues, even in the context of mediation, will require substantial work with experts. In addition, in order to develop their mediation position, Defendants will need to coordinate with the large group of insurers referenced above.

In order to maximize the Parties' chances to come to a mutually agreeable resolution, the Parties seek a time-limited stay pending mediation. This will allow the Parties to focus all their resources on preparing for mediation. The Parties also respectfully request a corresponding extension of the case schedule to account for this stay. The parties will notify the Court on or before November 26, 2024 of the outcome of the Parties' mediation efforts. In the event that an agreement in principle is not reached, the Parties propose the following revised case schedule:

| SUMMARY OF PROPOSED REVISED CASE SCHEDULE | | |
|---|---|---|
| **Event** | **Original Deadline/Setting** | **Proposed Revised Deadline/Setting** |
| Stay of discovery expires | N/A | November 20, 2024 |
| Response to motion for class certification and responsive expert disclosures | October 15, 2024 | December 15, 2024 |
| Reply to class certification and rebuttal expert disclosures | November 22, 2024 | January 27, 2025 |
| Fact discovery completed | November 22, 2024 | February 28, 2025 |
| All other experts disclosed | December 13, 2024 | March 14, 2025 |
| Supplementation of initial | 40 days before the close | No change |

2

| disclosures | of all discovery | |
|---|---|---|
| Rebuttal experts (on non-class certification issues) disclosed | February 7, 2025 | April 14, 2025 |
| Expert discovery completed | March 13, 2025 | May 9, 2025 |
| Proposed pretrial order due | March 28, 2025 | May 23, 2025 |
| Pretrial conference | April 8, 2025, at 1:30 p.m. | To be set by the Court |
| Potentially dispositive motions (e.g., summary judgment) | May 2, 2025 | June 2, 2025 |
| Motions challenging admissibility of expert testimony | 42 days before trial | No change |

By compressing some timelines called for in the original case schedule, including by leveraging expert work that will have been conducted in anticipation of mediation, the extended case schedule contemplates an overall extension of only one month: dispositive motions, which were previously scheduled for May 2, 2025, would now be due June 2, 2025. No trial date is currently scheduled, and so no trial date will be affected. Accordingly, the impact on the overall progress of this case will be minimal.

Additional considerations support the proposed extension. For example, several of the witnesses Plaintiffs wish to depose are Canadian former employees of Compass. In order to depose these third-party witnesses in Canada, Plaintiffs will likely need to obtain an appropriate order from a Canadian court. This process could take several more months. In order to ensure that, if necessary, further discovery can proceed expeditiously following the expiration of the stay, Defendants agree that the stay of discovery should not apply to Plaintiffs' efforts to obtain permission to take the depositions of any individuals outside the United States. Additionally, Defendants anticipate substantially completing document production by September 13, 2024. Should it become necessary, the modified schedule will afford Plaintiffs sufficient time to receive and review Defendants' production, and prepare for depositions of relevant witnesses.

The Parties agree that this motion does not waive any of their rights, relief, or objections concerning any discovery.

3

DATED:  September 13, 2024

STUEVE SIEGEL HANSON LLP
NORMAN E. SIEGEL, D. Kan. #70354

/s/ Norman E. Siegel
_____

NORMAN E. SIEGEL
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: 816/714-7100
816/714-7101 (fax)
siegel@stuevesiegel.com

*Local Counsel*

HUSCH BLACKWELL LLP
SARA A. FEVURLY, KS #27537

/s/ Sara A. Fevurly
_____

SARA A. FEVURLY
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone:  816/983-8000
Sara.Fevurly@huschblackwell.com

CATHERINE HANAWAY
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Telephone:  314/480-1500
Catherine.Hanaway@huschblackwell.com

ROBBINS GELLER RUDMAN
& DOWD LLP
DARRYL J. ALVARADO
HEATHER G. GEIGER
JOSEPH J. TULL
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dalvarado@rgrdlaw.com
hgeiger@rgrdlaw.com
jtull@rgrdlaw.com

CLEARY GOTTLIEB STEEN
& HAMILTON LLP
VICTOR L. HOU
JARED GERBER
WILLIAM E. BALDWIN
One Liberty Plaza
New York, NY  10006
Telephone:  212/225-2000
vhou@cgsh.com
jgerber@cgsh.com

*Counsel for Defendants*

ROBBINS GELLER RUDMAN
& DOWD LLP
ERIN W. BOARDMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
eboardman@rgrdlaw.com

 KIRBY McINERNEY LLP
ANDREW M. McNEELA
THOMAS W. ELROD
IRA M. PRESS
LAUREN WANDS
250 Park Avenue, Suite 820
New York, NY 10177
Telephone: 212/317-2300
212/751-2540 (fax)
amcneela@kmllp.com
telrod@kmllp.com
ipress@kmllp.com
lwands@kmllp.com

*Lead Counsel for Lead Plaintiff*

FRIEDMAN & ANSPACH
EUGENE FRIEDMAN
DANIEL TREIMAN
1500 Broadway
New York, NY 10036
Telephone: 212/354-4500
efriedman@friedmananspach.com
dtreiman@friedmananspach.com

*Additional Counsel*

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to D. Kans. Loc. R. 5.1(f), I hereby certify that on this 13th day of September, 2024, a true and correct copy of the foregoing was served via the United States District Court's CM/ECF system on all parties or persons requiring notice.

By:    */s/ Sara A. Fevurly*
　　　Sara A. Fevurly KS #27537
　　　HUSCH BLACKWELL LLP
　　　4801 Main Street, Suite 1000
　　　Kansas City, MO 64112
　　　Telephone:  816/983-8000
　　　Sara.Fevurly@huschblackwell.com

6