# EXHIBIT 1

UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

| | |
|---|---|
| LOCAL 295 IBT EMPLOYER GROUP WELFARE FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) Civil Action No. 2:22-cv-02432-EFM-ADM |
| | ) CLASS ACTION |
| Plaintiff, | ) ) |
| vs. | ) ) |
| COMPASS MINERALS INTERNATIONAL, INC., et al., | ) ) ) |
| Defendants. | ) ) ) ) |

**DECLARATION OF EARL MATHURIN ON BEHALF OF COURT-APPOINTED LEAD PLAINTIFF LOCAL 338 IN SUPPORT OF: (I) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION OF SETTLEMENT PROCEEDS; AND (II) LEAD COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES, AND AWARD TO PLAINTIFFS IN CONNECTION WITH THEIR <u>REPRESENTATION OF THE SETTLEMENT CLASS</u>**

I, Earl Mathurin, hereby declare as follows:

1.      I am the Funds Administrator for Retail Wholesale Department Store Union Local 338 Retirement Fund ("Local 338" or the "Fund").

2.      Local 338 is the Court-appointed Lead Plaintiff and proposed class representative in the above-captioned securities class action (the "Action").[1]  I submit this declaration in support of: (a) Plaintiffs' motion for final approval of the proposed Settlement and approval of the proposed Plan of Allocation; and (b) Lead Counsel's motion for an award of attorneys' fees and litigation expenses, including approval of my request to recover reasonable costs that Local 338 incurred in connection with its representation of the Settlement Class in the prosecution of this Action.

3.      I am aware of and understand the requirements and responsibilities of a representative plaintiff in a securities class action, including those set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, and I, on behalf of Local 338, have discharged those duties to the best of my ability.  I have personal knowledge of the matters set forth in this Declaration. I have been directly involved in monitoring and overseeing the prosecution of the Action, as well as the negotiations leading to the Settlement, on behalf of Local 338 and I could and would testify competently to these matters.

4.      In fulfillment of Local 338's responsibilities as Court-appointed Lead Plaintiff and proposed class representative, Local 338, through its counsel Kirby McInerney LLP ("KM") and with court-appointed Co-Lead Counsel Robbins Geller Rudman & Dowd LLP ("RG"), as well as additional counsel Friedman & Anspach ("F&A") to obtain an excellent result in this case.

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated March 27, 2025.  *See* ECF No. 135-1.

## I.    PLAINTIFF'S OVERSIGHT OF THE LITIGATION

5.    Local 338 first became actively involved in the prosecution of this case when it sought appointment as lead plaintiff in December 2022.

6.    Throughout the litigation, Local 338 received periodic status reports from KM and F&A on case developments, and participated in regular discussions concerning the prosecution of the Action, the strengths and weaknesses of the claims, and potential settlement.  In particular, throughout the course of this Action, Local 338: (a) regularly communicated with Local 338's attorneys regarding the posture and progress of the case as well as litigation strategy; (b) reviewed significant pleadings and briefs filed in the Action; (c) reviewed Court orders and discussed them with Local 338's attorneys; (d) responded to discovery requests from, and produced documents to, Defendants; (e) prepared for the mediation session by, among other things, discussing with counsel the mediation statements and mediation strategy; (f) consulted with KM attorneys regarding the mediation and settlement negotiations; (g) evaluated the Settlement Amount, conferred with counsel, and ultimately approved the Settlement; and (h) communicated with counsel regarding the process of finalizing the Settlement.  In addition, fund staff provided the trustees with periodic litigation and settlement updates.

7.    More specifically, with respect to discovery, Local 338 actively participated in the process by consulting with counsel, providing information for written discovery responses, and, with KM's guidance, searching for and collecting responsive documents to fulfill Local 338's discovery obligations.  My staff and I personally worked with Transperfect to facilitate the forensic collection of Local 338's discovery materials.  I also began preparing to sit for a deposition as Local 338's Rule 30(b)(6) representative prior to the acceptance of the mediator's proposal.

2

## II.    APPROVAL OF THE SETTLEMENT

8.    As detailed in the paragraphs above, through Local 338's active participation, Local 338 was both well-informed of the status and progress of the litigation, and was kept informed of the progress of the settlement negotiations in this Action.  The Trustees of Retail Wholesale Department Store Union Local 338 Retirement Fund approved the mediator's proposal of $48 million.

9.    Based on Local 338's involvement throughout the prosecution and resolution of the claims asserted in the Action, Local 338 believes that the Settlement provides a fair, reasonable, and adequate recovery for the Settlement Class, particularly in light of the risks of continued litigation, and Local 338 endorses approval of the Settlement by the Court.

## III.    LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

### A.    Attorneys' Fees And Litigation Expenses

10.    Local 338 believes that Lead Counsel's request for an award of attorneys' fees in the amount of 23.56% of the Settlement Fund is fair and reasonable in light of the work Plaintiffs' Counsel performed on behalf of the Settlement Class.

11.    Local 338 has evaluated Lead Counsel's fee request by considering the quality and amount of the work performed, the recovery obtained for the Settlement Class, and the risks Plaintiffs' Counsel bore in prosecuting this Action on behalf of Local 338, Local 295, and the Settlement Class on a fully contingent basis in which Plaintiffs' Counsel was not paid during the pendency of this Action and fronted all expenses, which total $368,527.48.  Local 338 has authorized this fee request for the Court's ultimate determination.

12.    Local 338 further believes that the litigation expenses being requested for reimbursement to Plaintiffs' Counsel are reasonable, and represent costs and expenses necessary

3

for the prosecution and resolution of the claims in the Action.  Based on the foregoing, and consistent with Local 338's obligation to the Settlement Class to obtain the best result in the most cost efficient manner, Local 338 fully supports Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses.

**B.    Local 338's Request for a Service Award**

13.    In accordance with Local 338's duties as Lead Plaintiff, it has not received, nor has it been promised or offered any financial incentive or compensation for serving as a Lead Plaintiff in the Litigation.  Nevertheless, Local 338 understands that courts may authorize an award to a representative serving on behalf of the Settlement Class directly relating to their representation of the Settlement Class.  *See* 15 U.S.C. § 78u-4(a)(4).  While Local 338's recognizes that the grant of such an award is entirely in the discretion of the Court, it is also our understanding that the Settlement Class has been given notice of intention to seek service awards.

14.    Local 338 respectfully requests an award of $10,000 in connection with the time and effort it spent representing the Settlement Class in the Litigation.  The significant amount of time that Local 338 staff devoted to the representation of the Settlement Class in this Action was time that they otherwise could have dedicated to other activities.  Local 338 respectfully submits that the requested service award is fair and reasonable and that the time and effort Local 338 devoted to this litigation was necessary to help achieve an excellent result for the Settlement Class.

15.    The time that my colleagues at Local 338 and I devoted to the representation of the Settlement Class in this Action—including, among others, time spent actively participating in the discovery process, participating on calls with KM and F&A to discuss the Action, reviewing correspondence, and reviewing drafts of pleadings—was time that we otherwise would have spent on other union activities, and thus, represented a cost to Local 338.  Local 338 respectfully requests a service award in the amount of $10,000 for the time Local 338 officials devoted to participating

4

in this Action. Local 338 respectfully submits that the requested service award is fair and reasonable and that the time and effort Local 338 devoted to this litigation was necessary to help achieve an excellent result for the Settlement Class.

## IV.    CONCLUSION

16.    As discussed above, Local 338 was actively involved in the prosecution and settlement of the claims in this Action, Local 338 strongly endorses the Settlement as fair, reasonable, and adequate, and I believe the Settlement represents a significant recovery for the Settlement Class. Accordingly, Local 338 respectfully requests that the Court approve: (a) Plaintiffs' motion for final approval of the proposed Settlement and the Plan of Allocation; (b) Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses; and (c) Local 338's request for a service award.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24th day of June, 2025, at Mineola, New York.

_____

Earl Mathurin
Funds Administrator
Local 338

6