# EXHIBIT 3

UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

| | | |
|---|---|---|
| LOCAL 295 IBT EMPLOYER GROUP WELFARE FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 2:22-cv-02432-EFM-ADM |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| COMPASS MINERALS INTERNATIONAL, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

**DECLARATION OF ROSS D. MURRAY REGARDING NOTICE DISSEMINATION, PUBLICATION, AND REQUESTS FOR EXCLUSION RECEIVED TO DATE**

I, ROSS D. MURRAY, declare and state as follows:

1.      I am employed as a Vice President of Securities by Verita Global, located at 1 McInnis Parkway, Suite 250, San Rafael, California.  The following statements are based on my personal knowledge and information provided to me by others and if called to testify I could and would do so competently.

2.      Pursuant to the Court's April 7, 2025 Order Preliminarily Approving Settlement and Providing for Notice (ECF 137) (the "Notice Order"), Verita Global was appointed as the Claims Administrator in connection with the proposed Settlement of the above-captioned litigation (the "Litigation").[1]  I oversaw the notice services that Verita Global provided in accordance with the Notice Order.

3.      I submit this declaration in order to provide the Court and the parties to the Litigation with information regarding: (i) mailing and emailing of the Court-approved Postcard Notice (attached hereto as Exhibit A) and, if requested by potential Class Members, mailing of the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and Proof of Claim and Release form (the "Proof of Claim") (collectively, the "Claim Package," attached hereto as Exhibit B); (ii) publication of the Summary Notice of Pendency and Proposed Settlement of Class Action (the "Summary Notice"); (iii) establishment of the website and toll-free telephone number dedicated to this Settlement; and (iv) the number of requests for exclusion from the Class received to date by Verita Global.

### DISSEMINATION OF NOTICE

4.      Pursuant to the Notice Order, Verita Global is responsible for disseminating notice of the Settlement to potential Class Members.  The Class consists of all Persons who purchased or otherwise acquired Compass Minerals International, Inc. ("Compass Minerals") common stock

---

[1] Any capitalized terms used that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement, dated March 27, 2025 (ECF 135-1) (the "Stipulation"), which is available on the website established for the Settlement at www.CompassMineralsSecuritiesSettlement.com.

between October 31, 2017, and November 18, 2018, inclusive, and were allegedly damaged thereby.  Excluded from the Class are: (1) Defendants and members of their immediate families; (2) the officers and directors of Compass Minerals, at all relevant times, and members of their immediate families; (3) the legal representatives, heirs, successors, or assigns of any of the foregoing; and (4) any entity in which any Defendant has or had a controlling interest.  Also excluded from the Class is any Person who properly excludes himself, herself, itself, or themselves from the Class by submitting a valid and timely request for exclusion.

5.    Verita Global received a file via email from Compass Minerals' transfer agent, which contained the names and addresses of potential Class Members.  The list was reviewed to identify and eliminate duplicate entries and incomplete data, resulting in a usable mailing list of 96 unique names and addresses, and 22 email addresses.  On April 29, 2025, Verita Global caused the Postcard Notice to be sent by First-Class Mail to 96 potential Class Members, and via email to 22 potential Class Members.

6.    On April 29, 2025, as part of its normal mailing procedures, Verita Global mailed, by First-Class Mail, Postcard Notices and cover letters to 256 brokerages, custodial banks, and other institutions ("Nominee Holders") that hold securities in "street name" as nominees for the benefit of their customers who are the beneficial owners of the securities.  The Nominee Holders also include a group of filers/institutions who have requested notification of every securities case.  These Nominee Holders are included in a proprietary database created and maintained by Verita Global.  In our experience, the Nominee Holders included in this proprietary database represent a significant majority of the beneficial holders of securities.  The cover letter accompanying the Postcard Notices advised the Nominee Holders of the proposed Settlement and requested their cooperation in forwarding the Postcard Notices to potential Class Members.  In the more than four decades that we have been providing notice and claims administration services in securities class actions, we have found the majority of potential class members hold their securities in street name and are notified through the Nominee Holders.  Verita Global also mailed Postcard Notices and cover letters to 4,414 institutions included on the U.S. Securities and Exchange Commission's

("SEC") list of active brokers and dealers at the time of mailing. A sample of the cover letter mailed to Nominee Holders and the institutions included on the SEC's list of active brokers and dealers is attached hereto as Exhibit C.

7.    On April 29, 2025, Verita Global also delivered electronic copies of the Postcard Notice to 326 registered electronic filers who are qualified to submit electronic claims. These filers are primarily institutions and third-party filers who typically file numerous claims on behalf of beneficial owners for whom they act as trustees or fiduciaries.

8.    As part of the notice program for this Settlement, on April 29, 2025, Verita Global also delivered electronic copies of the Claim Package and Postcard Notice via email to be published by the Depository Trust Company ("DTC") on the DTC Legal Notice System ("LENS"). LENS enables the participating bank and broker nominees to review the Claim Package and Postcard Notice and contact Verita Global for copies of the Postcard Notice for their beneficial holders.

9.    Verita Global has acted as a repository for shareholder and nominee inquiries and communications received in this Settlement. In this regard, Verita Global has forwarded the Postcard Notice on request to nominees who purchased or otherwise acquired Compass Minerals common stock during the Class Period for the beneficial interest of other persons. Verita Global has also forwarded the Postcard Notice directly to beneficial owners upon receipt of the names and addresses from such beneficial owners or nominees.

10.    Following the initial mailing, Verita Global received eight responses to the outreach efforts described above, which included computer files containing a total of 10,205 names and addresses and 49 email addresses of potential Class Members. In addition, 26 institutions requested that Verita Global send them a total of 16,215 Postcard Notices for forwarding directly to their clients. Verita Global also received five requests for Claim Packages from potential Class Members. Verita Global has also mailed seven Postcard Notices as a result of returned mail for which new addresses were identified for re-mailing to those potential Class Members. Each of these requests has been completed in a timely manner.

- 3 -

11.     As of June 23, 2025, Verita Global has mailed or emailed a total of 31,590 Postcard Notices and five Claim Packages to potential Class Members and nominees.  In addition, one institution reported that they anticipated sending Postcard Notices via email to 9,458 potential Class Members.

### PUBLICATION OF THE SUMMARY NOTICE

12.     In accordance with the Notice Order, on May 6, 2025, Verita Global caused the Summary Notice to be published in the national edition of *The Wall Street Journal* and transmitted over *Business Wire*, as shown in the confirmations of publication attached hereto as Exhibit D.

### TELEPHONE HELPLINE AND WEBSITE

13.     On April 29, 2025, Verita Global established and continues to maintain a case-specific, toll-free telephone helpline, 1-833-419-4646, to accommodate potential Class Member inquiries.  The toll-free telephone number is set forth in the Postcard Notice, Notice, Proof of Claim, and on the case website.  Verita Global has been and will continue to promptly respond to all inquiries to the toll-free telephone helpline.  As of the date of this declaration, Verita Global has received 30 calls to the toll-free telephone hotline.

14.     On April 29, 2025, Verita Global established and continues to maintain a website dedicated to this Settlement (www.CompassMineralsSecuritiesSettlement.com) to provide additional information to Class Members and to provide answers to frequently asked questions. The web address was set forth in the Postcard Notice, Notice, Proof of Claim, and Summary Notice.  The website includes information regarding the Litigation and the Settlement, including the exclusion, objection, and claim filing deadlines, and details about the Court's Settlement Hearing.  Copies of the Notice, Proof of Claim, Stipulation, and Notice Order are posted on the website and are available for downloading.  In addition, the website provides Class Members with the ability to submit their Proofs of Claim online. As of the date of this declaration, there have been 989 unique visitors to the Settlement Website and 2,907 page views.

**REQUESTS FOR EXCLUSION AND OBJECTIONS RECEIVED TO DATE**

15.     The Notice informs potential Class Members that written requests for exclusion from the Class are to be sent to Verita Global, such that they are postmarked or received no later than July 9, 2025.

16.     The Notice also sets forth the information that must be included in each request for exclusion.  As of the date of this declaration, Verita Global has not received any requests for exclusion.

17.     Although the Notice Order (and the Notice) provides that Class Members who wish to file objections must file them with the Court and copy them to relevant counsel (rather than to Verita Global), I also note for the sake of completeness that as of the date of this declaration Verita Global has not received any objections.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 23rd day of June, 2025, at San Rafael, California.

_____
ROSS D. MURRAY

# EXHIBIT A

*Compass Minerals Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301135
Los Angeles, CA 90030-1135

# LEGAL NOTICE

Local 295 IBT Employer Group Welfare Fund v.
Compass Minerals International, Inc., et al.,
No. 2:22-cv-02432-EFM-ADM (D.Kan.)

www.CompassMineralsSecuritiesSettlement.com

Court-Ordered Legal Notice

(Forwarding Service Requested)

This notice contains important information about a
securities class action settlement.

You may be entitled to a payment.
This notice may affect your legal rights.

Please read the notice carefully.

# CPSM



Postal Service: Please Do Not Mark Barcode

CPSM - «Claim8»-«CkDig»

«FirstNAME» «LastNAME»
«Name1»
«Name2»
«Name3»
«Name4»
«Addr1» «Addr2»
«City», «State»«FProv» «Zip»«FZip»
«FCountry»



THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.
VISIT WWW.COMPASSMINERALSSECURITIESSETTLEMENT.COM OR
CALL 1-833-419-4646 FOR MORE INFORMATION.

If you purchased or otherwise acquired Compass Minerals International, Inc. ("Compass Minerals") common stock between October 31, 2017, and November 18, 2018, inclusive, you could be entitled to a payment from a proposed settlement ("Settlement") reached in the above-captioned action ("Litigation"). Your rights may be affected by this Litigation and the Settlement. A hearing will be held on July 30, 2025, at 1:30 p.m., at the United States District Court, District of Kansas, 401 N. Market Street, Wichita, KS 67202 ("Settlement Hearing"), before the Honorable Eric F. Melgren, to determine whether the proposed Settlement of the Litigation against Defendants Compass Minerals, Francis J. Malecha, James D. Standen, and Anthony J. Sepich for $48 million in cash and the Plan of Allocation should be approved as fair, reasonable, and adequate; whether the Litigation should be dismissed with prejudice against Defendants, as set forth in the Stipulation of Settlement ("Stipulation") filed with the Court; and whether Lead Counsel's application for an award of attorneys' fees of up to 33-1/3% of the Settlement Amount, and expenses not to exceed $450,000, plus interest on both amounts, and awards to Plaintiffs, should be granted.

If approved, the Settlement will resolve a putative class action lawsuit alleging that, in violation of the U.S. federal securities laws, the Defendants misled investors by making materially false and misleading statements and failing to disclose material information, which caused Compass Minerals' stock to trade at artificially inflated prices until the nature of the alleged wrongdoing was revealed, causing Compass Minerals' stock price to fall. Defendants deny the allegations and any liability or wrongdoing of any kind. For a full description of the proposed Settlement and your rights, and to make a claim, you may obtain the Stipulation, long-form Notice of Pendency and Proposed Settlement of Class Action ("Notice"), and the Proof of Claim and Release form ("Claim Form") by visiting the website: www.CompassMineralsSecuritiesSettlement.com ("Website") or you may request copies of the documents from the Claims Administrator by: (i) mail: *Compass Minerals Securities Settlement*, Claims Administrator, c/o Verita Global, P.O. Box 301135, Los Angeles, CA 90030-1135, or (ii) toll-free call: 1-833-419-4646.

To qualify for a payment from the Settlement, you must submit a valid Claim Form, with supporting documentation, postmarked or submitted online no later than August 5, 2025. Your pro rata share of the Settlement will depend on the number of valid claims and the number, size, and timing of your transactions in Compass Minerals common stock. The estimated average distribution per share is approximately $1.50, before deducting any Court-approved fees and expenses. Your actual share of the Settlement will be determined pursuant to the proposed Plan of Allocation set forth in the Notice, or other plan approved by the Court.

You will be bound by any judgment or order entered in the Litigation, regardless of whether you submit a Claim Form, unless you exclude yourself from the Class by July 9, 2025. If you exclude yourself from the Class, you cannot get money from this Settlement. If you are a Class Member and do not exclude yourself from the Class, you may object to the proposed Settlement, Plan of Allocation, and/or request for award of attorneys' fees and expenses and awards to Plaintiffs no later than July 9, 2025. The long-form Notice and the Website explain how to exclude yourself from the Class or how to object.

Plaintiffs and the Class are represented by Lead Counsel: Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com and Thomas W. Elrod, Kirby McInerney LLP, 250 Park Avenue, Suite 820, New York, NY 10177, settlements@kmllp.com. You may, but do not have to, attend the Settlement Hearing to be heard. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means and/or change its date and/or time. Please check the Website for updates.

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| LOCAL 295 IBT EMPLOYER GROUP WELFARE FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>COMPASS MINERALS INTERNATIONAL, INC., et al.,<br><br>Defendants. | Civil Action No. 2:22-cv-02432-EFM-ADM<br><br><u>CLASS ACTION</u> |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

**TO:   ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED COMPASS MINERALS INTERNATIONAL, INC. ("COMPASS MINERALS") COMMON STOCK BETWEEN OCTOBER 31, 2017, AND NOVEMBER 18, 2018, INCLUSIVE (THE "CLASS PERIOD")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE (AT WWW.COMPASSMINERALSSECURITIESSETTLEMENT.COM) ON OR BEFORE AUGUST 5, 2025**.

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION.**

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been issued pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Kansas (the "Court"). The purpose of this Notice is to inform you of: (i) the pendency of this class action (the "Litigation") between Retail Wholesale Department Store Union Local 338 Retirement Fund and Local 295 IBT Employer Group Welfare Fund ("Plaintiffs") and Compass Minerals, Francis J. Malecha, James D. Standen, and Anthony J. Sepich ("Defendants"); (ii) the proposed $48 million cash settlement reached therein (the "Settlement"); and (iii) the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation of Settlement dated March 27, 2025 (the "Stipulation"), by and between Plaintiffs and Defendants (the "Parties" or "Settling Parties"). This Notice describes what steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants. This Notice is solely to advise you of the pendency of the Litigation, the proposed Settlement of the Litigation, and your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM** | The only way to be eligible to receive a payment from the Settlement. **Proofs of Claim must be postmarked or submitted online on or before August 5, 2025.** |
| **EXCLUDE YOURSELF FROM THE CLASS** | Get no payment. This is the only option that *potentially* allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement. Should you elect to exclude yourself from the Class you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Requests for exclusion must be postmarked on or before July 9, 2025.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a Member of the Class. **Objections must be *received* by the Court and counsel on or before July 9, 2025. If you submit a written objection, you may (but do not have to) attend the Settlement Hearing.** |
| **GO TO THE SETTLEMENT HEARING ON JULY 30, 2025** | Ask to speak in Court about the fairness of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. **Requests to speak at the Settlement Hearing must be *received* by the Court and counsel on or before July 9, 2025.** |
| **DO NOTHING** | Receive no payment. You will, however, still be a Member of the Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

---

[1]      All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation, which is available on the website www.CompassMineralsSecuritiesSettlement.com.

1

**SUMMARY OF THIS NOTICE**

**Statement of Class Recovery**

Pursuant to the Settlement described herein, a $48 million cash settlement fund has been established. Based on Plaintiffs' estimate of the number of allegedly damaged shares eligible to recover under the Settlement, the average distribution per share of Compass Minerals common stock under the Plan of Allocation is approximately $1.50, before deduction of any taxes on the income earned on the Settlement Amount, notice and administration costs, and the attorneys' fees and expenses as determined by the Court. **Class Members should note, however, that this is only an estimate.** A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claim as compared to the total claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than this estimated average distribution amount. Please see the Plan of Allocation set forth and discussed at pages 8 through 11 below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Class prevailed on each or any claim alleged. Defendants deny that they are liable to the Class and deny that the Class has suffered any damages. The issues on which the Settling Parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of Compass Minerals common stock was allegedly artificially inflated (if at all) during the relevant period; and (4) the amount, if any, by which the price of Compass Minerals common stock was allegedly artificially inflated (if at all) during the relevant period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the Litigation's inception, Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Class, they would be paid from such recovery. Lead Counsel will apply to the Court on behalf of all Plaintiffs' Counsel for an award of attorneys' fees not to exceed 33-1/3% of the Settlement Amount, plus expenses not to exceed $450,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. If the amounts requested are approved by the Court, the average cost per Compass Minerals common share will be approximately $0.51. In addition, Plaintiffs may seek awards not to exceed $30,000 in the aggregate in connection with their representation of the Class.

**Further Information**

For further information regarding the Litigation, this Notice, or to review the Stipulation, please contact the Claims Administrator toll-free at 1-833-419-4646, or visit the website www.CompassMineralsSecuritiesSettlement.com.

You may also contact a representative of counsel for the Class: Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com; or Thomas W. Elrod, Kirby McInerney LLP, 250 Park Avenue, Suite 820, New York, NY 10177, 1-212-371-6600, settlements@kmllp.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Plaintiffs' principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation. Defendants have concluded that further conduct of this Litigation could be protracted and distracting.

**BASIC INFORMATION**

| 1. | What is the purpose of this Notice? |
|---|---|

The Court has directed the issuance of this Notice to inform potential Class Members about the Litigation and the proposed Settlement and their options in connection therewith before the Court rules on the Settlement. Additionally, Class Members have the right to understand how this class action lawsuit may generally affect their legal rights.

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the District of Kansas, and the case is known as *Local 295 IBT Employer Group Welfare Fund v. Compass Minerals International, Inc., et al.*, No. 2:22-cv-02432-EFM-ADM. The case has been assigned to the Honorable Eric F. Melgren. The entities representing the Class are the "Plaintiffs," and the company and individuals they sued and who have now settled are called the "Defendants."

The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Litigation, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

| 2. | What is this lawsuit about? |
|---|---|

The Litigation is currently pending before the Chief Judge Eric F. Melgren in the United States District Court for the District of Kansas. The initial complaint in the Litigation was filed on October 21, 2022. On January 11, 2023, the Court appointed Local 338 as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP and Kirby McInerney LLP as Lead Counsel.

On March 13, 2023, Plaintiffs filed the Amended Complaint for Violations of the Federal Securities Laws (the "Complaint") alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). On May 12, 2023, Defendants moved to strike and to dismiss the Complaint. Plaintiffs filed their opposition to the motion on July 12, 2023, and Defendants filed their reply on August 24, 2023. On December 12, 2023, the Court issued a Memorandum and Order denying Defendants' motion to strike and granting in part and denying in part their motion to dismiss.

On December 29, 2023, Defendants filed a Motion to Certify Order for Interlocutory Appeal and Stay Case ("Motion for Interlocutory Appeal"). Defendants answered the Complaint on January 16, 2024. Plaintiffs filed their opposition to the Motion for Interlocutory Appeal on January 19, 2024, and Defendants filed their reply on February 2, 2024. Defendants' Motion for Interlocutory Appeal was denied on March 15, 2024.

On March 4, 2024, Plaintiffs and Defendants served their Rule 26(a) initial disclosures. On March 14, 2024, Magistrate Judge Angel D. Mitchell held an initial Scheduling Conference, and reconvened the conference on March 26, 2024. On March 27, 2024, Magistrate Judge Mitchell entered a Scheduling Order.

Plaintiffs and Defendants served each other with various discovery requests. A discovery hearing was held on July 16, 2024 at the request of the Parties.

On August 1, 2024, Plaintiffs filed their Motion for Class Certification.

On August 23, 2024, Defendants filed their Comparative Fault Designation.

On September 17, 2024, Magistrate Judge Mitchell entered the First Amended Scheduling Order, which stayed the Litigation pending the mediation session scheduled for November 19, 2024.

Plaintiffs and Defendants participated in a voluntary confidential mediation session with David M. Murphy (of Phillips ADR), an experienced mediator, on November 19, 2024. The mediation session was preceded by the submission and exchange of opening and reply mediation statements by both Plaintiffs and Defendants. The Parties engaged in good-faith negotiations but did not reach a settlement at the mediation session, and the stay of litigation was lifted the next day. Defendants filed their opposition to Plaintiffs' Motion for Class Certification on December 16, 2024, and on January 27, 2025, Plaintiffs filed their reply to their Motion for Class Certification. Following additional settlement discussions with Mr. Murphy, on February 7, 2025, the Parties accepted a mediator's proposal to settle the Litigation in return for a cash payment of $48 million to be paid by Defendants and/or their insurers on behalf of Defendants for the benefit of the Class, subject to the negotiation of the terms of a stipulation of settlement and approval by the Court. The Stipulation (together with the Exhibits thereto) has been duly executed and reflects the final and binding agreement among the Settling Parties.

| 3. | Why is there a settlement? |
|---|---|

The Court has not decided in favor of Defendants or Plaintiffs. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Plaintiffs agreed to the Settlement in order to ensure that Class Members will receive compensation.

If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Class would recover anything from Defendants. Also, if Defendants proved any of their defenses at summary judgment, trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## WHO IS IN THE SETTLEMENT

| 4. | How do I know if I am a Member of the Class? |
|---|---|

The Court directed that everyone who fits this description is a Class Member: All Persons who purchased or otherwise acquired Compass Minerals common stock between October 31, 2017, and November 18, 2018, inclusive, and were allegedly damaged thereby. Excluded from the Class are: (1) Defendants and members of their immediate families; (2) the officers and directors of Compass Minerals, at all relevant times, and members of their immediate families; (3) the legal representatives, heirs, successors, or assigns of any of the foregoing; and (4) any entity in which any Defendant has or had a controlling interest. Also excluded from the Class is any Person who properly excludes himself, herself, itself, or themselves from the Class by submitting a valid and timely request for exclusion. To the extent any Compass Minerals employee benefit plan receives a distribution from the Net Settlement Fund, no portion shall be allocated to any Person who is excluded from the Class by definition.

**Please Note:** Receipt of this Notice or the Postcard Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Class Member and you wish to be eligible to participate in the distribution of the proceeds from the Settlement, you are required to submit a Proof of Claim and the required supporting documentation as set forth therein postmarked or submitted online on or before August 5, 2025.

| 5. | What if I am still not sure if I am included in the Class? |
|---|---|

If you are still not sure whether you are included in the Class, you can ask for free help. You can contact the Claims Administrator toll-free at 1-833-419-4646, or you can fill out and return the Proof of Claim to see if you qualify.

### THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | What does the Settlement provide? |
|---|---|

The Settlement provides that, in exchange for the release of the Released Plaintiffs' Claims (defined below) and dismissal of the Litigation, Defendants have agreed to pay or cause to be paid $48 million in cash to be distributed after Taxes, Tax Expenses, Notice and Administration Expenses, and Court approved attorneys' fees and expenses, *pro rata*, to Class Members who send in a valid Proof of Claim pursuant to the Court-approved Plan of Allocation. The Plan of Allocation is described in more detail at the end of this Notice.

| 7. | How much will my payment be? |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total dollar amount of claims represented by the valid Proofs of Claim that Class Members submit, compared to the dollar amount of your claim, all as calculated under the Plan of Allocation discussed below.

The Settlement **does not** bar Class Members from filing a claim to participate in the fair funds settlement, created in connection with the U.S. Securities and Exchange Commission's settlement with Compass Minerals relating to allegations similar to those alleged in this Litigation. *See* www.compassmineralsfairfund.com.

### HOW YOU GET A PAYMENT – SUBMITTING A PROOF OF CLAIM

| 8. | How can I get a payment? |
|---|---|

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim. A Proof of Claim may be downloaded at www.CompassMineralsSecuritiesSettlement.com. Read the instructions contained in the Proof of Claim carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail** (to *Compass Minerals Securities Settlement*, Claims Administrator, c/o Verita Global, P.O. Box 301135, Los Angeles, CA 90030-1135) **or submit it online at www.CompassMineralsSecuritiesSettlement.com so that it is postmarked or received no later than August 5, 2025**.

| 9. | When will I get my payment? |
|---|---|

**The Court will hold a Settlement Hearing on July 30, 2025 at 1:30 p.m.**, to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it will take to resolve them. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 10. | What am I giving up to get a payment or to stay in the Class? |
|---|---|

If you are a Class Member, unless you timely and validly exclude yourself from the Class, you will remain a Class Member, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or the Released Defendant Parties about the Released Plaintiffs' Claims (as defined below) in this Litigation. It also means that all of the Court's orders will apply to you and legally bind you. If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Plaintiffs' Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Defendants' Released Persons" (as defined below):

- "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known or unknown, including Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, that Plaintiffs or any other member of the Class: (i) asserted in the Complaint; or (ii) could have asserted in any forum, that both arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint or any previous complaint filed in the Litigation and that relate to the purchase or acquisition of Compass Minerals common stock during the Class Period. Released Plaintiffs' Claims do not include: (i) any claims related to the enforcement of the Settlement; (ii) any claims asserted in the actions styled: (a) *Stein v. Crutchfield, et al.*, No. 2:23-cv-02038 (D. Kan.); (b) *Morelli v. Malecha, et al.*, No. 2:24-cv-02495 (D. Kan.); (c) *Morelli v. Crutchfield, et al.*, No. 2:24-cv-02496 (D. Kan); and (d) *Valentine v. Compass Minerals Int'l, Inc.*, No. 2:24-cv-02165 (D. Kan); or (iii) any claims of any Person who or which submits a request for exclusion that is accepted by the Court.

- "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, against Releasing Plaintiff Parties (as defined below)

4

that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement or any claims against any Person who or which submits a request for exclusion that is accepted by the Court.

- "Released Defendant Party" or "Released Defendant Parties" or "Defendants' Released Persons" mean any or all of Defendants and/or any or all of their current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, insurers, reinsurers, employees, and attorneys, in their capacities as such.

- "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" mean Plaintiffs, all other plaintiffs in the Litigation, their respective attorneys, and all other Class Members, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

- "Unknown Claims" means: (a) any and all Released Plaintiffs' Claims that the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to: (a) any and all Released Plaintiffs' Claims against the Released Defendant Parties; and (b) any and all Released Defendants' Claims against the Releasing Plaintiff Parties, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall fully, finally, and forever expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but: (a) the Releasing Plaintiff Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (b) the Released Defendant Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue Defendants and the other Released Defendant Parties, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Class. This is called excluding yourself – or is sometimes referred to as "opting out." If you are requesting exclusion from the Class because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose. If requests for exclusion exceed a certain amount, as set forth in a separate confidential agreement between the Settling Parties, Defendants shall have, in their discretion, the option to terminate the Settlement in accordance with the procedures set forth in the Supplemental Agreement.

| 11. | How do I get out of the Class and the proposed Settlement? |
|---|---|

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *Compass Minerals Securities Settlement*." Your letter must include your purchases, acquisitions, and sales of Compass Minerals common stock during the Class Period, including the dates and number of shares of Compass Minerals common stock purchased, acquired, or sold, and the price paid for each such purchase or acquisition and received for each such sale. In addition, you must include your name, address, email address, telephone number, and your signature. You must mail your exclusion request so that it is **postmarked no later than July 9, 2025** to:

*Compass Minerals Securities Settlement*
Claims Administrator
c/o Verita Global
EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue Defendants and the other Released Defendant Parties about the Released Plaintiffs' Claims in the future, if such claims are not time-barred.

| 12. | If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same thing later? |
|---|---|

No. Unless you exclude yourself from the Class, you give up any rights you may potentially have to sue Defendants and the other Released Defendant Parties for any and all Released Plaintiffs' Claims. If you have a pending lawsuit against any of the Released Defendant Parties, speak to your lawyer in that case immediately. You must exclude yourself from the Class in this Litigation to continue your own lawsuit. Remember, the exclusion deadline is July 9, 2025.

| 13. | If I exclude myself, can I get money from the proposed Settlement? |
|---|---|

No. If you exclude yourself from the Class, you should not send in a Proof of Claim to ask for any money from the Settlement. But you may have the right to potentially sue or be part of a different lawsuit against Defendants and/or the Released Defendant Parties.

## THE LAWYERS REPRESENTING YOU

| 14. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the law firms of Robbins Geller Rudman & Dowd LLP and Kirby McInerney LLP represent the Class Members, including you. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. | How will the lawyers be paid? |
|---|---|

Lead Counsel, on behalf of Plaintiffs' Counsel, will apply to the Court for an award of attorneys' fees not to exceed 33-1/3% of the Settlement Amount and for expenses, costs, and charges in an amount not to exceed $450,000 in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. In addition, Plaintiffs may seek reimbursement for their time and expenses incurred in representing the Class. Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| 16. | How do I tell the Court that I object to the proposed Settlement? |
|---|---|

If you are a Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's fee and expense application. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *Compass Minerals Securities Settlement*. Include your name,

address, email address, telephone number, and your signature (even if you are represented by counsel), identify the date(s), price(s), and number of shares of Compass Minerals common stock purchased, acquired, or sold during the Class Period, and state with specificity your comments or the reasons why you object to the Settlement, Plan of Allocation, and/or fee and expense application, including any legal and evidentiary support for such objection. Any objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class. In addition, the objector must identify all class action settlements to which the objector or his, her, or its counsel have previously objected. You must also include copies of documents demonstrating your purchases, other acquisitions, and/or sales of Compass Minerals common stock during the Class Period. Your comment or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is *received* **no later than July 9, 2025:**

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| CLERK OF THE COURT<br>UNITED STATES DISTRICT COURT<br>DISTRICT OF KANSAS<br>401 N. Market<br>Wichita, KS 67202 | ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>Attn: Ellen Gusikoff Stewart<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101 | CLEARY GOTTLIEB STEEN<br>  & HAMILTON LLP<br>Attn: Victor L. Hou<br>One Liberty Plaza<br>New York, NY 10006 |
| | KIRBY McINERNEY LLP<br>Attn: Thomas W. Elrod<br>250 Park Avenue, Suite 820<br>New York, NY 10177 | |

**17.    What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against Defendants and the other Released Defendant Parties. If you exclude yourself from the Class, you cannot object to the Settlement because it does not affect you.

### THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend the hearing and speak, but you do not have to.

**18.    When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold a Settlement Hearing at **1:30 p.m., on July 30, 2025**, in the Courtroom of the Honorable Eric F. Melgren, at the United States District Court for the District of Kansas, 401 N. Market, Wichita, KS 67202. At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if the objectors do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide the amount of attorneys' fees and expenses to award Lead Counsel and Plaintiffs. At or after the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date, time, and location of the Settlement Hearing without another notice being sent to Class Members.

There exists the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone or video conference, without further written notice to the Class. In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members (who wish to attend the hearing) must or may participate by phone or video, it is important that you monitor the Court's docket or the Settlement website, www.CompassMineralsSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date and time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website. Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the hearing will be posted to the Settlement website. Accordingly, please continue to check the Settlement website for important updates.

**19.    Do I have to come to the Settlement Hearing?**

No. Lead Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you are a Class Member and send an objection, you do not have to come to Court to talk about it. As long as you are a Class Member and mailed your complete written objection on time, the Court will consider it. You may also pay your own lawyer to attend the hearing, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20. | May I speak at the Settlement Hearing? |
|---|---|

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *Compass Minerals Securities Settlement.*" Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Plaintiffs' Counsel or Plaintiffs and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be ***received* no later than July 9, 2025**, and addressed to the Clerk of Court, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Class.

**IF YOU DO NOTHING**

| 21. | What happens if I do nothing? |
|---|---|

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself from the Class, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and the other Released Defendant Parties about the Released Plaintiffs' Claims in this case.

**GETTING MORE INFORMATION**

| 22. | How do I get more information? |
|---|---|

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-833-419-4646 or by email at info@compassmineralssecuritiessettlement.com. Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court, and to the other settlement related papers filed in the Litigation, which are posted on the Settlement website at www.CompassMineralsSecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the District of Kansas, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

**THE PROPOSED PLAN OF ALLOCATION OF NET
SETTLEMENT FUND AMONG CLASS MEMBERS**

| 23. | How will my claim be calculated? |
|---|---|

As discussed above, the Settlement provides $48 million in cash for the benefit of the Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, Members of the Class who timely submit valid Proofs of Claim that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the Settlement website, www.CompassMineralsSecuritiesSettlement.com.

The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Class Members who allegedly suffered economic losses as a proximate result of the alleged wrongdoing. The Plan is not a formal damages analysis, and the calculations made in accordance with the Plan are not necessarily intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

The Plan of Allocation was developed in consultation with Plaintiffs' damages consultant. In developing the Plan, the consultant calculated the estimated amount of alleged artificial inflation in the price of Compass Minerals common stock that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions the Court previously found to be actionable.

In calculating the estimated artificial inflation allegedly caused by the alleged misrepresentations and omissions, Plaintiffs' damages consultant considered price changes in Compass Minerals common stock in reaction to the public disclosures that allegedly corrected the respective alleged misrepresentations and omissions, adjusting the price changes for factors that were attributable to market or industry forces, and for Compass Minerals-specific information unrelated to the alleged misrepresentations and omissions.

8

In order to have recoverable damages in connection with purchases and/or acquisitions of Compass Minerals common stock during the Class Period, disclosure of the alleged misrepresentations or omissions must be the cause of the decline in the price of the Compass Minerals common stock. In this case, Plaintiffs allege that Defendants made false statements and omitted material facts during the period from October 31, 2017, through and including the close of trading on November 18, 2018, which had the effect of artificially inflating the prices of Compass Minerals common stock. As a result of the alleged corrective disclosures, artificial inflation was removed from the price of Compass Minerals stock following disclosures on February 14, October 23, and November 19, 2018.[2]

In order to have a "Recognized Claim Amount" under the Plan of Allocation, shares of Compass Minerals common stock must have been purchased or otherwise acquired during the Class Period and held through at least one corrective disclosure.

The Plan of Allocation is not a formal damages analysis. The Recognized Claim Amount is not intended to estimate the amount a Class Member may have been able to recover after a trial, nor to estimate the amount the Class Member will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants. The allocation below is based on the following inflation per share amounts for Class Period share purchases and sales as well as the statutory PSLRA 90-day look-back amount of $47.38 per share of Compass Minerals common stock.[3]

### CALCULATION OF RECOGNIZED CLAIM AMOUNT

Based on the formula stated below, a "Recognized Claim Amount" will be calculated for each purchase or acquisition of Compass Minerals common stock during the Class Period that is listed on the Proof of Claim and for which adequate documentation is provided. If a Recognized Claim Amount calculates to a negative number or zero under the formula below, that Recognized Claim Amount will be zero.

The allocation below is based on the following inflation per share amounts for Class Period purchases, acquisitions, and sales as well as the statutory PSLRA 90-day look-back amount of $47.38.

| Inflation Period | Inflation per Share |
|---|---|
| October 31, 2017 – February 13, 2018 | $32.05 |
| February 14, 2018 | $29.84 |
| February 15, 2018 – August 6, 2018 | $24.38 |
| August 7, 2018 – October 22, 2018 | $21.38 |
| October 23, 2018 | $8.49 |
| October 24, 2018 – November 18, 2018 | $2.47 |
| November 19, 2018 | $2.47 |
| November 20, 2018 | $1.04 |
| November 21, 2018 – February 15, 2019 | $0.00 |

For each share of Compass Minerals common stock purchased or otherwise acquired during the period from October 31, 2017, through November 18, 2018, inclusive, the claim per share shall be as follows:

(a)    If sold on or between October 31, 2017 through and including November 18, 2018, the claim per share shall be the lesser of: (i) the inflation per share at the time of purchase less the inflation per share at the time of sale; and (ii) the difference between the purchase price and the selling price.

(b)    If retained at the end of November 18, 2018 and sold on or before February 15, 2019, the claim per share shall be the least of: (i) the inflation per share at the time of purchase less the inflation per share at the time of sale; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in Table A below.

(c)    If retained at the close of trading on February 15, 2019, or sold thereafter, the claim per share shall be the lesser of: (i) the inflation per share at the time of purchase; and (ii) the difference between the purchase price and $47.38.

---

[2]    Any transactions in Compass Minerals common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

[3]    "[I]n any private action arising under this [Securities Exchange Act of 1934] in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." 15 U.S.C. §78u-4(e)(1). Consistent with §28(D)(e)(1) of the Securities Exchange Act of 1934, Recognized Claim Amounts for Compass Minerals common stock are reduced to an appropriate extent by taking into account the closing prices of Compass Minerals common stock during the 90-day look-back period. The mean (average) closing price for Compass Minerals common stock during this 90-day look-back period was $47.38 per share as shown in Table A.

9

**TABLE A**

**Compass Minerals Common Stock Share Price and Average 90-Day Look-Back Price**

**November 19, 2018 – February 15, 2019**

| Date | Price | Average Closing Price | Date | Price | Average Closing Price |
|---|---|---|---|---|---|
| 11/19/2018 | $51.50 | $51.50 | 1/4/2019 | $41.60 | $45.56 |
| 11/20/2018 | $48.89 | $50.20 | 1/7/2019 | $42.68 | $45.47 |
| 11/21/2018 | $48.34 | $49.58 | 1/8/2019 | $43.60 | $45.41 |
| 11/23/2018 | $48.35 | $49.27 | 1/9/2019 | $43.53 | $45.36 |
| 11/26/2018 | $48.06 | $49.03 | 1/10/2019 | $44.40 | $45.33 |
| 11/27/2018 | $48.20 | $48.89 | 1/11/2019 | $44.32 | $45.30 |
| 11/28/2018 | $49.98 | $49.05 | 1/14/2019 | $44.31 | $45.27 |
| 11/29/2018 | $49.84 | $49.15 | 1/15/2019 | $45.51 | $45.28 |
| 11/30/2018 | $50.10 | $49.25 | 1/16/2019 | $46.09 | $45.30 |
| 12/3/2018 | $51.68 | $49.49 | 1/17/2019 | $47.21 | $45.35 |
| 12/4/2018 | $48.68 | $49.42 | 1/18/2019 | $48.59 | $45.43 |
| 12/6/2018 | $48.63 | $49.35 | 1/22/2019 | $47.85 | $45.49 |
| 12/7/2018 | $47.88 | $49.24 | 1/23/2019 | $48.08 | $45.55 |
| 12/10/2018 | $47.94 | $49.15 | 1/24/2019 | $48.69 | $45.62 |
| 12/11/2018 | $46.66 | $48.98 | 1/25/2019 | $49.63 | $45.71 |
| 12/12/2018 | $46.96 | $48.86 | 1/28/2019 | $50.57 | $45.81 |
| 12/13/2018 | $46.84 | $48.74 | 1/29/2019 | $51.22 | $45.93 |
| 12/14/2018 | $45.90 | $48.58 | 1/30/2019 | $52.49 | $46.06 |
| 12/17/2018 | $45.76 | $48.43 | 1/31/2019 | $52.25 | $46.19 |
| 12/18/2018 | $43.50 | $48.18 | 2/1/2019 | $52.11 | $46.31 |
| 12/19/2018 | $41.83 | $47.88 | 2/4/2019 | $52.45 | $46.43 |
| 12/20/2018 | $39.96 | $47.52 | 2/5/2019 | $52.29 | $46.54 |
| 12/21/2018 | $40.31 | $47.21 | 2/6/2019 | $52.74 | $46.66 |
| 12/24/2018 | $39.00 | $46.87 | 2/7/2019 | $51.62 | $46.75 |
| 12/26/2018 | $40.50 | $46.61 | 2/8/2019 | $51.89 | $46.84 |
| 12/27/2018 | $41.37 | $46.41 | 2/11/2019 | $52.62 | $46.95 |
| 12/28/2018 | $41.14 | $46.21 | 2/12/2019 | $52.84 | $47.05 |
| 12/31/2018 | $41.69 | $46.05 | 2/13/2019 | $53.57 | $47.16 |
| 1/2/2019 | $41.47 | $45.90 | 2/14/2019 | $52.94 | $47.26 |
| 1/3/2019 | $39.75 | $45.69 | 2/15/2019 | $54.23 | $47.38 |

If a Class Member held Compass Minerals common stock at the beginning of the Class Period or made multiple purchases, acquisitions, or sales of Compass Minerals common stock during or after the Class Period, the starting point for calculating a claimant's Recognized Claim Amount is to match the claimant's holdings, purchases, and acquisitions to their sales using the FIFO (*i.e.*, first-in first-out) method. Under the FIFO method, Compass Minerals common stock sold during the Class Period will be matched, in chronological order, first against Compass Minerals common stock held at the beginning of the Class Period. The remaining sales of Compass Minerals common stock during the Class Period will then be matched, in chronological order, against Compass Minerals common stock purchased or acquired during the Class Period.

Purchases or acquisitions and sales of Compass Minerals common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Compass Minerals common stock during the Class Period shall not be deemed a purchase, acquisition, or sale of Compass Minerals common stock for the calculation of a Recognized Claim Amount, unless: (i) the donor or decedent purchased or otherwise acquired such shares of Compass Minerals common stock during the Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Compass Minerals common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

An Authorized Claimant's Recognized Claim Amount shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of the Recognized Claim Amounts of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim Amount divided by the total of the Recognized Claim Amounts of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose *pro rata* share of the Net Settlement Fund is $10.00 or greater.

If a claimant had a market gain with respect to their overall transactions in Compass Minerals common stock during the Class Period, the value of the claimant's Recognized Claim Amount will be zero. If a claimant suffered an overall market loss with respect to their overall transactions in Compass Minerals common stock during the Class Period but that market loss was less than the claimant's total Recognized Claim Amount calculated above, then the claimant's Recognized Claim Amount will be limited to the amount of the actual market loss. For purposes of determining whether a claimant had a market gain, or suffered a market loss, with respect to his, her, or its overall transactions in Compass Minerals common stock during the Class Period, the Claims Administrator will determine the difference between: (i) the Total Purchase Amount[4]; and (ii) the sum of the Total Sales Proceeds[5] and Holding Value.[6]

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to any appropriate non-sectarian, non-profit charitable organization(s) serving the public interest.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request for review.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. Defendants, their counsel, and all other Released Defendant Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or other Person designated by Plaintiffs' Counsel, Defendants, or Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

---

[4] The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for Compass Minerals common stock purchased or acquired during the Class Period.

[5] The Claims Administrator will match any sales of Compass Minerals common stock from the start of the Class Period through and including the close of trading on February 15, 2019, first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of Compass Minerals common stock sold from the start of the Class Period through and including the close of trading on February 15, 2019, will be the "Total Sales Proceeds."

[6] The Claims Administrator will ascribe a "Holding Value" equal to $47.38 for each share of Compass Minerals common stock purchased or acquired during the Class Period and still held as of the close of trading on February 15, 2019.

11

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

Nominees who purchased or otherwise acquired Compass Minerals common stock during the Class Period for beneficial owners who are Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice. If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions. Reasonable out of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Postcard Notice mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund. All communications concerning the foregoing should be addressed to the Claims Administrator at notifications@veritaglobal.com or:

*Compass Minerals Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301135
Los Angeles, CA 90030-1135

DATED: April 7, 2025

                    _____

                    BY ORDER OF THE COURT
                    UNITED STATES DISTRICT COURT
                    DISTRICT OF KANSAS

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| LOCAL 295 IBT EMPLOYER GROUP WELFARE FUND, Individually and on Behalf of All Others Similarly Situated, ) ) ) | Civil Action No. 2:22-cv-02432-EFM-ADM |
| Plaintiff, ) | CLASS ACTION |
| vs. ) | |
| COMPASS MINERALS INTERNATIONAL, INC., et al., ) ) | |
| Defendants. ) ) | |

**PROOF OF CLAIM AND RELEASE**

### I.    GENERAL INSTRUCTIONS

1.    To recover as a Class Member based on the claims in the Litigation,[1] you must complete and, on page 8 hereof, sign this Proof of Claim. If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.    Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.    YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, **ON OR BEFORE AUGUST 5, 2025**, ADDRESSED AS FOLLOWS:

*Compass Minerals Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301135
Los Angeles, CA 90030-1135
Online Submissions: www.CompassMineralsSecuritiesSettlement.com

If you are NOT a Class Member, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

4.    If you are a Class Member and you do not timely request exclusion from the Class, you will be bound by the terms of any judgment entered in the Litigation, including the Releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

5.    If you are a Class Member, you will be bound by the terms of any judgments or orders entered in the Litigation WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM, unless you submit a request for exclusion from the Class. Thus, if you are a Class Member, the Judgment will release the Released Defendant Parties from all Released Plaintiffs' Claims, and you will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum asserting any of the Released Plaintiffs' Claims against any of the Released Defendant Parties.

---

[1]    This Proof of Claim and Release form ("Proof of Claim") incorporates by reference the definitions in the Stipulation of Settlement dated March 27, 2025 ("Stipulation"), which can be obtained at www.CompassMineralsSecuritiesSettlement.com.

1

6.    You are eligible to participate in the distribution of the Net Settlement Fund only if you are a Member of the Class and if you complete and return this form as specified below. If you fail to submit a timely, properly addressed, and completed Proof of Claim with the required documentation, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.    Submission of this Proof of Claim does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

## II.    CLAIMANT IDENTIFICATION

You are a Member of the Class if you purchased or otherwise acquired the common stock of Compass Minerals International, Inc. ("Compass Minerals") between October 31, 2017, and November 18, 2018, inclusive (the "Class Period"), and are not otherwise excluded from the Class.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee") of the Compass Minerals common stock that forms the basis of this claim. THIS PROOF OF CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF COMPASS MINERALS COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this Proof of Claim. If you purchased or otherwise acquired Compass Minerals common stock during the Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Proof of Claim to participate in the Settlement. If, however, you purchased or otherwise acquired Compass Minerals common stock during the Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Proof of Claim.

Executors, administrators, guardians, conservators, and trustees must complete and sign this Proof of Claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. Specifically, they must: (i) expressly state the capacity in which they are acting; (ii) identify the name, account number, last four digits of the Social Security Number (or full taxpayer identification number), address, and telephone number of the beneficial owner of (or other Person or entity on whose behalf they are acting with respect to) the Compass Minerals common stock; and (iii) furnish herewith evidence of their authority to bind to the Proof of Claim the Person or entity on whose behalf they are acting. (Authority to complete and sign a Proof of Claim cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another Person's accounts.)

The last four digits of the Social Security Number (or full Taxpayer Identification Number) and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in the rejection of the claim.

2

You are required to submit genuine and sufficient documentation for all of your transactions and holdings in the Compass Minerals common stock set forth in the "Schedule of Transactions" in Part II of this Proof of Claim. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Settling Parties and the Claims Administrator do not independently have information about your investments in Compass Minerals common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Proof of Claim or any supporting documents.

A Proof of Claim should be submitted for each separate legal entity (*e.g.*, a claim of joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity, no matter how many separate accounts that entity has (*e.g.*, an institution with multiple brokerage accounts that the entity has transacted in Compass Minerals common stock during the Class Period).

By submitting a signed Proof of Claim, you will be swearing that you: (i) own(ed) the Compass Minerals common stock you have listed in the Proof of Claim; or (ii) are expressly authorized to act on behalf of the owner thereof.

By submitting a signed Proof of Claim, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing. This could take substantial time. Please be patient.

**If you have questions concerning the Proof of Claim, or need additional copies of the Proof of Claim or the Notice, you may contact the Claims Administrator at Compass Minerals Securities Settlement, c/o Verita Global, P.O. Box 301135, Los Angeles, CA 90030-1135, by email at info@compassmineralssecuritiessettlement.com, or by toll-free phone at 1-833-419-4646, or you may download the documents from the Settlement website, www.CompassMineralsSecuritiesSettlement.com.**

### III.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Compass Minerals Common Stock" to supply all required details of your transaction(s). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases, acquisitions, and sales of Compass Minerals common stock that took place between October 31, 2017 and February 15, 2019, inclusive, whether such transactions resulted in a profit or a loss.[2] You must also provide all of the requested information with respect to the number of shares of Compass Minerals common stock you held at the close of trading on October 30, 2017, November 18, 2018, and February 15, 2019. Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase or other acquisition of Compass Minerals common stock. The date of a "short sale" is deemed to be the date of sale of Compass Minerals common stock.

COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN COMPASS MINERALS COMMON STOCK SHOULD BE ATTACHED TO YOUR PROOF OF CLAIM. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN THE REJECTION OF YOUR CLAIM. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN COMPASS MINERALS COMMON STOCK.**

PLEASE NOTE: As set forth in the Plan of Allocation contained in the Notice, each Authorized Claimant shall receive his, her, its, or their *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. This is different from the online submission process that is available at www.CompassMineralsSecuritiesSettlement.com. All claimants MUST submit a manually signed paper Proof of Claim whether or not they also submit electronic copies. If you have a large number of transactions and wish to file your claim electronically, you must contact the Claims Administrator at edata@veritaglobal.com to obtain the required file layout. Any file not in accordance with the required electronic filing format will be subject to rejection. Only one claim should be submitted for each separate legal entity, and the complete name of the beneficial owner(s) of the securities must be entered where called for. Distribution payments must be made by check or electronic payment payable to the Authorized Claimant (beneficial account owner). The third-party filer shall not be the payee of any distribution payment or electronic distribution payment. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

---

[2]    Information requested about your purchases/acquisitions on November 19, 2018 through and including the close of trading on February 15, 2019 is needed only for the Claims Administrator to confirm that you have reported all relevant transactions. Purchases/acquisitions during this period are not eligible for a recovery because they are outside the Class Period.

**Official Office Use Only**

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

*Local 295 IBT Employer Group Welfare Fund v. Compass Minerals International, Inc., et al.*

No. 2:22-cv-02432-EFM-ADM

**PROOF OF CLAIM AND RELEASE**

**Must Be Postmarked (if Mailed) or Received (if Submitted Online) No Later Than August 5, 2025**

# CPSM

Please Type or Print in the Boxes Below
Must use Black or Blue Ink or your claim may be deemed deficient.

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN COMPASS MINERALS COMMON STOCK. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN THE REJECTION OF YOUR CLAIM.**

## PART I. CLAIMANT IDENTIFICATION

Last Name

M.I.    First Name

Last Name (Co-Beneficial Owner)

M.I.    First Name (Co-Beneficial Owner)

○ IRA    ○ Joint Tenancy    ○ Employee    ○ Individual    ○ Other

(specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Social Security Number (Last 4 digits)

or    Taxpayer Identification Number    —

Telephone Number (Primary Daytime)    —    —

Telephone Number (Alternate)    —    —

Email Address

### MAILING INFORMATION

Address

Address (cont.)

City    State    ZIP Code

Foreign Province    Foreign Postal Code    Foreign Country Name/Abbreviation

| FOR CLAIMS PROCESSING ONLY | OB | CB | ○ ATP ○ KE ○ ICI | ○ BE ○ DR ○ EM | ○ FL ○ ME ○ ND | ○ OP ○ RE ○ SH | M M / D D / Y Y Y Y | FOR CLAIMS PROCESSING ONLY |
|---|---|---|---|---|---|---|---|---|

5

## PART II. SCHEDULE OF TRANSACTIONS IN COMPASS MINERALS COMMON STOCK

A. Number of shares of Compass Minerals common stock held at the close of trading on October 30, 2017. If none, write "0" or "zero."

Proof Enclosed? ○ Y ○ N

B. Purchases or other acquisitions of Compass Minerals common stock between October 31, 2017 and February 15, 2019, inclusive:

### PURCHASES

| | Trade Date(s) (List Chronologically) M M / D D / Y Y Y Y | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price (Excluding commissions, taxes, and fees) | Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| 1. | / / | | $ . 00 | ○ Y ○ N |
| 2. | / / | | $ . 00 | ○ Y ○ N |
| 3. | / / | | $ . 00 | ○ Y ○ N |
| 4. | / / | | $ . 00 | ○ Y ○ N |
| 5. | / / | | $ . 00 | ○ Y ○ N |

IMPORTANT: (i) If any purchase listed covered a "short sale," please mark Yes: ○ Yes

(ii) If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

| M M / D D / Y Y Y Y | Merger Shares: | Company: |
|---|---|---|
| / / | | |

C. Sales of Compass Minerals common stock between October 31, 2017 and February 15, 2019, inclusive:

### SALES

| | Trade Date(s) (List Chronologically) M M / D D / Y Y Y Y | Number of Shares Sold | Total Sales Price (Excluding commissions, taxes and fees) | Proof of Sale Enclosed? |
|---|---|---|---|---|
| 1. | / / | | $ . 00 | ○ Y ○ N |
| 2. | / / | | $ . 00 | ○ Y ○ N |
| 3. | / / | | $ . 00 | ○ Y ○ N |
| 4. | / / | | $ . 00 | ○ Y ○ N |
| 5. | / / | | $ . 00 | ○ Y ○ N |

D. Number of shares of Compass Minerals common stock held at the close of trading on November 18, 2018:

Proof Enclosed? ○ Y ○ N

E. Number of shares of Compass Minerals common stock held at the close of trading on February 15, 2019:

Proof Enclosed? ○ Y ○ N

If you require additional space, attach extra schedules in the same format as above. Sign and print your name and the last four digits of your Social Security/Taxpayer Identification Number on each additional page.

**YOU MUST READ THE RELEASE AND SIGN THE CERTIFICATION ON PAGE 8. FAILURE TO SIGN THE CERTIFICATION MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**



## IV.   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the District of Kansas with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases, other acquisitions, or sales of Compass Minerals common stock during the relevant period and know of no other Person having done so on my (our) behalf.

## V.   RELEASE

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever waive, release, relinquish, discharge, and dismiss from the Released Plaintiffs' Claims each and all of the "Released Defendant Parties," defined as any or all of Defendants and/or any or all of their current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, insurers, reinsurers, employees, and attorneys, in their capacities as such.

2.      "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known or unknown, including Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, that Plaintiffs or any other member of the Class: (i) asserted in the Complaint; or (ii) could have asserted in any forum, that both arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint or any previous complaint filed in the Litigation and that relate to the purchase or acquisition of Compass Minerals common stock during the Class Period. Released Plaintiffs' Claims do not include: (i) any claims related to the enforcement of the Settlement; (ii) any claims asserted in the actions styled: (a) *Stein v. Crutchfield, et al.*, No. 2:23-cv-02038 (D. Kan.); (b) *Morelli v. Malecha, et al.*, No. 2:24-cv-02495 (D. Kan.); (c) *Morelli v. Crutchfield, et al.*, No. 2:24-cv-02496 (D. Kan); and (d) *Valentine v. Compass Minerals Int'l, Inc.*, No. 2:24-cv-02165 (D. Kan); or (iii) any claims of any Person who or which submits a request for exclusion that is accepted by the Court.

3.      "Unknown Claims" means: (a) any and all Released Plaintiffs' Claims that the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to: (a) any and all Released Plaintiffs' Claims against the Released Defendant Parties; and (b) any and all Released Defendants' Claims against the Releasing Plaintiff Parties, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall fully, finally, and forever expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but: (a) the Releasing Plaintiff Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (b) the Released Defendant Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Plaintiffs,



the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

4.      These Releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

## VI.  CERTIFICATION

By signing and submitting this Proof of Claim, the claimant(s) or the Person(s) who represent(s) the claimant(s) certifies (certify), as follows:

1.      that I (we) read and understand the contents of the Notice and this Proof of Claim, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the claimant(s) is a (are) Class Member(s), as defined in the Notice and on page 2 of this Proof of Claim, and is (are) not excluded from the Class by definition or pursuant to request as set forth in the Notice;

3.      that I (we) own(ed) the Compass Minerals common stock identified in the Proof of Claim and have not assigned the claim against the Released Defendant Parties to another, or that, in signing and submitting this Proof of Claim, I (we) have the authority to act on behalf of the owner(s) thereof;

4.      that the claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of Compass Minerals common stock, and knows (know) of no other Person having done so on the claimant's (claimants') behalf;

5.      that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the Releases set forth herein;

6.      that I (we) agree to furnish such additional information with respect to this Proof of Claim as Lead Counsel, the Claims Administrator or the Court may require;

7.      that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity and amount of the claim made by means of this Proof of Claim;

8.      that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Litigation; and

9.      that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because: (i) the claimant(s) is (are) exempt from backup withholding; or (ii) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends; or (iii) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding.  If the IRS has notified the claimant(s) that he, she, or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS PROOF OF CLAIM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE:

Executed this_____ day of _____ in _____
                                      (Month/Year)                           (City/State/Country)

_____      _____
(Sign your name here)                            (Sign your name here)

_____      _____
(Type or print your name here)                   (Type or print your name here)

_____      _____
(Capacity of person(s) signing, *e.g.*,                     (Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser or Acquirer, Executor or Administrator)     Beneficial Purchaser or Acquirer, Executor or Administrator)



**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and acknowledgment.

2. Remember to attach copies of supporting documentation.

3. **Do not send** originals of certificates or other documentation as they will not be returned.

4. Keep a copy of your Proof of Claim and all supporting documentation for your records.

5. If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.

6. If you move, please send your new address to the address below.

7. **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED
NO LATER THAN AUGUST 5, 2025, ADDRESSED AS FOLLOWS:**

*Compass Minerals Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301135
Los Angeles, CA  90030-1135
Online Submissions: www.CompassMineralsSecuritiesSettlement.com



9

# THIS PAGE INTENTIONALLY LEFT BLANK



# EXHIBIT C



1 McInnis Parkway
Suite 250
San Rafael, CA 94903
P: (415) 458-3015

April 29, 2025

«FirstName» «LastName»
«Company»
«Addr1»
«Addr2»
South Bend, IN 46601
«FCountry»

Re: **Compass Minerals Securities Settlement**

Dear «GENDER» «LastName»:

Please find enclosed the Postcard Notice for the above-referenced litigation. Please note both the class period and the designated eligible securities, specifically the inclusion of all persons or entities who purchased or otherwise acquired Compass Minerals International, Inc. ("Compass Minerals") common stock between October 31, 2017, and November 18, 2018, inclusive (the "Class Period"). In addition, **the Notice provides that the Exclusion Deadline is July 9, 2025 and the Claim Filing Deadline is August 5, 2025.**

Please pay particular attention to the "Special Notice to Securities Brokers and Other Nominees" section on page twelve of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") posted on the case website, www.CompassMineralsSecuritiesSettlement.com, which states, in part: Nominees who purchased or otherwise acquired Compass Minerals common stock during the Class Period for beneficial owners who are Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice. If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class.

Please do not make your own copies of the Proof of Claim Form, as copies may not be accepted for processing. Additional copies of the appropriate documents may be requested by contacting us at the above address and/or phone number. If we conduct the necessary mailing on your behalf, please submit names and addresses either via email to notifications@veritaglobal.com, via CD Rom to the above address or contact us to obtain secure FTP transmission instructions. Mailing labels will be accepted, but you may be requested to provide an additional copy of the address information you send. Do not include any confidential information that should not appear on a mailing label.

The data provided must be in one of the following formats: ASCII Fixed Length file, ASCII Tab Delimited file, or Microsoft Excel spreadsheet. Your request must also specify the case name and Control Total(s) (for example, the total number of name and address records provided) for each file submission. If you have any questions, please email notifications@veritaglobal.com.

Sincerely,

Verita Global

# EXHIBIT D

# NEW HIGHS AND LOWS

The following explanations apply to the New York Stock Exchange, NYSE Arca, NYSE American and Nasdaq Stock Market stocks that hit a new 52-week intraday high or low in the latest session. % CHG-Daily percentage change from the previous trading session.

**Monday, May 5, 2025**

### Highs

| Stock | Sym | Hi/Lo | Chg |
|---|---|---|---|
| ANI Pharm | ANIP | 73.72 | -0.5 |
| AdtalemGlbEduc | ATGE | 115.97 | -0.4 |
| Aether | ATHR | 11.86 | 14.8 |
| AimeiHlthTech | AFJK | 11.20 | -0.2 |
| AmerHlthcrREIT | AHR | 32.67 | -0.4 |
| APi Group | APG | 42.95 | 1.3 |
| AscentIndustries | ACNT | 13.32 | 0.2 |
| AvinoSilver | ASM | 2.41 | 9.6 |
| BankFirst | BFC | 117.24 | 1.5 |
| Barclays | BCS | 16.57 | 0.8 |
| BioCryst | BCRX | 11.11 | 23.5 |
| BuktJalilGb1 | BUJAU | 21.95 | 2.8 |
| BuktJalilGb1Wt | BUJAW | 0.09 | -14.2 |
| BuktJalilGbAcq1 | BUJA | 24.18 | -0.4 |
| CME Group | CME | 283.11 | 0.8 |
| CapCleanEn | CCEC | 20.70 | 2.1 |
| CardinalHealth | CAH | 152.98 | 1.6 |
| CaseyGenStores | CASY | 470.56 | 1.7 |
| ChunghwaTel | CHT | 44.36 | 4.8 |
| ColumbusAcqn | COLU | 10.47 | 1.7 |
| COPEL | ELP | 8.34 | 0.9 |
| COPEL | ELPC | 7.50 | 1.5 |
| Cooper-Standard | CPS | 25.70 | 0.6 |
| CostamareWr | CMREw | 8.10 | 7.6 |
| Credicorp | BAP | 203.09 | -0.2 |
| DeutscheBank | DB | 23.09 | 0.2 |
| DistokenAcqnWt | DISTW | 0.11 | 28.8 |
| Duolingo | DUOL | 504.31 | 1.6 |
| EagleBncpMT | EBMT | 18.49 | 1.5 |
| EmbotelIAndinaA | AKO.A | 19.40 | 1.9 |
| EncompassHealth | EHC | 117.98 | -0.3 |
| EnelChile | ENIC | 3.69 | 2.5 |
| EpsiumEnterprise | EPSM | 11.63 | 32.6 |
| Exelixis | EXEL | 40.26 | 0.6 |
| FirstCapital | FCAP | 53.85 | 2.4 |
| FirstCash | FCFS | 135.57 | 1.2 |
| ForwardIndustries | FORD | 8.97 | 20.2 |

| Stock | Sym | Hi/Lo | Chg |
|---|---|---|---|
| FreseniusMedCare | FMS | 26.10 | 0.1 |
| GFLEnvironmentl | GFL | 52.00 | 2.3 |
| GabelliPGB | GLUpB | 51.18 | 1.5 |
| GarrettMotion | GTX | 11.35 | 2.8 |
| GeniusSports | GENI | 11.40 | -0.4 |
| Grindr | GRND | 23.45 | -1.3 |
| HartfordIns | HIG | 126.52 | |
| HeritageInsurance | HRTG | 20.16 | 2.7 |
| HowmetAerospace | HWM | 155.59 | 0.2 |
| ICICI Bank | IBN | 34.33 | -0.1 |
| ICL Group | ICL | 6.84 | 0.3 |
| Insteelinds | IIIN | 35.57 | 0.2 |
| IntercorpFinSvcs | IFS | 35.32 | 0.4 |
| iRhythmTechs | IRTC | 137.49 | 3.5 |
| KT | KT | 20.28 | 0.3 |
| Karman | KRMN | 39.25 | 3.1 |
| KeenVisionAcqn | KVAC | 11.33 | 0.5 |
| KiniksaPharm | KNSA | 28.56 | 0.5 |
| KoreaElecPwr | KEP | 9.44 | 1.7 |
| LakeshoreAcqnII | LCCU | 10.08 | |
| LaureateEduc | LAUR | 22.92 | 1.6 |
| LeonardoDRS | DRS | 32.42 | 6.2 |
| Marex | MRX | 46.64 | 1.2 |
| MaywoodAcqn | MAYAU | 10.65 | -4.4 |
| MonsterBev | MNST | 61.29 | 1.4 |
| NeuraxisAcqn | NLACU | 10.50 | 0.2 |
| NatWest | NWG | 13.21 | 0.5 |
| NetEase | NTES | 110.66 | 0.7 |
| NexxenIntl | NEXN | 11.03 | 4.8 |
| NicoletBankshares | NIC | 121.91 | -0.3 |
| OddityTech | ODD | 65.90 | 1.4 |
| OldPointFinl | OPOF | 39.87 | -0.2 |
| OrientalCulture | OCG | 4.58 | 12.6 |
| Palomar | PLMR | 156.03 | 2.6 |
| PerdoceoEduc | PRDO | 31.15 | |
| PhilipMorris | PM | 173.72 | 1.4 |
| PlayAGS | AGS | 12.18 | 0.3 |
| Primech | PMEC | 1.36 | 8.4 |
| RELX | RELX | 55.21 | |

| Stock | Sym | Hi/Lo | Chg |
|---|---|---|---|
| RFAcqnIIRt | RFAIR | 0.13 | -11.6 |
| RadiusRecycling | RDUS | 29.48 | |
| RegencellBio | RGC | 101.00 | 51.6 |
| Rollins | ROL | 57.34 | 0.5 |
| RomaGreenFin | ROMA | 1.65 | 4.7 |
| SAP | SAP | 303.40 | 0.3 |
| SellasLifeSci | SLS | 1.85 | -1.7 |
| SaratogaInts2027 | SAJ | 25.70 | 0.5 |
| SiriusPoint | SPNT | 18.28 | 1.3 |
| SkywardSpecIns | SKWD | 60.40 | 1.2 |
| SmartStop | SMA | 36.41 | -1.1 |
| SmithfieldFGs | SFD | 23.45 | -1.7 |
| SolenoTherap | SLNO | 76.60 | 1.7 |
| SoulpowerAcqn | SOUL | 10.03 | |
| Stantec | STN | 92.14 | |
| StellarVCap | SVCCU | 10.50 | 2.5 |
| StoneX | SNEX | 94.90 | -0.4 |
| Stride | LRN | 162.30 | 0.7 |
| SuperGroup | SGHC | 8.86 | 3.9 |
| TakedaPharm | TAK | 15.43 | 0.4 |
| ThredUp | TDUP | 4.63 | 0.5 |
| TootsieRoll | TR | 34.63 | 1.1 |
| TransDigm | TDG | 1488.54 | 1.5 |
| TransactionalDev | TDACU | 10.30 | 1.0 |
| UIL Solutions | ULS | 60.60 | 0.7 |
| UnitedMicro | UVE | 25.84 | 1.6 |
| VeriSign | VRSN | 285.73 | 0.5 |
| VirtuFinancial | VIRT | 42.31 | 1.1 |
| WebullWt | BULLW | 3.20 | |
| WeisMarkets | WMK | 88.62 | 0.6 |
| WoonFinl | WF | 38.59 | 0.9 |
| Zscaler | ZS | 235.67 | 1.1 |

### Lows

| Stock | Sym | Hi/Lo | Chg |
|---|---|---|---|
| ACCO Brands | ACCO | 3.45 | -5.7 |
| Adecoagro | AGRO | 8.50 | -3.6 |
| AptevoTherap | APVO | 0.42 | -12.1 |
| AquaMetals | AQMS | 1.16 | -4.1 |

| Stock | Sym | Hi/Lo | Chg |
|---|---|---|---|
| Ardelyx | ARDX | 3.62 | -9.6 |
| AtlasClear | ATCH | 0.32 | -3.1 |
| BRileyFinlPfdA | RILYP | 2.59 | -7.5 |
| B.RileyPfdB | RILYL | 2.50 | -0.4 |
| B.RileyNts2028 | RILYT | 5.74 | -8.2 |
| B.RileyNts2028 | RILYZ | 5.21 | -6.9 |
| BabcockWilcoNt26 | BWSN | 7.09 | -53.5 |
| BabcockWilcoNts | BWNB | 6.05 | -52.5 |
| BankofAmPfdSS | BAC.pS | 18.87 | -0.5 |
| BectonDicksn | BDX | 165.50 | -1.1 |
| BetterwareMexico | BWMX | 9.11 | -0.4 |
| BrookfldBRP729e | BEPJ | 23.20 | -0.4 |
| BrookfldNts2084 | BIPJ | 22.13 | -0.4 |
| BurningRockBio | BNR | 2.18 | -13.3 |
| Canaan | CAN | 0.61 | -9.5 |
| ChinaSXTPharm | SXTC | 0.95 | -38.2 |
| ConduitPharm | CDT | 0.48 | -6.4 |
| CostamareBulkers | CMBw | 9.65 | -7.3 |
| Criteo | CRTO | 26.67 | -4.4 |
| DiagiaWt | FAASW | 0.02 | 9.2 |
| ECDAutoDesign | ECDA | 0.29 | 3.0 |
| E-HomeHousehold | EJH | 0.09 | -46.4 |
| EmpirePetrol | EP | 3.85 | -9.5 |
| Energys | ENGS | 1.46 | -46.4 |
| EquusTotReturn | EQS | 0.87 | -3.6 |
| FoxoTech | FOXO | 0.62 | -12.0 |
| Flamigens | EDN | 2.53 | -0.5 |
| ForafricGlobal | AFRI | 7.56 | 0.4 |
| GeneralMills | GIS | 54.50 | -0.7 |
| HCW Biologics | HCWB | 6.36 | -7.9 |
| HamiltonBeach | HBB | 13.25 | -0.9 |
| HarvardBioSci | HBIO | 0.32 | -5.1 |
| HeleniraTroy | HELE | 25.20 | -10.4 |
| Huntsman | HUN | 11.60 | -4.2 |
| INLIF | INLF | 1.14 | -4.1 |
| ImmunityBio | IBRX | 2.00 | -17.3 |
| IntegralLifeSci | IART | 11.60 | -21.2 |
| InteractStrength | TRNR | 0.61 | -5.9 |
| IntercomCayman | NCT | 3.56 | -0.2 |
| JPMorganPfdGJ | JPMpJ | 3.45 | -0.5 |
| JPMorganPfdLL | JPMpL | 25.84 | -0.1 |
| JPMorganPfdJJ | JPMpK | 19.11 | -0.4 |
| JPMorganPfdLJ | JPMpK | 18.59 | -0.6 |
| KalarisTherap | KLRS | 5.41 | -7.2 |
| Laydays | GORV | 0.13 | -6.5 |
| LexariaBioscience | LEXX | 1.11 | -4.1 |
| Lineage | LINE | 44.00 | -2.2 |

| Stock | Sym | Hi/Lo | Chg |
|---|---|---|---|
| LiveWire | LVWR | 1.31 | -6.3 |
| MaidenHlts46 | MHLA | 14.50 | 0.2 |
| Mediaco | MDIA | 0.89 | -6.5 |
| MercerIntl | MERC | 3.50 | -10.1 |
| MicroCloudHologram | HOLO | 8.00 | -8.8 |
| MullenAuto | MULN | 4.23 | 0.3 |
| NaaSTechnology | NAAS | 1.20 | -0.8 |
| Natuzzi | NTZ | 3.72 | -3.8 |
| NeOncTech | NTHI | 4.11 | -18.7 |
| ObsidianEnergy | OBE | 3.93 | -4.6 |
| OmniAb | OABI | 1.63 | -4.0 |
| OneWaterMarine | ONEW | 11.58 | -3.8 |
| OpendoorTech | OPEN | 0.72 | -0.8 |
| Orangekloud | ORKT | 0.42 | -11.7 |
| Organon | OGN | 8.63 | -9.1 |
| OriginAgritech | SEED | 1.10 | -9.6 |
| PetrosPharm | PTN | 0.20 | -15.3 |
| PhathomPharm | PHAT | 2.56 | -6.5 |
| PhoenixAsia | PHOE | 2.31 | -2.3 |
| ProtagenistTherap | PTGX | 2.35 | -9.1 |
| Prothena | PRTA | 8.00 | -4.6 |
| Pulmone | LUNG | 3.37 | -5.0 |
| RealAssetAcqn | RAAQU | 10.04 | -0.1 |
| Repay | RPAY | 3.67 | -1.6 |
| RepublicDigAcqn | RDAGU | 10.13 | |
| Sadot | SDOT | 1.46 | -7.0 |
| SeraPrognostics | SERA | 2.77 | -3.8 |
| Silynxcom | SYNX | 1.70 | -1.1 |
| SmartDigital | SMD | 4.42 | -25.4 |
| SocGenPfd | SOGP | 1.22 | -3.5 |
| SouthernNts20 | SOJD | 19.81 | -0.4 |
| SpiritAviation | FLYY | 7.00 | -13.2 |
| SiteHealthSolns | SRXH | 0.91 | -21.2 |
| SituraPippr | STRS | 15.10 | 1.8 |
| StrumRuger | RGR | 33.74 | -2.1 |
| SumitomoEnergy | SUNE | 2.36 | -9.3 |
| Tatron | TAIT | 2.14 | -2.1 |
| Teleflex | TFX | 122.73 | -2.0 |
| Tilly's | TLYS | 1.36 | -9.3 |
| Toppoint | TOPP | 0.97 | -1.9 |
| TurkcellRetsm | TKC | 5.66 | -2.4 |
| UtzBrands | UTZ | 11.53 | -2.4 |
| Westlake | WLK | 78.18 | -2.0 |
| WinchesterBncp | WBEB | 0.11 | 4.3 |
| WindtreeTherap | WINT | 0.95 | 2.5 |
| X4 Pharm | XFOR | 3.16 | -11.4 |
| ZimmerBiomet | ZBH | 89.92 | -11.6 |

## Cash Prices | wsj.com/market-data/commodities

**Monday, May 5, 2025**

These prices reflect buying and selling of a variety of actual or "physical" commodities in the marketplace—separate from the futures price on an exchange, which reflects what the commodity might be worth in future months.

| | Monday |
|---|---|
| **Energy** | |
| Coal,C.Aplc,12500Btu,1.2SO2-r,w | 78.000 |
| Coal,PwdrRvrBsn,8800Btu,0.8SO2-r,w | 14.300 |
| **Metals** | |
| **Gold, per troy oz** | |
| Engelhard industrial | 3322.00 |
| Handy & Harman base | 3315.53 |
| Handy & Harman fabricated | 3680.23 |
| LBMA Gold Price AM | *3263.05 |
| LBMA Gold Price PM | *3249.70 |
| Krugerrand,wholesale-e | 3469.13 |
| Maple Leaf-e | 3552.12 |
| American Eagle-e | 3552.12 |
| Mexican peso-e | 4282.79 |
| Austria crown-e | 3257.01 |
| Austria phil-e | 3485.73 |
| **Silver, troy oz.** | |
| Engelhard industrial | 32.7500 |
| Handy & Harman base | 32.2940 |
| Handy & Harman fabricated | 40.3680 |
| LBMA spot price | *£24.3500 |
| (U.S.$ equivalent) | *32.3650 |
| Coins,wholesale $1,000 face-a | 24542 |
| **Other metals** | |
| LBMA Platinum Price PM | *971.0 |
| LBMA Palladium Price PM | *954.0 |
| Platinum,Engelhard industrial | 975.0 |
| Palladium,Engelhard industrial | 968.0 |
| Aluminum, LME, $ per metric ton | *2401.5 |

| | Monday |
|---|---|
| Copper,Comex spot | 4.6550 |
| Iron Ore, 62% Fe CFR China-s | *96.9 |
| Steel, HRC USA, FOB Midwest Mill-s | *920.0 |
| **Battery/EV metals** | |
| BMI Lithium Carbonate,EXW China,=99.5%-v,w | 9500 |
| BMI Lithium Hydroxide,EXW China,=56.5%-v,w | 9250 |
| BMI Cobalt sulphate,EXW China,>20.5%-v,w | 6693 |
| BMI Nickel Sulphate,EXW China,>22%-v,k | 3776 |
| BMI Flake Graphite, FOB China,-100 Mesh, 94-95%-v,n | 435 |
| **Fibers and Textiles** | |
| Burlap,10-oz,40-inch NY yd-n,w | 0.8625 |
| Cotton,1/1.16 std lw-rndMphs-u | 0.6667 |
| Cotlook 'A' Index-t | *77.25 |
| Hides,hvy native steers piece fob-u | n.a. |
| Wool,64s,staple,Terr del-u,w | n.a. |
| **Grains and Feeds** | |
| Bran,wheat middlings, KC-u,w | 80 |
| Corn,No.2 yellow,Cent IL-bp,u | 4.3000 |
| Corn gluten feed,Midwest-u,w | 109.4 |
| Corn gluten meal,Midwest-u,w | 439.1 |
| Cottonseed meal-u,w | n.a. |
| Hominy feed,Cent IL-u,w | 113 |
| Meat-bonemeal,50% pro Mnpls-u,w | 250 |
| Oats,No.2 milling,Mnpls-u | 4.0275 |
| Rice, Long Grain Milled, No. 2 AR-u,w | 34.88 |
| Sorghum,(Milo) No.2 Gulf-u | n.a. |
| SoybeanMeal,Cent IL,rail,ton48%-u,w | 287.50 |
| Soybeans,No.1 yllw IL-bp,u | 10.2700 |
| Wheat,Spring14%-pro Mnpls-u | 8.5450 |

| | Monday |
|---|---|
| Wheat,No.2 soft red,St.Louis-u | 5.1875 |
| Wheat - Hard - KC (USDA) $ per bu-u | 5.3775 |
| Wheat,No.1soft white,PortldOR-u | 6.2750 |
| **Food** | |
| Beef,carcass equiv. index | |
| choice 1-3,600-900 lbs.-u | 332.53 |
| select 1-3,600-900 lbs.-u | 315.33 |
| Broilers, National comp wtd. avg.-u,w | 1.3523 |
| Butter,AA Chicago-d | 2.3375 |
| Cheddar cheese,bbl,Chicago-d | 179.00 |
| Cheddar cheese,blk,Chicago-d | 177.50 |
| Milk,Nonfat dry,Chicago lb.-d | 119.00 |
| Coffee,Brazilian,Comp-y | 3.9029 |
| Coffee,Colombian, NY-y | 4.0682 |
| Eggs,large white,Chicago-u,w | 3.6050 |
| Flour,hard winter KC-p | 15.05 |
| Hams,17-20 lbs,Mid-US fob-u | n.a. |
| Hogs,Iowa-So. Minnesota-u | 86.28 |
| Pork bellies,12-14 lb MidUS-u | n.a. |
| Pork loins,13-19 lb MidUS-u | 1.0044 |
| Steers,Tex.-Okla. Choice-u | n.a. |
| Steers,feeder,Okla. City-u,w | 366.25 |
| **Fats and Oils** | |
| Degummed corn oil, crude wtd.-avg.-u,w | n.a. |
| Grease,choice white,Chicago-h | n.a. |
| Lard,Chicago-u | n.a. |
| Soybean oil,crude;Cent IL-u,w | 0.4886 |
| Tallow,bleach;Chicago-h | n.a. |
| Tallow,edible;Chicago-u | n.a. |

KEY TO CODES: A=ask; B=bid; BP=country elevator bids to producers; C=corrected; D=CME; E=Manfra,Tordella & Brookes; H=American Commodities Brokerage Co; K=bi-weekly; M=monthly; N=nominal; n.a.=not quoted or not available; P=Sosland Publishing; R=SNL Energy; S=Platts-TSI; T=Cotlook Limited; U=USDA; V=Benchmark Mineral Intelligence; W=weekly; Y=International Coffee Organization; Z=not quoted. *Data as of 5/2

Source: Dow Jones Market Data

## Bonds | wsj.com/market-data/bonds/benchmarks

### Global Government Bonds: Mapping Yields

Yields and spreads over or under U.S. Treasurys on benchmark two-year and 10-year government bonds in selected other countries; arrows indicate whether the yield rose(▲) or fell (▼) in the latest session

| Coupon (%) | Country/ Maturity, in years | Latest(●) | Previous | Month ago | Year ago | Spread Under/Over U.S. Treasurys, in basis points Latest | Prev | Year ago |
|---|---|---|---|---|---|---|---|---|
| 3.750 | U.S. 2 | 3.840 ▲ | 3.837 | 3.672 | 4.804 | | | |
| 4.625 | 10 | 4.342 ▲ | 4.317 | 3.992 | 4.498 | | | |
| 4.750 | Australia 2 | 3.357 ▲ | 3.303 | 3.421 | 4.115 | -49.2 | -52.9 | -71.4 |
| 3.500 | 10 | 4.227 ▲ | 4.179 | 4.192 | 4.429 | -11.9 | -13.5 | -8.9 |
| 0.000 | France 2 | 1.920 ▲ | 1.919 | 1.976 | 3.008 | -192.9 | -191.4 | -182.1 |
| 3.200 | 10 | 3.237 ▼ | 3.240 | 3.319 | 2.990 | -110.9 | -107.4 | -152.8 |
| 2.200 | Germany 2 | 1.751 ▲ | 1.775 | 1.808 | 2.932 | -209.9 | -205.7 | -189.7 |
| 2.500 | 10 | 2.518 ▼ | 2.539 | 2.579 | 2.498 | -182.8 | -177.5 | -202.0 |
| 2.550 | Italy 2 | 2.052 ▲ | 2.045 | 2.136 | 3.478 | -179.7 | -178.7 | -135.1 |
| 3.650 | 10 | 3.608 ▼ | 3.625 | 3.763 | 3.799 | -73.8 | -68.9 | -71.9 |
| 0.700 | Japan 2 | 0.607 | 0.607 | 0.595 | 0.290 | -324.2 | -322.5 | -453.9 |
| 1.400 | 10 | 1.262 | 1.262 | 1.156 | 0.906 | -308.4 | -305.2 | -361.2 |
| 2.500 | Spain 2 | 1.962 ▲ | 1.960 | 2.045 | 3.175 | -188.7 | -187.3 | -165.4 |
| 3.150 | 10 | 3.181 ▲ | 3.176 | 3.270 | 3.286 | -116 | -113.8 | -123.2 |
| 4.125 | U.K. 2 | 3.874 | 3.874 | 3.939 | 4.360 | 2.5 | 4.2 | -46.9 |
| 4.250 | 10 | 4.524 | 4.524 | 4.453 | 4.227 | 17.8 | 21.0 | -29.1 |

Source: Tullett Prebon, Tradeweb FTSE U.S. Treasury Close

## Corporate Debt

Prices of firms' bonds reflect factors including investors' economic, sectoral and company-specific expectations

### Investment-grade spreads that tightened the most...

| Issuer | Symbol | Coupon (%) | Yield (%) | Maturity | Spread*, in basis points Current | One-day change | Last week |
|---|---|---|---|---|---|---|---|
| National Australia Bank | ... | 2.332 | 5.14 | Aug. 21, '30 | 120 | -12 | n.a. |
| Consolidated Edison Co. of New York | ... | 6.300 | 5.53 | Aug. 15, '37 | 118 | -11 | n.a. |
| GlaxoSmithKline Capital | ... | 6.375 | 5.45 | May 15, '38 | 109 | -10 | 111 |
| Home Depot | HD | 5.875 | 5.28 | Dec. 16, '36 | 91 | -10 | 91 |
| Toyota Motor Credit | ... | 4.350 | 4.30 | Oct. 8, '27 | 44 | -8 | 54 |
| Ally Financial | ALLY | 8.000 | 6.05 | Nov. 1, '31 | 209 | -7 | 214 |
| Bank of Nova Scotia | BNS | 5.650 | 5.24 | Feb. 1, '34 | 89 | -7 | 100 |
| Moody's | MCO | 5.250 | 5.89 | July 15, '44 | 105 | -7 | n.a. |

### ...And spreads that widened the most

| Issuer | Symbol | Coupon (%) | Yield (%) | Maturity | Current | One-day change | Last week |
|---|---|---|---|---|---|---|---|
| Western Union | WU | 6.200 | 6.40 | Nov. 17, '36 | 205 | 7 | n.a. |
| Hess | HES | 5.600 | 5.96 | Feb. 15, '41 | 112 | 6 | 95 |
| Barrick | ... | 5.950 | 6.00 | Oct. 15, '39 | 165 | 5 | 157 |
| Nlg Global Funding | ... | 5.400 | 5.05 | Jan. 23, '30 | 110 | 5 | 111 |
| Morgan Stanley | MS | 7.250 | 4.95 | April 1, '32 | 60 | 3 | n.a. |
| Toronto-Dominion Bank | TD | 4.456 | 5.07 | June 8, '32 | 72 | 3 | 74 |
| Apple | AAPL | 3.450 | 5.53 | Feb. 9, '45 | 68 | 2 | 61 |
| Canadian Natural Resources | ... | 6.450 | 5.98 | June 30, '33 | 164 | 2 | 162 |

### High-yield issues with the biggest price increases...

| Issuer | Symbol | Coupon (%) | Yield (%) | Maturity | Bond Price as % of face value Current | One-day change | Last week |
|---|---|---|---|---|---|---|---|
| DISH DBS | ... | 7.750 | 18.22 | July 1, '26 | 89.500 | 1.25 | 87.500 |
| Teva Pharmaceutical Finance Netherlands III | ... | 3.150 | 5.19 | Oct. 1, '26 | 97.277 | 0.28 | 96.759 |
| United States Cellular | USM | 6.700 | 5.55 | Dec. 15, '33 | 107.750 | 0.25 | 107.875 |
| Bath & Body Works | BBWI | 5.250 | 5.37 | Feb. 1, '28 | 99.700 | 0.14 | n.a. |

### ...And with the biggest price decreases

| Issuer | Symbol | Coupon (%) | Yield (%) | Maturity | Current | One-day change | Last week |
|---|---|---|---|---|---|---|---|
| Transocean | RIG | 7.500 | 15.07 | April 15, '31 | 70.938 | -2.44 | 74.250 |
| Occidental Petroleum | OXY | 6.450 | 7.04 | Sept. 15, '36 | 95.457 | -0.68 | 98.927 |
| Paramount Global | PARA | 6.875 | 7.02 | April 30, '36 | 98.904 | -0.56 | 99.012 |
| Rockies Express Pipeline | ... | 6.875 | 7.63 | April 15, '40 | 93.375 | -0.35 | 94.500 |
| Rakuten | ... | 9.750 | 7.94 | April 15, '29 | 106.000 | -0.15 | 106.250 |
| Venture Global Calcasieu Pass | ... | 6.250 | 6.01 | Aug. 1, '35 | 90.250 | -0.13 | n.a. |

*Estimated spread over 2-year, 3-year, 5-year, 10-year or 30-year hot-run Treasury; 100 basis points=one percentage pt.; change in spread shown is for Z-spread. Note: Data are for the most active issue of bonds with maturities of two years or more

Source: MarketAxess

ADVERTISEMENT

# The Marketplace

To advertise: 800-366-3975 or WSJ.com/classifieds

## CLASS ACTION

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

LOCAL 295 IBT EMPLOYER GROUP WELFARE FUND, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

COMPASS MINERALS INTERNATIONAL, INC., et al.,

Defendants.

Civil Action No. 2:22-cv-02432-EFM-ADM

CLASS ACTION

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

**TO: ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED COMPASS MINERALS INTERNATIONAL, INC. ("COMPASS MINERALS") COMMON STOCK BETWEEN OCTOBER 31, 2017, AND NOVEMBER 18, 2018, INCLUSIVE (THE "CLASS PERIOD")**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Kansas ("Court"), that the above-captioned action ("Litigation") has been certified as a class action, except for certain Persons and entities who are excluded from the Class by definition as set forth in the Stipulation of Settlement dated March 27, 2025 ("Stipulation") and the detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice"). The Stipulation and Notice can be viewed at www.CompassMineralsSecuritiesSettlement.com.

YOU ARE ALSO HEREBY NOTIFIED that Retail Wholesale Department Store Union Local 338 Retirement Fund and Local 295 IBT Employer Group Welfare Fund ("Plaintiffs"), and defendants Compass Minerals, Frances J. Malecha, James D. Standen, and Anthony J. Sepich ("Defendants") have reached a proposed settlement of the Litigation on behalf of the Class for $48 million in cash ("Settlement"). If approved by the Court, the Settlement will resolve all claims in the Litigation.

YOU ARE ALSO HEREBY NOTIFIED that a hearing will be held on July 30, 2025, at 1:30 p.m., before the Honorable Eric F. Melgren at the United States District Court, District of Kansas, 401 N. Market, Wichita, KS 67202, to determine whether: (1) the Settlement of the above-captioned Litigation as set forth in the Stipulation for $48 million in cash should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the Litigation with prejudice; (3) to award Plaintiffs' Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice) and, if so, in what amounts; (4) to award Plaintiffs their costs and expenses in representing the Class out of the Settlement Fund and, if so, in what amounts; and (5) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate.

The Court may decide to change the date and/or time of the Settlement Hearing, conduct the hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by telephone or videoconference, without further written notice to the Class. It is important that you check the Settlement website, www.CompassMineralsSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website. Also, if the Court requires or allows Class Members to participate in the hearing by telephone or videoconference, the access information will be posted to the website.

IF YOU PURCHASED OR OTHERWISE ACQUIRED COMPASS MINERALS COMMON STOCK BETWEEN OCTOBER 31, 2017, AND NOVEMBER 18, 2018, INCLUSIVE, YOUR RIGHTS ARE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Net Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail (**postmarked no later than August 5, 2025**) or electronically via the Settlement website (**no later than August 5, 2025**). Failure to submit your Proof of Claim by August 5, 2025, will subject your claim to rejection and preclude you from receiving any of the recovery in connection with the Settlement of this Litigation. If you are a Class Member and do not request exclusion from the Class (as described below), you will be bound by the Settlement and any judgment and release entered in the Litigation, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

The Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), the Proof of Claim, the Stipulation (which, among other things, contains definitions for the capitalized terms used in this Summary Notice), and other important documents, may be accessed online at www.CompassMineralsSecuritiesSettlement.com, or by writing to:

Compass Minerals Securities Settlement
Claims Administrator
c/o Verita Global
P.O. Box 301135
Los Angeles, CA 90030-1135

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 1-800-449-4900
settlementinfo@rgrdlaw.com

KIRBY McINERNEY LLP
Thomas W. Elrod
250 Park Avenue, Suite 820
New York, NY 10177
Telephone: 1-212-371-6600
settlements@kmllp.com

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED BY JULY 9, 2025**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. IF YOU PROPERLY EXCLUDE YOURSELF FROM THE CLASS, YOU WILL NOT BE BOUND BY ANY RELEASES, JUDGMENTS, OR ORDERS ENTERED BY THE COURT IN THE LITIGATION AND YOU WILL NOT RECEIVE ANY BENEFITS FROM THE SETTLEMENT. EXCLUDING YOURSELF FROM THE CLASS IS THE ONLY OPTION THAT MAY ALLOW YOU TO BE PART OF ANY OTHER CURRENT OR FUTURE LAWSUIT AGAINST DEFENDANTS CONCERNING THE CLAIMS BEING RESOLVED BY THE SETTLEMENT.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY LEAD COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED 33-1/3% OF THE $48 MILLION SETTLEMENT AMOUNT AND EXPENSES NOT TO EXCEED $450,000, PLUS INTEREST ON BOTH AMOUNTS, AND/OR THE REQUEST FOR AN AWARD TO PLAINTIFFS PURSUANT TO 15 U.S.C. §78u-4(a)(4). ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO LEAD COUNSEL AND DEFENDANTS' COUNSEL **BY JULY 9, 2025**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: April 7, 2025

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

---

## BANKRUPTCIES

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,
Plaintiff,
v.
GPB CAPITAL HOLDINGS, LLC; ASCENDANT CAPITAL, LLC; ASCENDANT ALTERNATIVE STRATEGIES, LLC; DAVID GENTILE; JEFFREY SCHNEIDER; and JEFFREY LASH,
Defendants.

21-cv-00583-MKB-VMS

**NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM**

**THE DEADLINE TO FILE PROOFS OF CLAIM IS MAY 23, 2025, AT @ 11:59 P.M. (EDT)**

PLEASE TAKE NOTICE OF THE FOLLOWING:
Joseph T. Gardemal III is the court appointed receiver (the "Receiver") of the Receivership Entities and the Receivership Assets pursuant to the Order Appointing Receiver and Imposing Litigation Injunction (the "Receivership Order") [Dkt. No. 187] entered by the United States District Court for the Eastern District of New York (the "Court").
On April 8, 2025, the Court entered an order (the "Plan Order") [Dkt. No. 271] (i) approving the Receiver's plan of distribution (as amended, supplemented, or otherwise modified, the "Plan") [Dkt. No. 228-1], and (ii) establishing May 23, 2025, at 11:59 p.m. (EDT) as the deadline for Claimants, including Investors and creditors, of the Receivership Entities to file proofs of claim in the above-captioned case (the "Claims Bar Date"). Capitalized terms not defined in this notice have the meanings set forth in the Plan.
The Receivership Entities are:

| | |
|---|---|
| Armada Waste Management GP, LLC (fka GPB Waste Management GP, LLC) | Armada Waste Management, LP (fka GPB Waste Management, LP) |
| Armada WM SLP, LLC (fka GPB WM SLP, LLC) | GPB Auto SLP, LLC |
| GPB Automotive Income Fund, Ltd. | GPB AUTOMOTIVE INCOME SUB-FUND, LTD. |
| GPB Automotive Portfolio, LP | GPB Capital Holdings, LLC |
| GPB Cold Storage, LP | GPB H2 SLP, LLC |
| GPB H3 SLP, LLC | GPB Holdings II, LP |
| GPB Holdings III GP, LLC | GPB Holdings III, LP |
| GPB Holdings Qualified, LP | GPB Holdings, LP |
| GPB NYC Development, LP | GPB NYCD SLP, LLC |
| GPB SLP, LLC | Highline Management Inc. |

Copies of the Plan, Plan Order, Receivership Order, Notice of Claims Bar Date, Proof of Claim Form, instructions on how and when to file a proof of claim, and all other publicly filed documents in this case, are available free of charge at: https://dm.epiq11.com/GPBCapital.
THIS NOTICE IS NOT INTENDED TO PROVIDE YOU WITH ALL INFORMATION YOU NEED TO FILE A PROOF OF CLAIM. THEREFORE, YOU MUST CONSULT THE PLAN, PLAN ORDER, AND THE INSTRUCTIONS AND PROCEDURES FOR COMPLETING AND FILING PROOFS OF CLAIM TO DETERMINE IF AND HOW YOU ARE REQUIRED TO FILE A PROOF OF CLAIM. If you are uncertain whether you are required to, or should, file a proof of claim, you should consult your legal and tax advisors. The Court, the Receiver, and Claims Agent (the "Claims Agent"), cannot advise you on whether you need to, or should, file a proof of claim, or provide you with any legal advice.
ANY INVESTOR OR OTHER CLAIMANT WHO IS REQUIRED TO SUBMIT A PROOF OF CLAIM BUT FAILS TO DO SO IN A TIMELY MANNER AND IN THE PROPER FORM ON OR BEFORE THE CLAIMS BAR DATE (I) SHALL BE FOREVER BARRED FROM ASSERTING THAT CLAIM, AND (II) SHALL NOT RECEIVE ANY DISTRIBUTION UNDER THE PLAN WITH RESPECT TO SUCH CLAIM.
If you have questions regarding the claims process and/or wish to obtain copies of Notice of Claims Bar Date, a Proof of Claim Form, or the instructions on how and when to file a proof of claim, please visit the Claims Agent's website at: https://dm.epiq11.com/GPBCapital, or contact the Claims Agent by phone at (855) 635-3027 (toll free in the U.S.) or (503) 782-5917 (for international callers) or by e-mail at GPBCapInfo@epiqglobal.com.
Dated: May 6, 2025        Joseph T. Gardemal III,
Washington, D.C.        Receiver

---

THE WALL STREET JOURNAL.

THE MARKETPLACE

ADVERTISE TODAY

(800) 366-3975
For more information visit:
wsj.com/classifieds

© 2025 Dow Jones & Company, Inc.
All Rights Reserved.

---

## BUSINESS OPPORTUNITIES



**2 Minute Pizza™**

Patent pending oven cooks pizza in 2 minutes. NO warmup time.    Watch the video. IP can be purchased or licensed.

**2MinutePizza.com**

---

THE WALL STREET JOURNAL.

SHOWROOM

(800) 366-3975
sales.showroom@wsj.com
For more information visit:
wsj.com/classifieds

© 2025 Dow Jones & Company, Inc.
All Rights Reserved.

---

## AVIATION



Experienced B737/Bombardier Pilot
Seeking Part 91/135 Opportunity

6,000+ hrs | B737CG, CRJ/Challenger Series
Extensive Pacific ETOPS | Safety-First, VIP Service-Oriented. Proven leadership and unwavering reliability in international operations.

Contact John: B737pilot4U@gmail.com

Declaration of Publication

I, Carla Peak, as Vice President, Legal Notification Services at Verita Global LLC f/k/a Gilardi Settlement Administration Company in San Rafael, California, hereby certify that I caused the attached notice to be printed in said publication on May 6, 2025:

Name of Publication: The Wall Street Journal

Address: 1211 Avenue of the Americas

City, State, Zip: New York, NY 10036

Phone #: 1-800-568-7625

State of: New York

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 6th day of May 2025, at Sellersville, Pennsylvania.

Carla Peak

May 6, 2025 8:00 AM Eastern Daylight Time

# Robbins Geller Rudman & Dowd LLP and Kirby McInerney LLP Announce Proposed Settlement in the Compass Minerals Securities Litigation

Share  in  X  f  ✉  🔗  ⋯

SAN DIEGO--(BUSINESS WIRE)--The following statement is being issued by Robbins Geller Rudman & Dowd LLP and Kirby McInerney LLP regarding the proposed Settlement in the Compass Minerals Securities Litigation:

UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

| | |
|---|---|
| LOCAL 295 IBT EMPLOYER GROUP WELFARE FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>COMPASS MINERALS INTERNATIONAL, INC., et al.,<br><br>        Defendants. | Civil Action No. 2:22-cv-02432-EFM-ADM<br><br><br>CLASS ACTION |

SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

TO: ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED COMPASS MINERALS INTERNATIONAL, INC. ("COMPASS MINERALS") COMMON STOCK BETWEEN OCTOBER 31, 2017, AND NOVEMBER 18, 2018, INCLUSIVE (THE "CLASS PERIOD")

THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Kansas ("Court"), that the above-captioned action ("Litigation") has been certified as a class action, except for certain Persons and entities who are excluded from the Class by definition as set forth in the Stipulation of Settlement dated March 27, 2025 ("Stipulation") and the detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice"). The Stipulation and Notice can be viewed at www.CompassMineralsSecuritiesSettlement.com.

YOU ARE ALSO HEREBY NOTIFIED that Retail Wholesale Department Store Union Local 338 Retirement Fund and Local 295 IBT Employer Group Welfare Fund ("Plaintiffs"), and defendants Compass Minerals, Frances J. Malecha, James D. Standen, and Anthony J. Sepich ("Defendants") have reached a proposed settlement of the Litigation on behalf of the Class for $48 million in cash ("Settlement"). If approved by the Court, the Settlement will resolve all claims in the Litigation.

YOU ARE ALSO HEREBY NOTIFIED that a hearing will be held on July 30, 2025, at 1:30 p.m., before the Honorable Eric F. Melgren at the United States District Court, District of Kansas, 401 N. Market, Wichita, KS 67202, to determine whether: (1) the Settlement of the above-captioned Litigation as set forth in the Stipulation for $48 million in cash should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the Litigation with prejudice; (3) to award Plaintiffs' Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice) and, if so, in what amounts; (4) to award Plaintiffs their costs and expenses in representing the Class out of the Settlement Fund and, if so, in what amounts; and (5) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate.

The Court may decide to change the date and/or time of the Settlement Hearing, conduct the hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by telephone or videoconference, without further written notice to the Class. It is important that you check the Settlement website,

www.CompassMineralsSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website. Also, if the Court requires or allows Class Members to participate in the hearing by telephone or videoconference, the access information will be posted to the website.

IF YOU PURCHASED OR OTHERWISE ACQUIRED COMPASS MINERALS COMMON STOCK BETWEEN OCTOBER 31, 2017, AND NOVEMBER 18, 2018, INCLUSIVE, YOUR RIGHTS ARE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Net Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later than August 5, 2025)** or electronically via the Settlement website **(no later than August 5, 2025)**. Failure to submit your Proof of Claim by August 5, 2025, will subject your claim to rejection and preclude you from receiving any of the recovery in connection with the Settlement of this Litigation. If you are a Class Member and do not request exclusion from the Class (as described below), you will be bound by the Settlement and any judgment and release entered in the Litigation, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

The Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), the Proof of Claim, the Stipulation (which, among other things, contains definitions for the capitalized terms used in this Summary Notice), and other important documents, may be accessed online at www.CompassMineralsSecuritiesSettlement.com or by writing to:

*Compass Minerals Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301135
Los Angeles, CA 90030-1135

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 1-800-449-4900
settlementinfo@rgrdlaw.com

KIRBY McINERNEY LLP
Thomas W. Elrod
250 Park Avenue, Suite 820
New York, NY 10177
Telephone: 1-212-371-6600
settlements@kmllp.com

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED BY JULY 9, 2025**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. IF YOU PROPERLY EXCLUDE YOURSELF FROM THE CLASS, YOU WILL NOT BE BOUND BY ANY RELEASES, JUDGMENTS, OR ORDERS ENTERED BY THE COURT IN THE LITIGATION AND YOU WILL NOT RECEIVE ANY BENEFITS FROM THE SETTLEMENT. EXCLUDING YOURSELF FROM THE CLASS IS THE ONLY OPTION THAT MAY ALLOW YOU TO BE PART OF ANY OTHER CURRENT OR FUTURE LAWSUIT AGAINST DEFENDANTS CONCERNING THE CLAIMS BEING RESOLVED BY THE SETTLEMENT.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY LEAD COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED 33-1/3% OF THE $48 MILLION SETTLEMENT AMOUNT AND EXPENSES NOT TO EXCEED $450,000, PLUS INTEREST ON BOTH AMOUNTS, AND/OR THE REQUEST FOR AN AWARD TO PLAINTIFFS PURSUANT TO 15 U.S.C. §78u-4(a)(4). ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO LEAD COUNSEL AND DEFENDANTS' COUNSEL **BY JULY 9, 2025**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: April 7, 2025                                BY ORDER OF THE COURT
                                                    UNITED STATES DISTRICT COURT
                                                    DISTRICT OF KANSAS

## Contacts

Media Contact:

Robbins Geller Rudman & Dowd LLP

Shareholder Relations Department

Greg Wood

(619) 231-1058

Declaration of Publication

I, Carla Peak, as Vice President, Legal Notification Services at Verita Global LLC f/k/a Gilardi Settlement Administration Company in San Rafael, California, hereby certify that I caused the attached notice to be published as a press release by the following wire service:

Name of Publication: BusinessWire

Address: 101 California Street 20th Floor

City, ST Zip: San Francisco, CA 94111

Phone #: 415-986-4422

State of: California

The press release was distributed on May 6, 2025 to the following media circuits offered by the above-referenced wire service:

1. National Newsline

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 6th day of May 2025, at Sellersville, Pennsylvania.

*Carla Peak*

Carla Peak