UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

| | | |
|---|---|---|
| LOCAL 295 IBT EMPLOYER GROUP WELFARE FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 2:22-cv-02432-EFM-ADM |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| COMPASS MINERALS INTERNATIONAL, INC., et al., | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |
| | ) | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF (I) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION AND (II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARDS <u>TO PLAINTIFFS PURSUANT TO 15 U.S.C. §78u-4(a)(4)</u>**

- i -

**TABLE OF CONTENTS**

Page

I.    PRELIMINARY STATEMENT AND HISTORY OF THE NOTICE PROGRAM ..........1

II.   ARGUMENT...............................................................................................................3

      A.    The Reaction of the Class Strongly Supports Approval of the Settlement
            and the Plan of Allocation.................................................................................3

      B.    The Reaction of the Class Supports Approval of the Requests for
            Attorneys' Fees, Litigation Expenses, and Awards to Plaintiffs ............................5

III.  CONCLUSION...........................................................................................................7

# TABLE OF AUTHORITIES

Page

**CASES**

*In re AT&T Corp. Sec. Litig.*,
2005 WL 6716404 (D.N.J. Apr. 25, 2005) ........................................................................ 4

*In re Citigroup Inc. Sec. Litig.*,
965 F. Supp. 2d 369 (S.D.N.Y. 2013) ............................................................................... 4

*Cox v. Sprint Commc'ns Co. L.P.*,
2012 WL 5512381 (D. Kan. Nov. 14, 2012) .................................................................... 6

*In re Crocs, Inc. Sec. Litig.*,
2014 WL 4670886 (D. Colo. Sept. 18, 2014) ................................................................... 6

*In re Crocs, Inc. Sec. Litig.*,
306 F.R.D. 672 (D. Colo. 2014) ....................................................................................... 4

*In re Davita Healthcare Partners, Inc.*,
2015 WL 3582265 (D. Colo. June 5, 2015) ...................................................................... 3

*In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*,
2022 WL 2663873 (D. Kan. July 11, 2022) ..................................................................... 4

*Erica P. John Fund, Inc. v. Halliburton Co.*,
2018 WL 1942227 (N.D. Tex. Apr. 25, 2018) ................................................................. 5

*Jackson v. Ash*,
2015 WL 751835 (D. Kan. Feb. 23, 2015) ....................................................................... 3

*Maley v. Del Global Techs. Corp.*,
186 F. Supp. 2d 358 (S.D.N.Y. 2002) .............................................................................. 4

*O'Dowd v. Anthem, Inc.*,
2019 WL 4279123 (D. Colo. Sept. 9, 2019) ......................................................... 3, 4, 5, 6

*Oregon Laborers Emps. Pension Tr. Fund v. Maxar Techs. Inc.*,
2024 WL 98387 (D. Colo. Jan. 1, 2024) .......................................................................... 3

*Rutter & Wilbanks Corp. v. Shell Oil Co.*,
314 F.3d 1180 (10th Cir. 2002) ........................................................................................ 4

*In re Thornburg Mortg., Inc. Sec. Litig.*,
912 F. Supp. 2d 1178 (D.N.M. 2012) ............................................................................... 3

*Voulgaris v. Array Biopharma Inc.*,
2021 WL 6331178 (D. Colo. Dec. 3, 2021) ..................................................................... 5

*In re Whirlpool Corp.*,
    2016 WL 5338012 (N.D. Ohio Sept. 23, 2016)....................................................................... 6

*Williams v. Sprint/United Mgmt. Co.*,
    2007 WL 2694029 (D. Kan. Sept. 11, 2007) ....................................................................... 3

**STATUTES**

15 U.S.C. §78u-4(a)(4) ............................................................................................................. 1, 2, 6

15 U.S.C. §78u-4(a)(6) ................................................................................................................. 5

Lead Plaintiff Retail Wholesale Department Store Union Local 338 Retirement Fund ("Local 338") and Additional Plaintiff Local 295 IBT Employer Group Welfare Fund ("Local 295" and, collectively with Local 338, "Plaintiffs"), on behalf of themselves and the Class, respectfully submit this reply memorandum in further support of Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation (ECF 139). In addition, Lead Counsel submit this reply memorandum in further support of Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses and Awards to Plaintiffs Pursuant to 15 U.S.C. §78u-4(a)(4) (ECF 141) (together, the "Motions").[1]

## I.    PRELIMINARY STATEMENT AND HISTORY OF THE NOTICE PROGRAM

The reaction of the Class – which often is the best indicator of a proposed settlement's fairness and adequacy – confirms that the proposed $48 million Settlement is an excellent result. On April 7, 2025, the Court entered an order preliminarily approving the Settlement and approving the proposed forms and methods of providing notice to the Class (ECF 137) ("Preliminary Approval Order" or "PAO"). As of July 21, 2025, the Court-appointed Claims Administrator, Verita Global ("Verita") – pursuant to the PAO and information maintained/provided by Compass Minerals' transfer agent, brokerage firms, and other nominees – has mailed or emailed over 32,400 Postcard Notices to potential Class Members and nominees. *See* Declaration of Ross D. Murray Regarding Notice Dissemination, Publication, and Requests for Exclusion Received to Date (ECF 143-3) ("Murray Decl.") ¶11, and accompanying Supplemental Declaration of Ross D. Murray

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed in the Stipulation of Settlement (ECF 135-1) (the "Stipulation"). All references to "Fairness Memorandum" are to the Memorandum of Law in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation (ECF 140). All references to "Fee Memorandum" are to the Memorandum of Law in Support of Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses and Awards to Plaintiffs Pursuant to 15 U.S.C. §78u-4(a)(4) (ECF 142). Unless otherwise noted, internal citations are omitted and emphasis is added.

Regarding: (A) Continued Notice Dissemination; (B) Update on Call Center Services and Website; and (C) Requests for Exclusion Received ("Murray Suppl. Decl.") ¶4. In addition, the Summary Notice was published in *The Wall Street Journal* and transmitted over the internet via *Business Wire* on May 6, 2025. *Id.* ¶12. The Notice and Proof of Claim were also posted, for review and easy downloading, on the website established by Verita for purposes of this Settlement. *Id.* ¶14.

The Notice described, *inter alia*, the terms of the Settlement, the *maximum* amounts that would be sought in attorneys' fees and expenses, the Plan of Allocation, and the right to object to the Settlement. *See generally* Murray Decl., Ex. B. The Notices also gave the deadlines for objecting and submitting Claims, and advised potential Class Members of the scheduled Settlement Hearing before this Court. Murray Decl., Exs. A, B, D. The deadline to submit timely objections and requests for exclusion was July 9, 2025. *See* Preliminary Approval Order ¶¶14, 16; Postcard Notice at 1; Notice at 1; Summary Notice at 1. Following implementation of the notice program and the dissemination of over 32,400 Postcard Notices, the reaction of the Class has been overwhelmingly positive. No Class Member has objected to the proposed Settlement, the request for an award of attorneys' fees and expenses, or the request for awards to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4).

Although Plaintiffs' and Lead Counsel's opening papers amply demonstrate why the Court, respectfully, should grant the Motions, the positive reaction of the Class further demonstrates that the proposed Settlement, the Plan of Allocation, and the request for attorneys' fees and expenses are fair and reasonable and should be approved.

## II.    ARGUMENT

### A.    The Reaction of the Class Strongly Supports Approval of the Settlement and the Plan of Allocation

The reaction of the Class is a significant factor to be weighed in consideration of the Settlement's adequacy. *Oregon Laborers Emps. Pension Tr. Fund v. Maxar Techs. Inc.*, 2024 WL 98387, at *5 (D. Colo. Jan. 1, 2024) ("the Court has considered and gives great weight to the fact that no class member has objected to any aspect of the settlement"); *In re Davita Healthcare Partners, Inc.*, 2015 WL 3582265, at *3 (D. Colo. June 5, 2015) ("[T]he fact that no objections to the settlement were filed by any shareholder weighs heavily in favor of approval of the . . . settlement."). Courts recognize that a small number or an absence of objections to a settlement is indicative of its adequacy. *See, e.g.*, *Jackson v. Ash*, 2015 WL 751835, at *3 n.15 (D. Kan. Feb. 23, 2015) (Melgren, J.) ("Though not controlling, 'a relatively small number of objectors can be taken as "some indication that the class members as a group did not think the settlement was unfair."'") (quoting *Williams v. Sprint/United Mgmt. Co.*, 2007 WL 2694029, at *4 (D. Kan. Sept. 11, 2007)); *In re Thornburg Mortg., Inc. Sec. Litig.*, 912 F. Supp. 2d 1178, 1206 (D.N.M. 2012) (settlement fair and reasonable where "there are only two objections and fourteen requests for exclusion out of 213,994 recipients of the Notice"); *O'Dowd v. Anthem, Inc.*, 2019 WL 4279123, at *14 (D. Colo. Sept. 9, 2019) (assertion that settlement is fair and reasonable "supported by the limited number of Settlement Class Members that opted-out of or objected to the Settlement").

Here, the Court-established deadline to submit timely objections and/or requests for exclusion was July 9, 2025. *See* Preliminary Approval Order ¶¶14, 16. No Class Member objected

to the Settlement. No Class Member requested exclusion from the Class. *See* Murray Suppl. Decl. ¶8.[2]

The absence of objections is even more noteworthy given the heavy investment by institutional investors and pension funds in Compass Minerals stock. That none of these sophisticated Class Members – who have the resources to carefully evaluate the Settlement and object if appropriate to do so – have objected provides further evidence of the fairness of the Settlement. *See, e.g.*, *In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013) (that "not a single objection[was] received from any of the institutional investors" supported settlement).[3] Thus, the favorable reaction of the Class supports approval of the Settlement.

The uniformly positive reaction of the Class also supports approval of the Plan of Allocation. *See In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, 2022 WL 2663873, at *8 (D. Kan. July 11, 2022) (approving proposed Plan of Allocation, noting that "no Class Member has objected"); *Crocs*, 306 F.R.D. at 692 ("'the favorable reaction of the Class supports approval of the proposed Plan of Allocation'") (quoting *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 367 (S.D.N.Y. 2002)); *O'Dowd*, 2019 WL 4279123, at *15 (same).

---

[2] *See Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1189 (10th Cir. 2002) ("the district court did not abuse its discretion in determining that the settlement, from which an extremely small percentage of class members opted out, was fair, reasonable and adequate"); *In re Crocs, Inc. Sec. Litig.*, 306 F.R.D. 672, 691-92 (D. Colo. 2014) (settlement fair, reasonable, and adequate where "only 13 putative class members [out of approximately 300,000 notices sent] opted out or expressed an intent to do so").

[3] *See also In re AT&T Corp. Sec. Litig.*, 2005 WL 6716404, at *4 (D.N.J. Apr. 25, 2005) (the reaction of the class "weigh[ed] heavily in favor of approval" where "no objections were filed by any institutional investors who had great financial incentive to object").

- 4 -

**B.    The Reaction of the Class Supports Approval of the Requests for Attorneys' Fees, Litigation Expenses, and Awards to Plaintiffs**

The Notices informed potential Class Members that Lead Counsel would request an award of attorneys' fees not to exceed 33-1/3% of the Settlement Amount, expenses not to exceed $450,000, plus interest earned on both amounts. *See* Postcard Notice at 1; Notice at 2, 6; Summary Notice at 1. Notably, however, Lead Counsel requested a fee and expense award in amounts that were materially lower than the figures included in the Notices.

Specifically, Lead Counsel respectfully requested that the Court award fees of 23.56% of the $48,000,000 Settlement Amount, or $11,308,800, plus interest earned on this amount at the same rate as earned by the Settlement Fund. *See* Fee Memorandum at 4-5. Lead Counsel requested payment of $368,527.48 for their costs and expenses incurred in connection with the prosecution of this Litigation, plus interest at the same rate as earned by the Settlement Fund. *See id.* at 13-14. Lead Counsel's fee request is within the normal range of awards made in contingent fee matters of this type in this Circuit, as well as in numerous decisions throughout the country, and is the appropriate method of compensating counsel for the result achieved. *See* Fee Memorandum at 6-7, 11-12. Moreover, this fee request falls squarely within the mandate of the Private Securities Litigation Reform Act of 1995 ("PSLRA") that "a reasonable percentage of the amount" of damages and interest paid to the class be awarded to counsel. *See* 15 U.S.C. §78u-4(a)(6). *See also Voulgaris v. Array Biopharma Inc.*, 2021 WL 6331178, at *12 (D. Colo. Dec. 3, 2021) ("The PSLRA also supports awarding attorneys' fees in securities cases using the percentage method . . . ."); *Erica P. John Fund, Inc. v. Halliburton Co.*, 2018 WL 1942227, at *8 (N.D. Tex. Apr. 25, 2018) ("The [PSLRA] expressly contemplates the percentage method . . . .").

Here, as with the Settlement, no Class Member has objected to the requested fee and expense award, which weighs strongly in favor of approval. *See O'Dowd*, 2019 WL 4279123, at

*19 (litigation expense request reasonable "because there is no objection"); *In re Crocs, Inc. Sec. Litig.*, 2014 WL 4670886, at *5 (D. Colo. Sept. 18, 2014) (lack of objections to attorneys' fee request "is significant and weighs in favor of the requested award"); *Cox v. Sprint Commc'ns Co. L.P.*, 2012 WL 5512381, at *4 (D. Kan. Nov. 14, 2012) ("The absence of objections or disapproval by class members to Settlement Class Counsel's fee-and-expense request further supports finding it reasonable."). Whenever a large number of individuals and entities are provided notice of such matters, comments or objections are inevitable. *See, e.g.*, *In re Whirlpool Corp.*, 2016 WL 5338012, at *21 (N.D. Ohio Sept. 23, 2016) (noting that objections are filed in "nearly every class action settlement today"). Yet, in this case, after more than 32,400 Postcard Notices were sent to potential Class Members, there was not a single objection by a Class Member. Such unanimous support favors approval.

Based on an *ex-ante* fee agreement with Local 338, the outstanding result achieved for the Class, the risks faced and overcome by Lead Counsel, the complex legal issues, the quality and quantity of work done without any payment prior to reaching a settlement, and the overwhelming support of the Class, the Court should approve the requested award of fees and expenses.

Lead Counsel also respectfully requested that each of the Plaintiffs receive PSLRA awards of $10,000 (or $20,000 in total), pursuant to 15 U.S.C. §78u-4(a)(4). *See* Fee Memorandum at 14-15. This amount sought represents a discount to the $30,000 total provided for in the Notice. *See* Notice at 2. The lack of any objection to Plaintiffs' modest request for PSLRA awards supports approval of that request. *See, e.g.*, *O'Dowd*, 2019 WL 4279123, at *20 ("given that no objection has been raised to Plaintiff's request, . . . the Court finds that an incentive award . . . is justified here, and therefore is approved"); *Halliburton*, 2018 WL 1942227, at *14.

## III.    CONCLUSION

For the reasons set forth above and in the Motions, Plaintiffs and Lead Counsel respectfully request that the Court enter the (i) proposed Final Judgment and Order of Dismissal with Prejudice;[4] (ii) proposed Order Approving Plan of Allocation; and (iii) proposed Order Awarding Attorneys' Fees and Expenses and Awards to Plaintiffs Pursuant to 15 U.S.C. §78u-4(a)(4).

DATED:  July 23, 2025                           Respectfully submitted,

STUEVE SIEGEL HANSON LLP
NORMAN E. SIEGEL, D. Kan. #70354


*/s/ Norman E. Siegel*
NORMAN E. SIEGEL

460 Nichols Road, Suite 200
Kansas City, MO  64112
Telephone:  816/714-7100
816/714-7101 (fax)
siegel@stuevesiegel.com

*Local Counsel*

ROBBINS GELLER RUDMAN
   & DOWD LLP
ELLEN GUSIKOFF STEWART
DARRYL J. ALVARADO
HEATHER G. GEIGER
JOSEPH J. TULL
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com
dalvarado@rgrdlaw.com
hgeiger@rgrdlaw.com
jtull@rgrdlaw.com

---

[4] The Judgment now reflects that there were zero requests for exclusion.

ROBBINS GELLER RUDMAN
  & DOWD LLP
ERIN W. BOARDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
eboardman@rgrdlaw.com

KIRBY McINERNEY LLP
ANDREW M. McNEELA
THOMAS W. ELROD
IRA M. PRESS
LAUREN WANDS
250 Park Avenue, Suite 820
New York, NY  10177
Telephone:  212/317-2300
212/751-2540 (fax)
amcneela@kmllp.com
telrod@kmllp.com
ipress@kmllp.com
lwands@kmllp.com

*Lead Counsel for Lead Plaintiff*

FRIEDMAN & ANSPACH
EUGENE FRIEDMAN
DANIEL TREIMAN
1500 Broadway
New York, NY  10036
Telephone:  212/354-4500
efriedman@friedmananspach.com
dtreiman@friedmananspach.com

*Additional Counsel*

- 8 -